[Counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Abdi Nazemian, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NVIDIA Corp.,<br><br>　　　　Defendant. | Case No. 4:24-cv-01454-JST<br>Case No. 4:24-cv-02655-JST<br><br>**PLAINTIFFS' RULE 26(f) REPORT** |
| Andre Dubus III, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NVIDIA Corp.,<br><br>　　　　Defendant. | |

**PLAINTIFFS' RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil Local Rule 16-9(a), and the Court's Case Management Orders ECF No. 22 (*Nazemian* docket) and ECF No. 39 (*Dubus* docket), a conference was held on June 19, 2024 between counsel for Plaintiffs Abdi Nazemian, Brian Keene, Stewart O'Nan, Andre Dubus III, Susan Orlean, and the proposed class (together "Plaintiffs") and counsel for Defendant NVIDIA Corporation ("NVIDIA" or "Defendant"). Plaintiffs and Defendant, by and through counsel, met and conferred concerning the topics set forth in Rule 26(f), and the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information. Consistent with Rule 26(f)(2), Plaintiffs hereby submit this Rule 26(f) Report in advance of the Case Management Conference scheduled for August 20, 2024. ECF No. 58.[1]

### 1. Jurisdiction and Service

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action alleges violations of the Copyright Act, 17 U.S.C. § 501. All parties have been served.

### 2. Facts

**Plaintiffs' Statement**

The Complaints in the *Nazemian* Action and the *Dubus* Action each respectively allege one count of direct copyright infringement against Defendant NVIDIA Corporation. Plaintiffs are writers who own copyrights in works allegedly used to train Defendant's large language models

---

[1] Plaintiffs submit this Rule 26(f) Report in order to comply with Federal Rule of Civil Procedure 26(f)(2)'s directive to submit a written report within 14 days of the parties' Rule 26(f) conference. The Court previously ordered that the parties submit a joint case management statement by August 13, 2024, but was silent as to the deadline to submit Rule 26(f) reports. ECF No. 58; *compare J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1070 (N.D. Cal. 2018) (ordering parties to file Rule 26(f) report *and* Case Management Statement); *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 2014 WL 3805743, at *2 (N.D. Cal. May 15, 2014) (continuing deadline for filing Case Management Statement *and* Rule 26(f) Reports); *cf. also Castaline v. Aaron Mueller Arts*, 2010 WL 11583447, at *2 (N.D. Cal. Jan. 28, 2010) (noting "that the Rule 26(f) Report would be combined with the Joint Case Management Statement"). Plaintiffs will continue to meet and confer with NVIDIA regarding the upcoming joint case management statement.

("LLMs"), namely the NeMo Megatron models. The Complaints each respectively allege that Defendant copied Plaintiffs' registered Works to train (i.e., the process by which an Artificial Intelligence ("AI") program can "learn" how to anticipate and provide outputs to prompts) its LLMs in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's LLMs copied The Pile and Books3 datasets, which include the *Nazemian* and *Dubus* Plaintiffs' Infringed Works, and used these copies to train its LLMs. Defendant's models—built on Plaintiffs' Infringed Works—to directly compete with Plaintiffs' Works. Plaintiffs have been injured by Defendant's conduct.

### 3. Legal Issues

The legal and factual issue at the core of this case is whether Defendant's unlawful copying has violated the Copyright Act, 17 U.S.C. § 501, *et seq.*

There are numerous other questions of law or fact common to the class, and those issues predominate over any question affecting individual class members. *See* Part 9, *infra*.

### 4. Motions

There are no pending motions at this time. Plaintiffs hope to resolve discovery disputes without judicial intervention, but anticipate that discovery motions may be necessary. Plaintiffs anticipate filing class certification motion, and possible summary judgment motions.

### 5. Amendments to Pleadings

Defendant has now answered the complaints in both actions. Plaintiffs do not anticipate any substantive amendments to the pleadings at this time. Plaintiffs are discussing consolidation with Defendant.

### 6. Evidence Preservation

Plaintiffs have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues evident in the case. Plaintiffs are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. Plaintiffs will continue to meet and confer with Defendant concerning ESI.

Plaintiffs have confirmed that they are unaware of any source of ESI that is reasonably expected to be subject to discovery that has been destroyed, not maintained or is not reasonably accessible.

### 7. Disclosures

Plaintiffs have served their Federal Rule of Civil Procedure 26(a) initial disclosures. The parties have agreed that Defendant will serve its Federal Rule of Civil Procedure 26(a) initial disclosures by July 9, 2024.

### 8. Discovery

Plaintiffs had an initial Rule 26(f) meet and confer with Defendant on June 19, 2024. Counsel for all parties met and conferred on a coordinated discovery plan, addressed Rule 26(f) requirements, identified locations of potential ESI, and continued negotiations on discovery stipulations. Plaintiffs agree to coordinate all discovery, including discovery stipulations.

#### a. Scope of Discovery

Plaintiffs agree that discovery is governed by the Federal Rules of Civil Procedure. Plaintiffs will meet and confer on any discovery disputes that may arise in an effort to resolve them without court intervention. Plaintiffs believe that Defendant will agree to electronic service. Plaintiffs are unaware of any specific concerns regarding the scope of discovery, but are prepared to continue to meet and confer on this topic.

Plaintiffs anticipate conducting discovery, including requesting documents and eliciting testimony from NVIDIA regarding, among other things: the development and training of Defendant's NeMo Megatron language models; the training data for the NeMo Megatron language models; Defendant's copying of The Pile dataset and Books3, and general awareness of, and policies about, using copyrighted materials and/or pirated libraries in training data; sources of funding for the development of the NeMo Megatron language models; financial market and profitability of the NeMo Megatron language models; licensing deals and negotiations for training data; knowledge of,

and participation within, the AI training data market. Plaintiffs reserve all rights to update, add, or amend this list as additional information becomes available.

Given the numerous common legal and factual issues in this case, Plaintiffs do not believe that phasing or bifurcating discovery is necessary or appropriate in this matter.

*Subjects of Discovery from Defendants*: The following is a non-exhaustive list of subjects regarding which Plaintiffs have sought or plan to seek discovery. Plaintiffs reserve all rights to expand upon these subject areas as the case proceeds:

- The interactions between class members (including Plaintiffs) and Defendant, including but not limited to requests and/or demands from the owners of works used to train Defendant's language models regarding Defendant's use of those works.
- Defendant's conduct that caused the language models to ingest and distribute Plaintiffs' and the class's works, including but not limited to Defendant's knowledge regarding those actions and their consequences.
- The planning for, and the creation, operation, modification, distribution and maintenance of Defendant's language models, including but not limited to source code.
- Defendant's efforts to obtain licenses or other permission to use works used to train its language models.
- Defendant's organizational structure and corporate documents.
- Contracts, licenses, or other agreements between Defendant and any of Defendant's subsidiaries, affiliates, or joint ventures, Defendant and Plaintiffs, and Defendant and third parties that relate to Defendant's language models.
- Information regarding all material used to train Defendant's language models, including the materials themselves.
- Facts related to affirmative defenses raised by Defendant.
- Defendant's policies and practices regarding any use of copyrighted material.

- Defendant's interactions with government or regulatory entities regarding Defendant's language models, including document submissions, requests for information or documents, testimony, and correspondence.
- Defendant's participation and/or involvement in other lawsuits, private administrative proceedings, or regulatory proceedings regarding generative AI language models.

### b. Completion of Discovery

The Court has not set a deadline for the close of fact discovery. Plaintiffs will continue to confer with Defendant in advance of next month's CMC regarding the details of a case schedule, but Plaintiffs anticipate proposing that discovery be completed by September 26, 2025.

### c. Discovery Limitations

The parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure.

Given the nature of the legal and factual issues in this case, Plaintiffs believe that expansion of the default discovery limits as set forth in the Federal Rules of Civil Procedure will be necessary in this case. Plaintiffs have conferred with Defendant regarding the likelihood they will require expansion of the number of depositions and interrogatories and believe it is premature to limit the number of depositions and interrogatories.

Plaintiffs propose that no later than August 20, 2024, they will either submit a joint stipulated deposition protocol addressing issues related to depositions or a 10-page joint letter briefing laying out the parties' respective positions on any remaining disputed issues.

With respect to expert discovery, the parties have and are continuing to meet and confer regarding a joint stipulated expert discovery order. Plaintiffs propose that by no later than August 20, 2024, they will submit a joint stipulated expert discovery order or a 10-page joint letter briefing laying out the parties' respective positions on any remaining disputed issues.

With respect to interrogatories, Plaintiffs propose that Plaintiffs collectively can serve 40 interrogatories on Defendant.

Plaintiffs propose that each side may serve up to fifty Requests for Admission pursuant to Federal Rule of Civil Procedure 36 (excluding authentication and other evidentiary RFAs), and that no limit will apply to Requests for Admission regarding evidentiary issues. However, Plaintiffs are willing to confer with Defendant about the use of evidentiary stipulations or Federal Rule of Civil Procedure 30(b)(6) depositions in lieu of evidentiary RFAs wherever possible to enhance efficiency.

### d.  Preservation and Production of Electronically Stored Information

Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have and are continuing to meet and confer regarding a joint stipulated ESI Protocol. Plaintiffs propose that by no later than August 20, 2024, they will either submit a joint stipulated ESI Protocol to the Court or a 10-page joint letter brief laying out the parties' respective positions on any remaining disputed issues.

### e.  Protective Order

With respect to the Protective Order, the parties have and are continuing to meet and confer regarding a joint stipulated Protective Order. Plaintiffs propose that by no later than August 20, 2024, they will submit a joint stipulated Protective Order or a 10-page joint letter briefing laying out the parties' respective positions on any remaining disputed issues.

### f.  Privilege

The parties have and are continuing to meet and confer regarding a joint stipulated privilege protocol, addressing privilege logging. Plaintiffs propose that the parties submit a joint stipulated privilege protocol.

With respect to the Rule 502(d) Agreement, the parties have and are continuing to meet and confer, and have agreed to address a Rule 502(d) order as part of the proposed Protective Order.

### g.  Deposition Logistics

Plaintiffs will meet and confer in good faith regarding a protocol for conducting in-person and hybrid depositions. Plaintiffs expect that in-person depositions will be conducted in the Northern District of California or elsewhere in the United States. Plaintiffs are unaware of depositions to be taken outside the United States at this time. Plaintiffs agree to meet and confer should any disputes arise as to location of depositions and/or use of remote depositions.

Plaintiffs believe that a deposition protocol is appropriate to set mutually agreed upon guidelines for depositions in this case.

### h. Discovery Issues and Potential Disputes

Plaintiffs are prepared to commence discovery. Plaintiffs are presently unaware of any specific discovery disputes but are prepared to meet and confer on any discovery disputes that may arise. Plaintiffs agree to resolve any potential disputes regarding the stipulated privilege protocol, in accordance with Judge Tigar's Standing Order for Civil and Criminal Cases.

### i. Narrowing of Issues

No issues have yet been narrowed by agreement or by motion. Plaintiffs are prepared to meet and confer about narrowing potential issues should the circumstances of the case change.

### 9. Class Action

This case is a putative class action. Counsel for Plaintiffs have reviewed the Procedural Guidance for Class Action Settlements. Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the exclusive control of Defendant. Upon information and belief, Plaintiffs believe and allege that the number of class members is in the millions. Plaintiffs allege that, like all class members, their copyright-protected works were used to train Defendant's language models. Plaintiffs allege all members of the class have been similarly injured by Defendant's conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and that those issues predominate over any question affecting only individual class members. These common legal and factual issues including the following:

- Whether Defendant violated the copyrights of Plaintiffs and the class when it downloaded copies of Plaintiffs' copyrighted works and used them to train Defendant's language models.
- Whether this Court should enjoin Defendant from engaging in the unlawful conduct alleged herein, and the appropriate scope of that injunction.
- Whether any affirmative defense (including fair use) excuses Defendants' conduct.
- The amount of damages.

**10. Related Cases**

Pursuant to the Court's May 29, 2024 Order (*Nazemian* ECF No. 47) (*Dubus* ECF No. 17), the later-filed case *Dubus et al. v. NVIDIA Corporation*, 4:24-cv-02655-JT (N.D. Cal.) has been related to *Nazemian et al. v. NVIDIA Corporation*, No. 4:24-cv-01454-JT (N.D. Cal.). Counsel are discussing consolidation of these two cases.

Plaintiffs are unaware of any other cases brought on behalf of authors with registered copyrights involving Defendant's large language models other than the two cases involved here.

**11. Relief**

Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendant's violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505 or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after March 8, 2024, the date the *Nazemian* class action Complaint was first served on Defendant.

**12. Settlement and ADR**

ADR Certifications pursuant to ADR Local R. 3-5(b) were filed by the *Nazemian* Plaintiffs on May 9, 2024 (*Nazemian* ECF Nos. 32-34) and by the *Dubus* Plaintiffs on June 17, 2024 (*Dubus* ECF Nos. 44-45). Plaintiffs will continue to meet and confer on an ADR plan.

**13. Other References**

Plaintiffs believe that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

Plaintiffs do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

**14. Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion.

### 15. Scheduling

#### a. Expedited Trial Procedures

Plaintiffs do not believe that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

#### b. Case Schedule

Plaintiffs agree to meet and confer regarding the case schedule but the parties have not come to an agreement. Plaintiffs will continue to meet and confer on this topic and will present a proposed case schedule in advance of the Case Management Conference scheduled for August 20, 2024.

### 16. Disclosure of a Non-Party Interested Entities or Persons

The *Nazemian* Plaintiffs filed a Certification of Interested Entities or Persons along with the Complaint on March 8, 2024 (*Nazemian* ECF No. 4). The *Dubus* Plaintiffs filed their Certification of Interested Entities or Persons on June 17, 2024 (*Dubus* ECF No. 43).

Defendant filed a Certification of Interested Entities or Persons on May 31, 2024 (*Dubus* ECF No. 23).

### 17. Professional Conduct

All attorneys of record for Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 18. Other Matters

Plaintiffs are not aware of other matters that may facilitate the resolution of these cases.

| | |
|---|---|
| Dated: July 3, 2024 | Respectfully submitted, |
| | By: */s/ Joseph R. Saveri* |

                Joseph R. Saveri (State Bar No. 130064)
                Christopher K.L. Young (State Bar No. 318371)
                Elissa A. Buchanan (State Bar No. 249996)
                Evan Creutz (State Bar No. 349728)
                **JOSEPH SAVERI LAW FIRM, LLP**
                601 California Street, Suite 1505
                San Francisco, California 94108
                Telephone: (415) 500-6800
                Facsimile: (415) 395-9940
                Email: jsaveri@saverilawfirm.com
                cyoung@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                ecreutz@saverilawfirm.com

                Matthew Butterick (State Bar No. 250953)
                1920 Hillhurst Avenue, #406
                Los Angeles, CA 90027
                Telephone: (323) 968-2632
                Facsimile: (415) 395-9940
                Email: mb@butboricklaw.com

                Brian D. Clark (*pro hac vice*)
                Laura M. Matson (*pro hac vice*)
                Arielle Wagner (*pro hac vice*)
                Eura Chang (*pro hac vice*)
                **LOCKRIDGE GRINDAL NAUEN PLLP**
                100 Washington Avenue South, Suite 2200
                Minneapolis, MN 55401
                Telephone: (612)339-6900
                Facsimile:   (612)339-0981
                Email: bdclark@locklaw.com
                lmmatson@locklaw.com
                aswagner@locklaw.com
                echang@locklaw.com

                *Attorneys for Plaintiffs and the Proposed Class in the* Nazemian *Action*

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

Amy E. Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James A. Ulwick (*pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David A. Straite (*pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class in the* Dubus *Action*

-11-   Case Nos. 4:24-cv-01454-JST; 4:24-cv-02655-JST
RULE 26(F) REPORT

**ATTESTATION OF JOSEPH R. SAVERI**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Joseph R. Saveri. By their signature, Mr. Saveri attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: July 3, 2024

By: */s/ Joseph R. Saveri*
Joseph R. Saveri