**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

September 26, 2024

<u>VIA ECF</u>

The Honorable Jon S. Tigar
United States District Court for the Northern
District of California
Oakland Courthouse, Courtroom 6 - 2nd Floor
1301 Clay Street
Oakland, CA 94612

Re: **Reply Letter Brief Regarding Plaintiffs' ESI Protocol and Protective Order Proposals Pursuant to ECF No. 68**

*Nazemian, et al., v. NVIDIA Corporation*, Case No. 4:24-cv-01454-JST
*Dubus, et al., v. NVIDIA Corporation*, Case No. 4:24-cv-02655-JST

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Dear Judge Tigar:

Plaintiffs' arguments fail to justify jettisoning the Model Orders and their proposals are not proportional to the needs of this case. Plaintiffs do not explain the numerous additions they propose to the Model ESI Order or address NVIDIA's actual proposal. Instead, Plaintiffs attack the Model ESI Order as "outdated" and assert their copyright claims are "complex," without addressing the specifics of NVIDIA's proposals or even their own proposals. Indeed, Plaintiffs' brief addresses only five of the at least twenty-five changes they propose to the Model Order and their declarations do not address their specific proposals, in violation of the Court's Standing Order. Standing Order § G. Plaintiffs' rationale for eviscerating the Model Protective Order's protections for NVIDIA's confidential information is even less substantial, amounting to a complaint that reviewing these materials in a secure review room at NVIDIA's outside counsel's office is inconvenient. That is no basis to deny NVIDIA the standard protections of the Model Protective Order. Given this record, NVIDIA respectfully requests that the Court adopt NVIDIA's proposals in full.

I. **Plaintiffs' Proposed ESI Order Is Unreasonable and Impracticable**

    A. **Plaintiffs Fail to Respond to NVIDIA'S ESI Proposal or Address the Modifications Made at Plaintiffs' Request**

Plaintiffs devote nearly three pages of their brief and two declarations to attacking the Model Orders of this District, rather than addressing *NVIDIA's* ESI Proposal or why Plaintiffs' specific proposals are necessary. Although both Plaintiffs' declarants acknowledge that they received copies of NVIDIA's proposals (Dkt. 74-1 ¶ 4; Dkt. 74-2 ¶ 5) neither declarant addresses them.

Contrary to Plaintiffs' assertions, NVIDIA does not propose the Model ESI Order without modification. Instead, NVIDIA's ESI proposal adds thirteen provisions to the Model Order that

1

are taken verbatim from or based on Plaintiffs' proposals. It also addresses the specific supposed "deficiencies" that Plaintiffs' declarant Judge Rader identified with the Model Order regarding technology-assisted review and email discovery. Dkt. 74-1 ¶¶ 11-13; *see* Dkt. 73-4 (NVIDIA ESI Proposal) ¶¶ 13-14. The majority of claimed "deficiencies" with the Model Order identified in Plaintiffs' declaration from Mr. Ball are also addressed by NVIDIA's proposal. *Compare* Dkt. 74-2 ¶ 12 (Ball Decl.) *with* Dkt. 73-4 ¶¶ 9-12, 16-19 (NVIDIA's proposed search methodology, hit reports, embedded files, hyperlinks, model data, redactions, and privilege log provisions).

Plaintiffs also cite *Doe v. GitHub* to suggest NVIDIA's proposal is insufficient, but they fail to acknowledge that NVIDIA has already accepted over a dozen of Plaintiffs' proposals that were not included in the *GitHub* ESI Order. Plaintiffs' Br. at 2-3. Moreover, the *GitHub* record does not support Plaintiffs' argument that the ESI Order entered in that case was inadequate. Based on the public docket, Plaintiffs have not requested modification of the *GitHub* ESI Order and have not submitted any discovery disputes regarding the scope of that ESI Order to the Court. Plaintiffs represent that only a few dozen documents and no email correspondence have been produced to date (Plaintiffs' Br. at 2), but that is a failure to pursue discovery, not a failure of the ESI Order.

**B.     Plaintiffs' Arguments Do Not Support Their Extreme Custodian, Search Term, and Collection Source Requests**

Plaintiffs' sole basis for seeking 24 custodians is an ESI order in a different case, with more defendants, and where **the defendants had already agreed to provide 19 custodians**. *In re OpenAI ChatGPT Litigation*, Case No. 3:23-cv-03223-AMO (N.D. Cal. Jul. 31, 2024) Dkt. 166. The additional custodians granted by the court in that case were also specifically identified by Plaintiffs and supported by showing as to their significance to the case. *See id.* Plaintiffs have not attempted such a showing here.

Whether NVIDIA used any of the asserted works, and whether any such use constitutes fair use, will largely, if not entirely, be based on information to be found in NVIDIA's corporate documents. Electronic correspondence is not necessary to establish the relevant facts, and Plaintiffs have not identified any claim or defense to which information likely to be found in the social media accounts, cell phones, and personal photos and videos of 24 NVIDIA custodians is relevant. Plaintiffs also fail to acknowledge the burden and privacy invasions required by their provisions, let alone provide justify opening those materials up to the discovery process.

Plaintiffs speculate that the 40 search terms provided under NVIDIA's proposal (15 more than the Model Order provides) will not be sufficient because of the "complexity of modern litigation" and because it is "nearly impossible to craft precise queries to uncover documents related to the misuse of copyrighted materials." Plaintiffs' Br. at 2, 4. But other "modern litigations" before this Court have involved equally "complex" issues and utilize orders tracking the Model Order with minor modifications. *See* NVIDIA Br. at 7-8.[1] Plaintiffs also argue that the complex technology at issue requires more custodians. But the Model Patent Order is designed to deal with complex technology and it provides for five ESI custodians, because evidence relating

---

[1] Plaintiffs and their declarants assert that the Court's Model ESI Order for Patent Cases should be limited to patent cases because its provisions would "undermine [] transparency, fairness and proportionality" (*see* Plaintiffs' Br. at 1), but such assertions are unfounded. This Court and others in this District have adopted the Northern District Model ESI Order for Patent Cases with minor modifications on multiple occasions outside of the patent context, including for example, *Doe v. GitHub, Inc.*, Case No. 4:22-cv-06823-JST (Nov. 1, 2023) Dkt. 168 (copyright infringement); and *Valeo Schalter und Sensoren GmbH, v. NVIDIA Corp.*, Case No. 5:230-cv-05721-PCP (May 17, 2024) Dkt. 53 (trade secret misappropriation). Plaintiffs' cited case does not say otherwise: in *Mironowski v. Ford Motor Co.*, Case. No. 1:22-cv-00675-JLT-CDB, 2023 WL 2957858, at *2 (E.D. Cal. Apr. 14, 2023), the Eastern District of California observed that the Northern District's model ***Protective*** Order for Patent Cases (not ***ESI***) was not "presumptively valid" in the Eastern District because the districts had different local rules, and ultimately adopted Defendant's proposals which modified the Model Protective Order.

to complex technology is best reflected in non-custodial documents such as architectural documents and source code, not emails or text messages.

Plaintiffs also suggest NVIDIA's ESI proposal does not adequately address structured and model data and demand a proposal requiring NVIDIA make a "technical expert" available on meet and confers to "provide information and answer questions about the Structured Data System and reports available to me [*sic*] made from that system." Dkt. 74-3 ¶ 11. To the extent Plaintiffs intend NVIDIA's technical expert to be an NVIDIA employee, every meet-and-confer would become a *de facto* deposition. There is no justification for this burdensome requirement, and Plaintiffs have not attempted to provide one. Additionally, Plaintiffs have never identified specific "structured data," or explained how that data is relevant to this case. Plaintiffs appear to conflate "structured data" with model data (Plaintiffs' Br. at 5-6), and Plaintiffs offer no explanation as to why separate provisions are necessary. *See* Dkt. 74-3 ¶¶ 11, 12. In any event, NVIDIA's proposal incorporates Plaintiffs' model data provision essentially verbatim (*compare* Dkt. 74-3 ¶ 12 *with* Dkt. 73-4 ¶ 19), which should moot the issue.

On search methodology, Plaintiffs demand a detailed validation process with no evidence of any inadequacies in the search process. Plaintiffs' Br. at 6-7. The Model Order does not provide for such a process and Plaintiffs provide no explanation of why the hit count reports for search terms is not sufficient to ensure the terms are identifying documents. Plaintiffs cannot reasonably contend that a search methodology will be inadequate before the parties have even exchanged terms, custodians, or search results. Imposing an onerous validation procedure when any inadequacies are purely speculative is premature and unreasonably burdensome.

The same is true for Plaintiffs' complaint about privilege logging, which contemplates including 25 fields for each entry and requires logging of post-complaint materials. NVIDIA's

4

privilege proposal provides adequate information to assess the assertion of privilege. If there are challenges to that assertion the parties can address them if and when they arise.

## II. **Plaintiffs' Proposed Protective Order Fails to Adequately Protect Sensitive Information**

Plaintiffs provide no declaration or factual support for their proposed edits to the Model Protective Order, again violating the Court's Standing Order. Plaintiffs' brief suggests this Protective Order dispute is one over the definition of "Source Code," but their proposal also restricts protection for Attorneys' Eyes Only materials and materials the Model Order defines as Source Code. Defendant's Br. at 3-6. Plaintiffs do not explain the basis for their "firm[] belie[f]" that the definitions should be narrowed, justify their restrictions, or explain why NVIDIA's proposed procedures for reviewing such sensitive materials, which are based on the Model Order and commonly adopted by agreement in litigations involving discovery of sensitive technologies, are insufficient here. Plaintiffs' Br. at 9. Nor do Plaintiffs explain why the procedure for challenging improperly designated materials in the Model Order (and NVIDIA's proposal) is insufficient to address their concerns. Dkt. 73-2 § 6. Plaintiffs also make no specific challenge to NVIDIA's modification of the Model Order's definition, which is supported in NVIDIA's brief. Defendant's Br. at 1-2.

Plaintiffs' remaining arguments are unsupported. Plaintiffs' characterization of the expert disclosure process outlined in the Model Order mischaracterizes a potential NVIDIA objection as a "veto," failing to acknowledge that any dispute could be elevated to the Court. Plaintiffs also fail to provide any reason the burdensome clawback process they have outlined is required.

## III. **Conclusion**

Given Plaintiffs' failure to justify their significant and burdensome changes, NVIDIA respectfully requests the Court enter its proposed ESI Protocol and Protective Order.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Sean S. Pak*
Sean S. Pak
Attorney for Defendant NVIDIA
Corporation