**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

November 18, 2024

<u>**VIA ECF**</u>

The Honorable Jon S. Tigar
United States District Court for the Northern
District of California
Oakland Courthouse, Courtroom 6 - 2nd Floor
1301 Clay Street
Oakland, CA 94612

Re: **Letter Brief Regarding Plaintiffs' ESI Protocol and Protective Order Proposals Pursuant to ECF Nos. 80, 85, 87**

> *Nazemian, et al., v. NVIDIA Corporation*, Case No. 4:24-cv-01454-JST
> *Dubus, et al., v. NVIDIA Corporation*, Case No. 4:24-cv-02655-JST

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Dear Judge Tigar:

The parties have significantly narrowed their disputes concerning the Protective Order ("PO") (Ex. A) and the Stipulation & Order Regarding Discovery of ESI ("ESI Order") (Ex. B). Nevertheless, several disputes remain. NVIDIA respectfully requests that the Court adopt its proposals in Exhibits A and B to Plaintiffs' brief.[1]

**I.      Plaintiffs' PO Proposals Conflict with the Rules.**

Expert Disclosure (Ex. B, § 7.4). NVIDIA proposes the Model Patent Protective Order's ("Model PO") provisions on expert disclosure without modification. Model PO § 7.4. The Court should reject Plaintiffs' change to the Model PO, which would require the party not proposing the expert to move within seven days or waive all objections. Ex. B, § 7.4(c). The Model PO, in contrast, properly allows sufficient time to meet and confer instead of rushing to the Court to avoid waiver and requires the expert's proponent to seek relief.

Clawback Procedure (Ex. B, § 16): Both parties purport to follow Rule 26(b)(5)(B), but Plaintiffs propose several additional provisions that are unnecessary and in conflict with the Federal Rules. The Model PO adopts the procedures outlined in Rule 26(b)(5)(B) for clawed-back privileged documents. Model PO § 13. Plaintiffs, in fact, already adopted the Model PO's provision in Section 13 of Exhibit B, which confirms they do not substantively dispute it. That provision also obviates the need for Plaintiffs' Section 16. The Court should reject Plaintiffs' proposed deviations from the Federal Rules and adopt the Model PO provision without modification as set forth in the Parties' agreed-on Section 13.

---

[1]   For the Court's convenience, the Parties are submitting only one version of their combined and competing proposals, which NVIDIA understands are attached to Plaintiffs' brief.

## II.     Plaintiffs' ESI Proposals Are Unreasonable and Impracticable.

ESI Requests, Search Term Methodology, and Custodians (Ex. A, ¶¶ 8-10).  The Model Patent ESI Order ("Model Order") appropriately balances the need to gather material, nonduplicative information for production against the extreme burdens associated with manual review of the large quantities of electronic communications amassed by custodians.  Each year, individual custodians accumulate more than a hundred thousand emails and other electronic communications comprising more than a hundred gigabytes of data.  The Model Order provides for targeted ESI requests, rather than relying on generic requests for production under Rule 34, and limits those requests to one round of up to five search terms for up to five custodians.

The crux of this case is a technical question about how the LLM training process works, similar to the technical questions driving patent cases.  Nevertheless, NVIDIA's proposal provides for more rounds of searching, more search terms, and more custodians than the Model Order.  NVIDIA's proposal provides for up to 15 search terms for each custodian in up to two rounds of search-term exchanges.  NVIDIA also provides for additional written discovery to help identify custodians, search terms, and timeframes for ESI requests.  NVIDIA's proposal is consistent with those adopted in other cases.  *Doe v. GitHub, Inc. et al*, No. 4:22-cv-06823-JST, Dkts. 165, 168; *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223-AMO; Dkts. 166, 175.

In contrast, Plaintiffs' proposal rejects the Model Order's process entirely, eliminating the requirement for serving separate targeted ESI requests and removing any limitation on the number and type of search term requests and how often they may be served.   Plaintiffs' proposals improperly seek to impose an obligation to collect, review, and produce ESI—for the same custodians—an unlimited number of times throughout discovery for any of the dozens or hundreds of requests for production Plaintiffs might serve.  Such a process would be time-consuming,

inefficient, and likely to generate numerous discovery disputes requiring the Court's resolution. Plaintiffs' proposal also contains other unworkable provisions, requiring, for example, that search term hit reports be provided within seven days, regardless of the burden of collecting documents from custodians, processing them, and applying search terms for a particular request.

Finally, NVIDIA's proposal as to the number of custodians provides reasonable guardrails consistent with basic litigation practice. If the Requesting Party identifies more than twelve custodians, the Producing Party may request a meet-and-confer regarding the new custodians to address the extent to which they are likely to possess responsive, non-duplicative documents. Other courts in this District have approved of similar procedures. *Kadrey et al v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, Dkt. 101 (10 initial custodians, with others subject to meet-and-confer process); *Doe v. GitHub, Inc. et al*, No. 4:22-cv-06823-JST, Dkt. 168 (5 initial custodians, with others "upon showing a distinct need based on the size, complexity, and issues of this specific case"). Plaintiffs relied on *In re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223-AMO, Dkt. 166 in their previous briefing, but the court increased the number of custodians to 24 in that case only after initial custodians had been identified and exchanged and the plaintiffs showed a specific need for the additional custodians.

Hyperlinks (Ex. A, ¶ 17). A document may include "hyperlinks" containing addresses referring to other documents, such as an email (the "underlying document") that includes a link to a webpage (the "hyperlinked document"). Plaintiffs' proposal seeks to require NVIDIA to retrieve all hyperlinked documents identified in every underlying document and produce the hyperlinked documents as attachments to the underlying document.

Courts have repeatedly rejected proposals like Plaintiffs' because "hyperlinked documents are not the same as attachments to emails" and "the effort required to search for them is

substantially greater." *UAB "Planner5D" v. Meta Platforms, Inc.*, No. 19-cv-03132-WHO (SK), 2024 WL 4190879, at *1 (N.D. Cal. Aug. 26, 2024); *In re Insulin Pricing Litig.*, No. 23-MD-3080 (BRM) (RLS), 2024 WL 2808083, at *7 (D.N.J. May 28, 2024).  Earlier this year, for example, a court found that, after "hundreds of hours" and despite the defendant "having retained an outside e-discovery vendor to assist," a "hyperlink requirement [was] technologically impossible to fulfill most of the time." *In re StubHub Refund Litig.*, No. 20-MD-02951-HSG (TSH), 2024 WL 2305604, at *1-*2 (N.D. Cal. May 20, 2024).  Moreover, by requiring that hyperlinked documents be added as attachments, Plaintiffs' proposal would create inaccurate metadata that incorrectly indicates that a current retrieved version of the hyperlinked document was in fact included as an attachment to the underlying document.

The Court should instead adopt NVIDIA's proposal, which would enable Plaintiffs to request that NVIDIA search for up to 200 specifically identified hyperlinked documents, with that number subject to modification by agreement or a showing of good cause.  *Shenwick v. Twitter*, No. 4:16-cv-05314, 2018 WL 5735176, at *1 (N.D. Cal. Sept. 17, 2018) (permitting up to 200 such hyperlink requests); *In re Meta Pixel Healthcare Litig.*, No. 22-3580, 2023 WL 4361131 at *1 (N.D. Cal. June 2, 2023) ("[T]the parties should consider reasonable requests for production of hyperlinked documents on a case-by-case basis. Such requests should not be made as a matter of routine."); *Nichols v. Noom Inc.*, No. 20 CIV. 3677 (LGS), 2021 WL 12307293, at *1 (S.D.N.Y. Apr. 30, 2021) (affirming ruling that defendants "need not produce all hyperlinked documents as part of a document 'family' with the document containing the hyperlink," but instead that plaintiffs could request "internal hyperlinked documents that were referenced in key documents but that Plaintiffs could not locate in the separate production").

Structured Data (Ex. A, ¶ 22). Plaintiffs' structured data proposal improperly seeks to require NVIDIA to provide Plaintiffs with direct, unfettered access to live NVIDIA databases, raising grave security concerns, or duplicate entire databases into some other review platform, creating enormous, unwarranted burdens. Ex. B, ¶ 22 (proposing that, if the parties cannot agree on a method of production, NVIDIA would be required to "make the information available for inspection on the system where it is currently maintained, or otherwise provide direct access to the data"). Plaintiffs' proposal is also improperly broad, requiring NVIDIA to provide all data in those databases for inspection, as well as a listing of the "different report options available, including the data dictionary, if any exist," regardless of the relevance of the data. Rule 34 already requires the production of relevant, responsive documents in a "reasonably useable form." Fed. R. Civ. P. 34(b)(2)(E). No special provision is required here.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Sean S. Pak*
    Sean S. Pak
    Attorney for Defendant NVIDIA
    Corporation