[Counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| Abdi Nazemian, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NVIDIA Corporation,<br><br>        Defendant. | Case No. 4:24-cv-01454-JST<br>Case No. 4:24-cv-02655-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: December 13, 2024<br>Time: 1:30 PM<br>Place: via Zoom<br>Judge: Hon. Jon S. Tigar |
| Andre Dubus III, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NVIDIA Corp.,<br><br>        Defendant. | |

Pursuant to Civil Local Rule 16-9(d), the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Court's Minute Orders, Dkt. 66 (*Nazemian* docket) and Dkt. 56 (*Dubus* docket), counsel for Plaintiffs Abdi Nazemian, Brian Keene, Stewart O'Nan, Andre Dubus III, Susan Orlean, and the proposed class (together "Plaintiffs") and Defendant NVIDIA Corporation ("NVIDIA" or "Defendant") (collectively the "parties"), have met and conferred and respectfully submit this Joint Case Management Statement in advance of the Case Management Conference on December 13, 2024.  While the parties do not have any issues to present to the Court at the Case Management Conference beyond the disputes related to the ESI protocol and protective order (regarding which the parties have submitted briefing at *Nazemian* Dkt. 88 and 89), in accordance with Section E of the Court's Standing Order for All Civil Cases, the parties address the topics in the Standing Order For All Judges of The Northern District Of California below.

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action alleges violations of the Copyright Act (17 U.S.C. § 501). NVIDIA does not challenge personal jurisdiction. All parties have been served.

2. **Facts**

**Plaintiffs' Statement**

The Complaints in the *Nazemian* Action and the *Dubus* Action each allege one count of direct copyright infringement against Defendant NVIDIA Corporation. Plaintiffs are writers who own copyrights in works allegedly used to train Defendant's large language models ("LLMs"), namely the NeMo Megatron models. The Complaints each allege that Defendant copied Plaintiffs' registered Works to train (i.e., the process by which an Artificial Intelligence ("AI") program can "learn" how to anticipate and provide outputs to prompts) its LLMs in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's LLMs copied The Pile and Books3 datasets, which include the *Nazemian* and *Dubus* Plaintiffs' Infringed Works, and used these copies to train its LLMs. Defendant's models—built on Plaintiffs' Infringed Works—to directly compete with Plaintiffs' Works. Plaintiffs have been injured by Defendant's conduct.

**Defendant's Statement**

In this lawsuit, Plaintiffs seek to create a new right to control the use of uncopyrightable facts and ideas in the public domain. Their complaint runs counter to decades of settled precedent, and would radically alter the scope of copyright law, far outside the realm of artificial intelligence.

Plaintiffs' complaint asserts a single claim for direct copyright infringement. Plaintiffs do not allege that the outputs of NVIDIA's AI models have ever copied protected expression. Instead, Plaintiffs solely target the process by which AI models are trained. Training measures statistical correlations in the aggregate, across a vast body of data, and encodes them into the parameters of a model. Plaintiffs do not try to claim a copyright over those statistical correlations, asserting instead that the training data itself is "copied" for the purposes of infringement. But Plaintiffs cannot use copyright to preclude access to facts and ideas, and the highly transformative training process is protected entirely by the well-established fair-use doctrine. Indeed, to accept Plaintiffs' theory would mean that an author could copyright the rules of grammar or basic facts about the world. That has never been the law, for good reason.

### 3. Legal Issues

**Plaintiffs' Position**

The legal and factual issue at the core of this case is whether Defendant's unlawful copying has violated the Copyright Act, 17 U.S.C. § 501, *et seq*. NVIDIA has indicated that it will rely upon a fair use defense. However, NVIDIA will not be able to carry its burden to prove fair use. For example, NVIDIA has not disputed that it copied Plaintiffs' work to train its AI models without consent, credit, or compensation. By relying on works taken without creators' permission, any argument on fair use will fall short. *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (explaining that fair use defense "presupposes good faith"); *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2018 WL 3197696, at *11 (C.D. Cal. June 25, 2018) ("[C]ourts have concluded that fair use is not an available defense to intermediate copying when a defendant is in unauthorized possession of a plaintiff's source code."). That is before considering the sheer volume of

infringements, which, of course, counsels against fair use. *See Harper & Row*, 471 U.S. at 569 ("'Isolated instances of minor infringements, when multiplied many times, become in the aggregate a major inroad on copyright that must be prevented.'") (quoting S. Rep. No. 473 at 65 (1975)).

There are numerous other questions of law or fact common to the class, and those issues predominate over any question affecting individual class members. *See* Section 9, *infra*.

**Defendant's Position**

Among other issues, this case presents two interrelated questions: *First*, whether Plaintiffs' claims represent an impermissible attempt to copyright facts and grammar. *Second*, whether any copying by NVIDIA is a fair use.

Although generative AI is a recent phenomenon, the legal principles governing this case were established long ago: Copyright law protects specific expressions, but does not grant property rights over facts, ideas, data, or information. As the Supreme Court has explained: "[N]o matter how much original authorship the work displays, the facts and ideas it exposes are free for the taking." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991). "[T]his is not some unforeseen byproduct of a statutory scheme. It is, rather, the essence of copyright and a constitutional requirement . . . . [C]opyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work . . . . This result is neither unfair nor unfortunate. It is the means by which copyright advances the progress of science and art." *Id.* at 349-50 (internal quotations and citations omitted); *Baker v. Selden*, 101 U.S. 99, 102-04 (1879); U.S. Const., Art. I, § 8, cl. 8; 17 U.S.C. § 102(b).

In addition, fair use protects the ability to copy particular expressions for a transformative purpose. As an example, the Ninth Circuit Court of Appeals ruled that making intermediate copies of entire source code files was fair use where the copying provided access to the unprotected ideas and functions embedded in that code and the defendant created a transformative new product. *Sony Computer Entertainment Inc. v. Connectix Corp.*, 203 F.3d 596, 602-08 (9th Cir. 2000). As another

example, the Second Circuit Court of Appeals ruled that copying entire books to create a searchable database was fair use. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 224-25 (2d Cir. 2015). NVIDIA disputes Plaintiffs characterizations of the facts and law and specifically denies that NVIDIA has ever acted in bad faith. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 585 n.18, (1994) ("If the use is otherwise fair, then no permission need be sought or granted."); *Google, LLC v. Oracle Am., Inc.*, 593 U.S. 1, 32 (2021) ("our decision in *Campbell* expressed some skepticism about whether bad faith has any role in a fair use analysis. We find this skepticism justifiable").

### 4. Motions

There are no pending motions at this time.

As noted in Section 10 (Related Cases) below, the *Nazemian* and *Dubus* Actions have been judicially related. Plaintiffs are discussing formal consolidation.

As noted in Section 8 (Discovery) below, the parties conferred regarding a stipulated ESI Protocol and Protective Order, and submitted outstanding disputes on those topics to the Court for consideration and resolution. *Nazemian* Dkt. 88 and 89.

The parties hope to resolve future discovery disputes without judicial intervention, but anticipate that discovery motions may be necessary.

**Plaintiffs' Position:**

Plaintiffs also anticipate a class certification motion, and possible summary judgment motions.

**Defendant's Position:**

To the extent Plaintiffs do not agree to consolidate the *Nazemian* and *Dubus* Actions, NVIDIA may file a motion to consolidate. NVIDIA also anticipates filing a summary judgment motion.

### 5. Amendment of Pleadings

NVIDIA has answered the complaints in both actions. The parties do not anticipate any substantive amendments to the pleadings at this time. As set out above in Section 4 (Motions) the

parties are discussing consolidation. To the extent the actions are consolidated, Plaintiffs will file a consolidated complaint, and NVIDIA will file a consolidated answer in response.

### 6. Evidence Preservation

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. The parties will continue to meet and confer concerning ESI.

The parties have confirmed that they are unaware of any source of ESI that is reasonably expected to be subject to discovery that has been destroyed, not maintained, or is not reasonably accessible.

### 7. Disclosures

Plaintiffs and Defendant have served their Federal Rule of Civil Procedure 26(a) initial disclosures, and Defendant supplemented its initial disclosures on October 25, 2024.  The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

### 8. Discovery

The parties have conferred regarding a stipulated ESI Protocol and Protective Order, and have sought guidance from the Court on remaining disputed issues.  Briefing on the disputed issues is complete (*Nazemian* Dkt. 88 and 89) and the parties await the Court's ruling.

### 9. Class Action

Plaintiffs filed these two cases as putative class actions. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

### 10. Related Cases

Pursuant to the Court's May 29, 2024 Order (*Nazemian* Dkt. 47) (*Dubus* Dkt. 17), the later-filed case *Dubus et al. v. NVIDIA Corporation*, 4:24-cv-02655-JT (N.D. Cal.) has been related to *Nazemian et al. v. NVIDIA Corporation*, No. 3:24-cv-01454 (N.D. Cal.). Counsel are discussing consolidation of these two cases.  NVIDIA believes the cases should be consolidated expeditiously in the interest of efficiency and judicial economy.

The parties are unaware of any other cases brought on behalf of authors with registered copyrights involving Defendant's LLMs other than the two cases involved here.

**11. Relief**

**Plaintiffs' Statement:** The *Nazemian* and *Dubus* Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendant's violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505 or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after March 8, 2024, the date the *Nazemian* class action Complaint was first served on Defendant.

**Defendant's Position:** NVIDIA denies that Plaintiffs are entitled to any damages, permanent injunction, or other relief whatsoever, or that the classes alleged in the Complaints can be certified. NVIDIA believes it is premature to opine on methods of calculating potential damages.

**12. Settlement and ADR**

ADR Certifications pursuant to ADR Local R. 3-5(b) were filed by the *Nazemian* Plaintiffs on May 9, 2024 (*Nazemian* Dkts. 32-34) and by the *Dubus* Plaintiffs on June 17, 2024 (*Dubus* Dkts. 44-45). NVIDIA filed ADR Certifications pursuant to ADR Local R. 3-5(b) in both cases on July 29, 2024. The parties continue to meet and confer on an ADR plan.

**13. Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

The parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate. Pursuant to the Court's Orders After Case Management Conference (*Nazemian* Dkt. 68 and *Dubus* Dkt. 56), the parties met and conferred regarding Magistrate Judges seated in either the Oakland or San Francisco Divisions of the Northern District of California to supervise discovery in both actions, and submitted the Hon. Sallie Kim and Hon. Kandis A. Westmore for the Court's consideration. *Nazemian* Dkt. 78.

**14. Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion.

**15. Scheduling**

    a.  **Expedited Trial Procedures**

The parties agree that these Actions are inappropriate for the Expedited Trial Procedure of General Order 64.

    b.  **Case Schedule**

The parties stipulated to a case schedule, which was ordered by the Court on September 11, 2024. *Nazemian* Dkt. 71 and *Dubus* Dkt. 59.

**16. Trial**

The parties agree that should the case proceed to trial, it should be tried to a jury. The parties anticipate a 14-day trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

The *Nazemian* Plaintiffs filed a Certification of Interested Entities or Persons along with the Complaint on March 8, 2024 (*Nazemian* Dkt. 4). The *Dubus* Plaintiffs filed their Certification of Interested Entities or Persons on June 17, 2024 (*Dubus* Dkt. 43).

NVIDIA filed a Certification of Interested Entities or Persons on March 28, 2024 in the *Nazemian* case (*Nazemian* Dkt. 26) and on May 31, 2024 in the *Dubus* case (*Dubus* Dkt. 23).

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

| | |
|---|---|
| 1    Dated: December 5, 2024 | Respectfully submitted, |
| 2 | By: */s/ Joseph R. Saveri* |
| 3 | Joseph R. Saveri (State Bar No. 130064) |
| | Christopher K.L. Young (State Bar No. 318371) |
| | Elissa A. Buchanan (State Bar No. 249996) |
| | Evan Creutz (State Bar No. 349728) |
| | **JOSEPH SAVERI LAW FIRM, LLP** |
| | 601 California Street, Suite 1505 |
| | San Francisco, California 94108 |
| | Telephone: (415) 500-6800 |
| | Facsimile: (415) 395-9940 |
| | Email: jsaveri@saverilawfirm.com |
| | cyoung@saverilawfirm.com |
| | eabuchanan@saverilawfirm.com |
| | ecreutz@saverilawfirm.com |
| | |
| | Matthew Butterick (State Bar No. 250953) |
| | 1920 Hillhurst Avenue, #406 |
| | Los Angeles, CA 90027 |
| | Telephone: (323) 968-2632 |
| | Facsimile: (415) 395-9940 |
| | Email: mb@butericklaw.com |
| | |
| | Brian D. Clark (*pro hac vice*) |
| | Laura M. Matson (*pro hac vice*) |
| | Arielle Wagner (*pro hac vice*) |
| | Eura Chang (*pro hac vice*) |
| | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| | 100 Washington Avenue South, Suite 2200 |
| | Minneapolis, MN 55401 |
| | Telephone: (612)339-6900 |
| | Facsimile: (612)339-0981 |
| | Email: bdclark@locklaw.com |
| | lmmatson@locklaw.com |
| | aswagner@locklaw.com |
| | echang@locklaw.com |
| | |
| | *Attorneys for Plaintiffs and the Proposed Class in the* Nazemian *Action* |

| | | |
|---|---|---|
| Dated: December 5, 2024 | | Respectfully Submitted, |
| | | By: /s/ *Bryan L. Clobes* |

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

Amy E. Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James A. Ulwick (*pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David A. Straite (*pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class in the* Dubus *Action*

| | |
|---|---|
| Dated: December 5, 2024 | Respectfully Submitted, |
| | By: /s/ Sean S. Pak |
| | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | Sean S. Pak (Bar No. 219032)<br>seanpak@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| | Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-4001 |
| | Alex Spiro (*pro hac vice*)<br>alexspiro@quinnemanuel.com<br>Ron Hagiz (*pro hac vice*)<br>ronhagiz@quinnemanuel.com<br>Jessica Rose (*pro hac vice*)<br>jessicarose@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| | *Attorneys for Defendant NVIDIA Corporation* |

## L.R. 5-1 SIGNATURE ATTESTATION

This document is being filed through the Electronic Case Filing (ECF) system by attorney Joseph R. Saveri. By their signature, Mr. Saveri attests that he has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: December 5, 2024                    By */s/ Joseph R. Saveri*
                                            Joseph R. Saveri