[Counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ABDI NAZEMIAN, BRIAN KEENE, and STEWART O'NAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA Corporation,<br><br>Defendant. | Case No. 4:24-cv-01454-JST<br>Case No. 4:24-cv-02655-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: February 14, 2025<br>Time:  1:30 p.m.<br>Location: via Zoom<br>Judge: Hon. Jon S. Tigar |
| ANDRES DUBUS III and SUSAN ORLEAN, individually and on behalf of all others similarly situated.,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA Corporation,<br><br>Defendant. | |

Pursuant to Civil Local Rule 16-9(d), the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Court's Minute Orders, Dkt. 66 (*Nazemian* docket) and Dkt. 56 (*Dubus* docket), counsel for Plaintiffs Abdi Nazemian, Brian Keene, Stewart O'Nan, Andre Dubus III, Susan Orlean, and the proposed class (together "Plaintiffs") and Defendant NVIDIA Corporation ("NVIDIA" or "Defendant") (collectively the "parties"), have met and conferred and respectfully submit this Joint Case Management Statement in advance of the Case Management Conference on February 14, 2025. The Parties are prepared to appear remotely before the Court on February 14, 2025, but agree that this case is proceeding apace and a Case Management Conference is not necessary at this time. In accordance with Section E of the Court's Standing Order for All Civil Cases, the parties address the topics in the Standing Order For All Judges of The Northern District Of California below.

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action alleges violations of the Copyright Act (17 U.S.C. § 501). NVIDIA does not challenge personal jurisdiction. All parties have been served.

2. **Facts**

**Plaintiffs' Statement**

The Complaints in the *Nazemian* Action and the *Dubus* Action each allege one count of direct copyright infringement against Defendant NVIDIA Corporation. Plaintiffs are writers who own copyrights in works allegedly used to train Defendant's large language models ("LLMs"), including the NeMo Megatron models. The Complaints each allege that Defendant copied Plaintiffs' registered Works to train (i.e., the process by which an Artificial Intelligence ("AI") program can "learn" how to anticipate and provide outputs to prompts) its LLMs in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's LLMs copied The Pile and Books3 datasets, which include the *Nazemian* and *Dubus* Plaintiffs' Infringed Works, and Defendant used these copies to train its LLMs. Defendant's models—built on Plaintiffs' Infringed Works—directly compete with Plaintiffs' Works and Defendant's infringement has negatively impacted the market for licensing training data. Plaintiffs have been injured by Defendant's conduct.

**Defendant's Statement**

In this lawsuit, Plaintiffs seek to create a new right to control the use of uncopyrightable facts and ideas in the public domain. Their complaint runs counter to decades of settled precedent, and would radically alter the scope of copyright law, far outside the realm of artificial intelligence ("AI").

Plaintiffs' complaints assert a single claim each for direct copyright infringement. Plaintiffs do not allege that the outputs of NVIDIA's AI models have ever infringed protected expression. Instead, Plaintiffs solely target the process by which NVIDIA's NeMo Megatron large language models ("LLMs") are trained. Training measures statistical correlations in the aggregate, across a vast body of data, and encodes them into the parameters of a model. Plaintiffs do not try to claim a copyright over those statistical correlations, asserting instead that the training data itself is "copied" for the purposes of infringement. But Plaintiffs cannot use copyright to preclude access to facts and ideas, and the highly transformative training process is protected entirely by the well-established fair-use doctrine. Indeed, to accept Plaintiffs' theory would mean that an author could copyright the rules of grammar or basic facts about the world. That has never been the law, for good reason.

### 3. Legal Issues

**Plaintiffs' Statement**

The legal and factual issue at the core of this case is whether Defendant's unlawful copying has violated the Copyright Act, 17 U.S.C. § 501, *et seq*. NVIDIA has indicated that it will rely upon a fair use defense. However, NVIDIA will not be able to carry its burden to prove fair use. For example, NVIDIA has not disputed that it copied Plaintiffs' work to train its AI models without consent, credit, or compensation. By relying on works taken without creators' permission, any argument on fair use will fall short. *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (explaining that fair use defense "presupposes good faith"); *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2018 WL 3197696, at *11 (C.D. Cal. June 25, 2018) ("[C]ourts have concluded that fair use is not an available defense to intermediate copying when a defendant is in unauthorized

possession of a plaintiff's source code."). That is before considering the sheer volume of infringements, which, of course, counsels against fair use. *See Harper & Row*, 471 U.S. at 569 ("'Isolated instances of minor infringements, when multiplied many times, become in the aggregate a major inroad on copyright that must be prevented.'") (quoting S. Rep. No. 473 at 65 (1975)). There are numerous other questions of law or fact common to the class, and those issues predominate over any question affecting individual class members. *See* Section 9, *infra*.

**Defendant's Statement**

Among other issues, including whether this case can properly be certified as a class action, this case presents two interrelated questions: *First*, whether Plaintiffs' claims represent an impermissible attempt to copyright facts and grammar. *Second*, whether any copying by NVIDIA is a fair use.

Although generative AI is a recent phenomenon, the legal principles governing this case were established long ago: Copyright law protects specific expressions, but does not grant property rights over facts, ideas, data, or information. As the Supreme Court has explained: "[N]o matter how much original authorship the work displays, the facts and ideas it exposes are free for the taking." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991). "[T]his is not some unforeseen byproduct of a statutory scheme.  It is, rather, the essence of copyright and a constitutional requirement . . . . [C]opyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work . . . .  This result is neither unfair nor unfortunate.  It is the means by which copyright advances the progress of science and art." *Id.* at 349-50 (internal quotations and citations omitted); *Baker v. Selden*, 101 U.S. 99, 102-04 (1879); U.S. Const., Art. I, § 8, cl. 8; 17 U.S.C. § 102(b).

In addition, fair use protects the ability to copy particular expressions for a transformative purpose.  As an example, the Ninth Circuit Court of Appeals ruled that making intermediate copies of entire source code files was fair use where the copying provided access to the unprotected ideas and functions embedded in that code and the defendant created a transformative

new product. *Sony Computer Entertainment Inc. v. Connectix Corp.*, 203 F.3d 596, 602-08 (9th Cir. 2000). As another example, the Second Circuit Court of Appeals ruled that copying entire books to create a searchable database was fair use. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 224-25 (2d Cir. 2015). NVIDIA disputes Plaintiffs characterizations of the facts and law and specifically denies that NVIDIA has ever acted in bad faith. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 585 n.18, (1994) ("If the use is otherwise fair, then no permission need be sought or granted."); *Google, LLC v. Oracle Am., Inc.*, 593 U.S. 1, 32 (2021) ("our decision in *Campbell* expressed some skepticism about whether bad faith has any role in a fair use analysis. We find this skepticism justifiable").

### 4. <u>Motions</u>

There are no pending motions at this time. The parties hope to resolve future discovery disputes without judicial intervention, but anticipate that discovery motions may be necessary. NVIDIA anticipates filing a motion to consolidate the two above-captioned cases.

**Plaintiffs' Statement**

The district court has broad discretion to consolidate, or decline to consolidate, cases pending in the same district. *Inv'rs Res. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). A court is not required to consolidate actions, even if they involve a common question of law or fact. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016). The Court should consider whether the time and effort savings of consolidating would outweigh any inconvenience, delay, or expense that it would cause. *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984). In this case, counsel for the *Nazemian* and *Dubus* Plaintiffs have been coordinating effectively and there has been no loss of time or effort due to the lack of consolidation. The concerns Defendants raise, including multiple redundant Case Management Conferences, discovery disputes that address identical issues, or the specter of two separate trials have not featured at all in this litigation to date. Because there is no problem that formal consolidation would solve, Plaintiffs believe that consolidation is unnecessary and thus any

proceedings related to consolidation would pose inconvenience, delay, and expense with no discernible benefit.

**Defendant's Statement**

Federal Rule of Civil Procedure 42 permits the Court to consolidate cases with "a common question of law or fact." Fed. R. Civ. P. 42(a). There is no credible dispute that these cases have common questions of law or fact. The complaints in each action are nearly identical and Plaintiffs have conceded there are "numerous common legal and factual issues ***in this case***." Dkt. 62 at 7 (emphasis added); *see also* Dkt. 93 at 3 ("Plaintiffs' Position: The legal and factual issue at the core of this case is"); Dkt. 62 at 3 (same).

Both parties have consistently treated the *Nazemian* and *Dubus* cases as one. For example, on August 13, 2024 and December 5, 2024, the parties submitted a single Joint Case Management Statement for each case[1] that did not differentiate between the two actions in any material way. In fact, Plaintiffs referred to the matters as a single case in a number of places. Dkt. 93 at 3 ("**Plaintiffs' Position:** The legal and factual issue at the core of ***this case*** is") (emphasis added); Dkt. 62 at 3 (same); *id.* at 7 ("Given the numerous common legal and factual issues ***in this case***, Plaintiffs do not believe") (emphasis added). The parties submitted a single identical brief on the ESI and Protective Order, and the *Nazemian* Plaintiffs' counsel argued on behalf of both sets of Plaintiffs during the October 21, 2024 Case Management Conference. Oct. 21, 2024 *Nazemian* Hearing Tr. at 8 (Christopher Young, counsel for the *Nazemian* Plaintiffs only, arguing for "the Plaintiffs"). The parties, including Plaintiffs, have already been treating the two actions as consolidated.

It would be inefficient for the Court and parties to duplicate work and materials needlessly between cases. *See, e.g.*, *Bartling v. Apple Inc.*, Case No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) ("The district court may consolidate actions involving common questions of law and fact. . . . The court exercises broad discretion to decide how cases

---

[1] Although the *Dubus* Plaintiffs submitted the Joint Case Management Statement a month later on January 7, 2025, *Dubus* Dkt. 74, the statement is identical to the one filed in *Nazemian* on December 5, 2024 and was filed without advance notice to Defendant.

JOINT CASE MANAGEMENT STATEMENT  5  Case No. 4:24-cv-01454-JST
Case No. 4:24-cv-02655-JST

on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. . . . In exercising this discretion, the court weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.") (citations omitted). Here, if these cases were allowed to proceed separately, it would waste resources by requiring multiple redundant Case Management Conferences and discovery disputes that address identical issues, risking inconsistent rulings across such conferences and disputes, and requiring Defendant to meet-and-confer with different sets of Plaintiffs' counsel separately on the same issues. It could also potentially require two trials involving the same claims, the same NVIDIA technologies and products, and identically-defined classes.

**5.     Amendment of Pleadings**

The parties do not anticipate amending the pleadings at this time.

**6.     Evidence Preservation**

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues evident in the case. The parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. The parties will adhere to the ESI Order entered by the Court.[2] *Nazemian* Dkt. 98.

The parties have confirmed that they are unaware of any source of ESI that is reasonably expected to be subject to discovery that has been destroyed, not maintained, or is not reasonably accessible.

**7.     Disclosures**

Plaintiffs and Defendant have served their Federal Rule of Civil Procedure 26(a) initial disclosures, and Defendant supplemented its initial disclosures on October 25, 2024. The Parties

---

[2]  The ESI Order has not yet been entered on the *Dubus* docket, but the parties have proceeded as though it is operative in that case as well.

will supplement initial disclosures as necessary, consistent with Rule 26(e).

### 8. Discovery

The deadline for the close of fact discovery is set for November 20, 2025. The parties have proceeded to conduct discovery and have conferred as needed to resolve disputes and negotiate protocols to guide the discovery process. NVIDIA made its first document production on January 24, 2025, following entry of the Protective Order on January 8, 2025 (*Nazemian* Dkt. 99; *Dubus* Dkt. 75). NVIDIA produced 4,947 documents, totaling 30,598 pages. Plaintiffs made their first document productions on February 7, 2025. Plaintiffs produced 3,063 documents, totaling 132,372 pages. The parties are continuing to meet and confer regarding outstanding discovery requests.

### 9. Class Action

Plaintiffs filed these two cases as putative class actions. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

### 10. Related Cases

Pursuant to the Court's May 29, 2024 Order (*Nazemian* Dkt. 47) (*Dubus* Dkt. 17), the later-filed case *Dubus et al. v. NVIDIA Corporation*, 4:24-cv-02655-JT (N.D. Cal.) has been related to *Nazemian et al. v. NVIDIA Corporation*, No. 3:24-cv-01454 (N.D. Cal.).

The parties are unaware of any other cases brought on behalf of authors with registered copyrights involving Defendant's LLMs other than the two cases involved here.

### 11. Relief

**Plaintiffs' Statement**

The *Nazemian* and *Dubus* Plaintiffs seek statutory and other damages under 17 U.S.C. § 504 for Defendant's violations of the copyrights of Plaintiffs and the class, including an award of reasonable attorneys' fees under 17 U.S.C. § 505 or other applicable statutes and laws. Plaintiffs further seek equitable, injunctive and declaratory relief, including the destruction or other reasonable disposition of all copies of the Infringed Works Defendant made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek pre-

and post-judgment interest on damages awarded to Plaintiffs and the class, at the highest legal rate from and after March 8, 2024, the date the *Nazemian* class action Complaint was first served on Defendant.

**Defendant's Statement**

NVIDIA denies that Plaintiffs are entitled to any damages, permanent injunction, or other relief whatsoever, or that the classes alleged in the Complaints can be certified. NVIDIA believes it is premature to opine on methods of calculating potential damages.

**12.     Settlement and ADR**

ADR Certifications pursuant to ADR Local R. 3-5(b) were filed by the *Nazemian* Plaintiffs on May 9, 2024 (*Nazemian* Dkts. 32-34) and by the *Dubus* Plaintiffs on June 17, 2024 (*Dubus* Dkts. 44-45). NVIDIA filed ADR Certifications pursuant to ADR Local R. 3-5(b) in both cases on July 29, 2024.  The parties continue to meet and confer on an ADR plan.

**13.     Other References**

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

The parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.  Pursuant to the Court's Orders After Case Management Conference (*Nazemian* Dkt. 68 and *Dubus* Dkt. 56), the parties met and conferred regarding Magistrate Judges seated in either the Oakland or San Francisco Divisions of the Northern District of California to supervise discovery in both actions, and submitted the Hon. Sallie Kim and Hon. Kandis A. Westmore for the Court's consideration. *Nazemian* Dkt. 78.

**14.     Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion.

**15.     Scheduling**

   **a.  Case Schedule**

The parties stipulated to a case schedule, which was ordered by the Court on September 11, 2024. *Nazemian* Dkt. 71 and *Dubus* Dkt. 59.

**16. Trial**

The parties agree that should the case proceed to trial, it should be tried to jury. The parties anticipate a 14-day trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

The *Nazemian* Plaintiffs filed a Certification of Interested Entities or Persons along with the Complaint on March 8, 2024 (*Nazemian* Dkt. 4). The *Dubus* Plaintiffs filed their Certification of Interested Entities or Persons on June 17, 2024 (*Dubus* Dkt. 43).

NVIDIA filed a Certification of Interested Entities or Persons on March 28, 2024, in the *Nazemian* case (*Nazemian* Dkt. 26) and on May 31, 2024, in the *Dubus* case (*Dubus* Dkt. 23).

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The parties are not presently aware of other matters that may facilitate the resolution of these cases.

DATED: February 7, 2025

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (CSB No. 130064)
Christopher K.L. Young (CSB No. 318371)
Elissa A. Buchanan (CSB No. 249996)
Evan Creutz (CSB No. 349728)
Margaux Poueymirou (CSB No. 356000)
William Waldir Castillo Guardado (CSB No. 294159)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com

By: */s/ Sean S. Pak*

**QUINN EMANUAL UROUHART & SULLIVAN, LLP**

Sean S. Pak (Bar No, 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

ecreutz@saverilawfirm.com
mpoueymirou@saverilawfirm.com
Email: wcastillo@saverilawfirm.com

Matthew Butterick (CSB No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

*Attorneys for Plaintiffs and the Proposed Class in the* Nazemian *Action*

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman
(admitted *pro hac vice*)
Mohammed A. Rathur
(admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Email: bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

Amy E. Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James A. Ulwick (*pro hac vice*)
**DiCello Levitt LLP**

Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Ron Hagiz (*pro hac vice*)
ronhagiz@quinnemanuel.com
Jessica Rose (*pro hac vice*)
jessirarose@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant NVIDIA Corporation*

JOINT CASE MANAGEMENT STATEMENT      10      Case No. 4:24-cv-01454-JST
Case No. 4:24-cv-02655-JST

Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
Email: akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David A. Straite (*pro hac vice*)
**DiCello Levitt LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
Email: dstraite@dicellolevitt.com

*Attorney for Plaintiffs and the Proposed Class in the* Dubus *Action*

## ATTESTATION OF PURSUANT TO CIVIL L.R. 5-1(i)(3)

This document is being filed through the Electronic Case Filing (ECF) system by attorney Joseph R. Saveri.  By their signature, Mr. Saveri attests that he has obtained concurrence in the filing of this document from each of the attorneys identified in the above signature block.

Dated: February 7, 2025                                  By:  */s/ Joseph R. Saveri*
                                                                          Joseph R. Saveri