**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ABDI NAZEMIAN, BRIAN KEENE, STEWART O'NAN, ANDRE DUBUS III, and SUSAN ORLEAN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

NVIDIA Corporation,

Defendants.

Master Case File No. 4:24-cv-01454-JST (SK)

**STIPULATED ORDER ENTERING DEPOSITION PROTOCOL**

For purposes of this Order "the Litigation" shall mean the consolidated litigation in Master Case File No. 4:24-cv-01454-JST (N.D. Cal.) (consolidating *Nazemian et al. v. NVIDIA Corp.*, 4:24-cv-01454-JST (N.D. Cal.) and *Dubus et al. v. NVIDIA Corp.*, 4:24-cv-02655-JST (N.D. Cal.)), as well as any other matter subsequently filed and consolidated with or deemed related to the consolidated cases by this Court). For the purposes of this Order, the parties agree, and the Court finds, that all Plaintiffs in the Litigation shall constitute a single party with respect to all limits on the length and number of depositions that can be taken by Plaintiffs as well as any other limits or requirements detailed in this Order that apply to the discovery that can be taken by Plaintiffs.

The Court now issues the following protocols to govern fact depositions in the Litigation.

## GENERAL PROVISIONS

1. This protocol does not replace or supersede the ESI Protocol or Protective Order entered by the Court in the Litigation. (Case No. 4:24-cv-01454-JST, Dkts. 98, 99.)

2. This Protocol may be amended by written agreement of all parties or by order of the Court. The parties expressly preserve their rights to seek modifications of any aspect of this Protocol upon a showing of good cause, and nothing herein shall prejudice any party's right to seek such modifications.

3. This Protocol shall govern all fact depositions in this case, unless otherwise agreed to by the parties in writing.

4. Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure; the Local Rules of the Northern District of California; the General Orders of the Northern District of California; Judge Tigar's Standing Order for All Civil Cases; the Standing Order for Magistrate Judge Sallie Kim; and the ESI Protocol and Protective Order entered by the Court in the Litigation. (Case No. 4:24-cv-01454-JST, Dkts. 98, 99.) Nothing in this Protocol is intended to or shall be construed to alter or supersede any protective, confidentiality, or clawback order, or any order regarding the preservation, collection, or production of documents entered by the Court in the Litigation.

5. The parties are entitled to no more than 20.5 Rule 30(b)(1) depositions (with each deposition limited to seven hours on the record and the half deposition limited to 3.5 hours on the record,

excluding breaks) per side of Party-affiliated fact witnesses. For purposes of this Protocol, "Party-affiliated fact witnesses" means the current and former employees of a Party. These limits do not apply to third-party depositions of non-Party-affiliated fact witnesses. In the event that the number of named Plaintiffs exceeds 20 individuals and/or entities, NVIDIA shall be entitled to take a deposition of each named Plaintiff (seven hours on the record, excluding breaks) without leave of Court. The parties shall meet and confer in good faith in the event any party seeks to modify the limits set forth in this Order.

6. Except for a deposition taken by agreement of all parties, or with leave of the Court upon good cause shown, and subject to the provisions in Paragraph 10 of this Order regarding Rule 30(b)(6) depositions, no Rule 30(b)(1) witness will be required to appear for more than one fact witness deposition in the Litigation.

**DEPOSITION LOCATION**

7. Counsel will consult in good faith with one another to determine the location of each deposition, taking into account the convenience of the witness. The presumption shall be that depositions are in person unless otherwise agreed by the parties or ordered by the Court for good cause shown, provided that depositions that are scheduled in person shall be at a mutually-convenient time and location. The parties agree to try to work to schedule around conflicts that would present substantial difficulty with an in person deposition and, if the substantial difficulty cannot be scheduled around or avoided, to consider in good faith a remote deposition. The parties agree that motion practice shall not be a prerequisite to having a remote deposition. Unless otherwise agreed by the parties and deponent and to the extent permitted by local law, in-person depositions will occur in a city convenient to or within 50 miles of the residence of the deponent or in another location within the United States agreed upon by all parties and the deponent. Participating counsel shall be permitted to attend in-person depositions by Zoom upon five days' notice and, upon such notice, the taking party will make arrangements for Zoom access.

**RULE 30(B)(6) DEPOSITIONS**

8. Depositions under Rule 30(b)(6) will be limited to a maximum of 23 hours for NVIDIA and a minimum of 12 hours, and a maximum of five hours for each Plaintiff that is an entity, if any. For the avoidance of doubt, NVIDIA may be deposed under Rule 30(b)(6) for a maximum of 23 hours of

total time on the record across all Rule 30(b)(6) designees. These limits on depositions under Rule 30(b)(6) may be changed by agreement or by the Court upon showing of good cause.

**LENGTH AND SCOPE**

9. Unless otherwise agreed to by the parties or ordered by the Court, Rule 30(b)(1) and third-party depositions are limited to seven hours on the record per witness. Unless otherwise agreed to by the parties or ordered by the Court, Rule 30(b)(6) depositions are limited to seven hours on the record per day.

10. To the extent the same witness is presented in response to a Rule 30(b)(1) notice and Rule 30(b)(6) notice, counsel shall make their best efforts to coordinate the two depositions to minimize any inconvenience for the witness (*e.g.*, by conducting on the same day or on back-to-back days, if practicable). To be clear, when the same natural person is both a Rule 30(b)(1) and a Rule 30(b)(6) deponent, the deposition time counts separately, and is subject to separate hourly limits, provided that the parties may agree to the extent practicable in advance of the deposition to designate Rule 30(b)(1) testimony as Rule 30(b)(6) testimony. In that case, the amount of Rule 30(b)(6) deposition time will be reduced accordingly. Should NVIDIA identify a Rule 30(b)(1) deponent to testify regarding one or more Rule 30(b)(6) topics, the parties shall discuss in advance whether both depositions can be completed in a single day and, if not, shall schedule and conduct the deposition on consecutive days whenever possible.

11. Unless otherwise agreed in writing or on the record, where a Rule 30(b)(1) and Rule 30(b)(6) deposition of a single deponent is being held on the same day, the personal-capacity questions and Rule 30(b)(6) questions will be separated into two distinct segments of the deposition to facilitate keeping of the correct time.

**APPEARANCES AND EXAMINATION**

12. Unless otherwise agreed to by the parties or ordered under Fed. R. Civ. P. 26(c), depositions may be attended only by the parties and their attorneys, the deponent, the deponent's attorney, in-house counsel and corporate representatives, court reporters, videographers, and translators (if required) to the extent they have complied with the applicable terms of the Protective Order in the

Litigation. Upon motion, and for good cause shown, the Court may permit, or the parties may jointly agree to, the attendance by a person who does not fall within any of the categories above.

13. The parties agree that counsel may confer with the deponent during breaks in the deposition, except while a question is pending. Such conferences shall not be used to discuss the substance of the witness's testimony, except where necessary to address matters of privilege. If such conferences are used to discuss the substance of the witness's testimony, such matters will be considered discoverable and deposition testimony may be sought on these topics of discussion.

14. Unless otherwise agreed to by the parties or ordered under Fed. R. Civ. P. 26(c) in advance, only one attorney per party may question the witness. Counsel defending the deponent may examine the witness at the conclusion of direct examination without need for a cross-notice.

**THIRD-PARTY WITNESSES**

15. If counsel for any party represents a third-party witness at deposition, such counsel shall, upon request by counsel for another party, use good faith efforts to obtain from the witness prior to the deposition the execution of the Acknowledgment and Agreement to Be Bound attached as Exhibit A to the Protective Order in the Litigation.

16. Where a deponent is represented by counsel who does not also represent a party (*e.g.*, a third party or an employee or former employee of NVIDIA with separate counsel), then the party who noticed the deposition shall provide a copy of this Protocol to the deponent's counsel along with the deposition subpoena or notice. Counsel for the party who did not notice the deposition must serve a cross-notice within one week of service of the deposition subpoena or notice if they also wish to question the deponent.

**USE OF EXHIBITS AND DOCUMENTS DURING THE DEPOSITION**

17. Counsel shall use best efforts to mark exhibits sequentially across the Litigation (*e.g.*, if the Smith deposition ends with Exhibit 10, the next deposition in the Litigation shall begin with Exhibit 11). Counsel shall also attempt to use previously marked exhibits in subsequent depositions rather than re-marking the same documents with different exhibit numbers. All documents marked as exhibits will

be retained with the original transcript. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

**EXPERT DEPOSITIONS**

18. This agreement does not apply to and shall not limit the number and duration of depositions of experts. The parties shall endeavor to negotiate in good faith a separate protocol governing expert depositions.

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: June 2, 2025

By: */s/ Rachael L. McCracken*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Rachael L. McCracken (Cal. Bar. No. 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Alex Spiro (admitted pro hac vice)
alexspiro@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant NVIDIA Corporation*

By: */s/ Elisha Barron*
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**

Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612)339-6900
Facsimile: (612)339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**

One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (pro hac vice)
Danna Z. Elmasry (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ORDER**

The Court HEREBY ENTERS the parties' stipulated deposition protocol.

**IT IS SO ORDERED**.

Dated: June 3, 2025

Honorable Sallie Kim
U.S. District Court Magistrate Judge

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: June 2, 2025

*/s/ Rachael L. McCracken*
Rachael L. McCracken