1   [Counsel on signature page]

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                            **OAKLAND DIVISION**

11                                                      Case No. 4:24-cv-01454-JST (SK)
                                                        Case No. 4:24-cv-02655-JST (SK)
12   Abdi Nazemian, et al.,
                                                        **PLAINTIFFS' MOTION TO APPOINT**
13              Plaintiffs,                             **INTERIM CO-LEAD CLASS COUNSEL**
                                                        **UNDER FED. R. CIV. P. 23(g)(3)**
14        vs.
                                                        Date:      July 17, 2025
15   NVIDIA Corporation,                                Time:      2:00 PM
                                                        Location:  Zoom
16              Defendant.                              Judge:     Hon. Jon S. Tigar

17
     Andre Dubus III, et al.,
18
                Plaintiffs,
19
          vs.
20
     NVIDIA Corporation,
21
                Defendant.
22

23

24

25

26

27

28

## **Table of Contents**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................................. 2

    A.  Current Allegations ...................................................................................... 2

    B.  Relevant Procedural Background ................................................................... 3

III.    ARGUMENT ...................................................................................................... 3

    A.  Messrs. Saveri, Nelson and Clobes Should Be Appointed to Lead the Consolidated Action ........................................................................................................... 4

      1.  Proposed Co-Lead Counsel Have Effectively Advanced the Consolidated Cases. ........ 4

      2.  Proposed Co-Lead Counsel Have the Class Action Experience and Knowledge Required to Prosecute the Consolidated Action. ............................................ 5

      3.  The Proposed Members of Executive Committee Have the Class Action Experience and Knowledge Required to Help Effectively Prosecute the Consolidated Action ....... 9

      4.  Proposed Co-Lead Counsel Will Commit Ample Resources to Prosecute the Consolidated Action Efficiently. ..................................................................... 12

      5.  Proposed Co-Lead Counsel and the Executive Committee Have Shown the Ability to Work Together Cooperatively and Coordinate Efficiently ......................................... 13

IV.     CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,*
   No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) .............................. 4, 5

*Bartz et. al. v. Anthropic PBC,*
   24-cv-05417-WHA (N.D. Cal.) ................................................................................... 9, 10

*In re Capacitors Antitrust Litig.,*
   Case No. 17-md-02801-JD (N.D. Cal.) ............................................................................. 6

*In Re Cattle and Beef Antitrust Litig.,*
   Civil No. 22-MD-0301 ....................................................................................................... 8

*Chen-Oster v. Goldman Sachs,*
   10-cv-6950 (S.D.N.Y.) ...................................................................................................... 9

*In re Cipro Cases I and II,*
   JCCP Nos. 4154 and 4220 (Cal.) ...................................................................................... 6

*City and County of San Francisco et al. v. Purdue Pharma L.P. et al.,*
   No. 18-cv-07591 (N.D. Cal.) ............................................................................................. 9

*In re: Consumer Vehicle Driving Data Tracking Collection,*
   No. 1:24-md-3115-TWT (N.D. Ga.) ................................................................................. 8

*Deslandes v. McDonald's,*
   17-cv-04857 (N.D. Ill.) ................................................................................................... 10

*Dubus et al. v. NVIDIA Corp. et al.,*
   No. 3:24-cv-02655 ....................................................................................................... 2, 3

*Ellis v. Google LLC,*
   No. CGC-17-561299 (Cal. Sup. Ct.) ................................................................................ 9

*In re High-Tech Emp. Antitrust Litig.,*
   No. ll-cv-2509 (N.D. Cal.) ................................................................................................. 6

*In re High-Tech Emp. Antitrust Litig.,*
   11-cv-2509 (N.D. Cal.) ..................................................................................................... 9

*Huckabee v. Bloomberg L.P.,*
   Case No. 1:23-cv-09152-MMG (S.D.N.Y.) .................................................................... 11

*In re Ins. Brokerage Antitrust Litig.*,
    MDL No. 1663 (D.N.J.) ................................................................................. 8

*Jones v. Varsity Brands, LLC*,
    No. 2:20-cv-02892-SHL (W.D. Tenn.) ......................................................... 6

*In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig.*,
    20-cv-8177 (N.D. Cal.) ................................................................................. 10

*Kadrey et. al. v. Meta Platforms, Inc.*,
    23-cv-03417-VC (N.D. Cal.) .......................................................................... 9

*Kadrey, et al. v. Meta Platforms, Inc.*,
    No. 3:23-cv-03417-VC (N.D. Cal.) ................................................. 8, 9, 10, 11

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
    No. 3:11-cv-01781 (N.D. Cal.) ...................................................................... 8

*Kurowski v. Rush Univ. Sys. for Health*,
    Case No. 22 C 5380 (N.D. Ill.) ................................................................... 11

*Le v. Zuffa, LLC D/B/A Ultimate Fighting Championship*,
    No. 2:15-cv-01045-RFB (D. Nev.) ................................................................ 6

*In re Lenovo Adware Litig.*,
    No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015) .................. 4

*Makkai v. Databricks, Inc.*, No. 3:20-24-cv-02653
    (N.D. Cal.) ..................................................................................................... 8

*In re Mosaic LLM Litig.*,
    24-cv-01451-CRB (N.D. Cal.) ...................................................................... 9

*Nazemian et al. v. NVIDIA Corp.*,
    No. 4:24-cv-01450-JST ..................................................................... 2, 3, 6, 11

*In re OpenAI ChatGPT Litig*,
    Master File No. 23-cv-3223-AMO (N.D. Cal.) ............................................. 8

*In re: OpenAI, Inc. Copyright Infringement Litig.*,
    25-md-03143-SHS (S.D.N.Y.) ...................................................................... 9

*In Re OpenAI, Inc., Copyright Infringement Litig.*,
    No. 1:25-md-03143-SHS-OTW (S.D.N.Y. May 30, 2025), ECF No. 83 ........ 7

*In re Outpatient Med. Ctr. Emp. Antitrust Litig.*,
    No. 1:21-cv-00305 (E.D. Ill.) ....................................................................... 6

*Parkinson v. Hyundai Motor Am.*,
    No. cv-06-345-AHS(MLGX), 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ......................... 4

*In re Restasis Antitrust Litig.*,
    MDL No. 02819 (NG) (LB) (E.D.N.Y) ....................................................................... 6

*In re: Samsung Customer Data Sec. Breach Litig.*,
    Case No. 1:23-md-03055 (D. N.J.) ......................................................................... 11

*Seaman v. Duke*,
    15-cv-00462 (M.D.N.C.) ....................................................................................... 10

*In re TriCor Indirect Purchaser Antitrust Litig.*,
    No. 05-360 (D. Del) ............................................................................................... 8

*In Re: Visa Debit Card Antitrust Litig.*,
    No. 1:24-cv-07435-JGK (S.D.N.Y.) ......................................................................... 6

*Williams v. Linerock Investments, Ltd.*,
    Case No. 1:22−cv−02531 (N.D. Ill.) ....................................................................... 11

**Rules**

Fed. R. Civ. P. 23(b) ................................................................................................... 11

Fed. R. Civ. P. 23(g) ........................................................................................... *passim*

**Other Authorities**

MANUAL FOR COMPLEX LITIG. (4th ed. 2004) ............................................................. 4

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on July 17, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard by Zoom video conference, Plaintiffs will, and hereby do, move the Court for an Order appointing Joseph Saveri from the Joseph Saveri Law Firm, LLP ("JSLF"), Justin Nelson from Susman Godfrey LLP ("SG"), and Bryan Clobes from Cafferty Clobes Meriwether & Sprengel LLP ("CCMS") as Interim Co-Lead Class Counsel, with Anne Shaver of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Nada Djordjevic of DiCello Levitt LLP ("DL"), and Matthew Butterick, Esq. serving as the Plaintiffs' Executive Committee.

Plaintiffs respectfully submit that the Court should appoint Messrs. Saveri, Nelson and Clobes as Interim Co-Lead Class Counsel, with Ms. Shaver, Ms. Djordjevic and Mr. Butterick as members of the Executive Committee, as they satisfy the requirements under Federal Rule of Civil Procedure 23(g) and shall fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). JSLF, SG, and CCMS have each done significant work in investigating potential claims in the action; have successfully litigated the case through early discovery; possess unmatched experience in handling complex litigation of the type asserted in the action; have in-depth knowledge of the applicable law and the underlying facts; and possess sufficient resources to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). They are further supported by LCHB, DL and Mr. Butterick, who themselves have significantly contributed to litigating this case, and are likewise very experienced in litigating similar cases currently pending in other courts. Together, the firms and lawyers included in Plaintiffs' proposed leadership structure comprise an experienced and nimble team that will effectively and efficiently prosecute this case to a successful conclusion consistent with Rules 1 and 23 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in Support of the Motion, and the concurrently filed declarations of Joseph R. Saveri, Justin Nelson, Bryan Clobes, Anne Shaver, and Nada Djordjevic.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 23(g)(3) and the Court's Order Consolidating Cases, (ECF No. 144), Plaintiffs' counsel jointly seek approval of a proposed leadership structure to streamline consolidation and litigation efforts.

## I.   INTRODUCTION

Plaintiffs jointly and unanimously propose a leadership structure comprised of three preeminent leaders in generative AI litigation. Joseph Saveri from the Joseph Saveri Law Firm, LLP ("JSLF"), Justin Nelson from Susman Godfrey LLP ("SG"), and Bryan Clobes from Cafferty Clobes Meriwether & Sprengel LLP ("CCMS") who are best positioned to advance the case to and through summary judgment, class certification, and trial.   All Plaintiff-firms agree that these three lawyers and firms should serve as Interim Co-Lead Class Counsel ("Co-Lead Counsel"). All other firms support this leadership structure, with each firm available and able to assist proposed Co-Lead Counsel to prosecute this action. Plaintiffs also propose that Anne Shaver of Lieff Cabraser Heimann & Bernstein. LLP ("LCHB"), Nada Djordjevic of Dicello Levitt, LLP ("DL"), and Matthew Butterick, Esq. serve as the Executive Committee. Plaintiffs' proposal is supported by the established, strong, collaborative working relationships between counsel, and will enable a continuing, efficient and effective workflow and ensure that Plaintiffs will continue to speak with one voice throughout the remainder of this litigation.

Mr. Saveri and JSLF; Mr. Nelson and SG; and Mr. Clobes and CCMS; individually and together possess the unique combination of credentials and proven track record necessary to serve and promote the class's best interests and efficiently advance this litigation in accordance with Rules 1 and 23 of the Federal Rules of Civil Procedure, and satisfy the requirements of Rule 23(g). The progress in this action to date has been made possible through their collective experience and stewardship. Each are pioneers in this emerging area of law, and collectively filed the first cases in the United States challenging the unauthorized use of copyrighted works in connection with generative AI models. And each has more than sufficient resources to handle this matter, having successfully led and prosecuted antitrust and other complex cases to resolution for decades, including collectively recovering tens of billions of dollars and groundbreaking programmatic and

other non-monetary relief in scores of successfully resolved complex MDL proceedings and other national class cases involving a wide-variety of claims, conduct, and industries.

Moreover, Messrs. Saveri, Nelson, and Clobes have the unanimous support of numerous experienced and qualified law firms and lawyers in this case. While each of the other law firms and counsel representing Plaintiffs is individually capable of leading this litigation, they unanimously support the appointment of Messrs. Saveri, Nelson, and Clobes as Co-Lead Counsel. Each of these firms is committed to continuing to contribute their respective resources and expertise to this action under the continued leadership of proposed Co-Lead Counsel.

The proposed Co-Lead Counsel—Mr. Saveri (JSLF), Mr. Nelson (SG), and Mr. Clobes (CCMS)—are leaders in the field of complex class action litigation involving generative AI models and, consistent with Federal Rule of Civil Procedure 23(g), are "best able to represent the interests of the class," particularly given the effort, resources, unique and direct experience, and abilities that each brings to this action. Moreover, Ms. Shaver, Ms. Djordjevic, and Mr. Butterick, each of whom is well-qualified in generative AI litigation, support their appointment. Each of their respective firms has done significant work in investigating and litigating the claims in the action; has a depth of experience handling complex litigation of the type involved here; has intimate knowledge of the applicable law; and possess sufficient resources to help represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). These firms' collective experience and comprehensive understanding of this specialized area of the law will ensure vigorous and effective prosecution of this case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Current Allegations

This Consolidated Action is comprised of two related class action lawsuits which have been consolidated: *Nazemian et al. v. NVIDIA Corp.*, No. 4:24-cv-01450-JST ("*Nazemian*") and *Dubus et al. v. NVIDIA Corp. et al.*, No. 3:24-cv-02655 ("*Dubus*"). The current named plaintiffs in the *Nazemian* and *Dubus* actions are authors whose copyrighted work was taken from pirated websites, copied, and used by Defendant NVIDIA Corp. without their consent or permission, to train NVIDIA's commercial large language models ("LLMs"). Plaintiffs bring copyright infringement claims against NVIDIA on behalf of all persons in the United States who own a registered United

States copyright in any work that was used to train NVIDIA's LLMs.

### B.   Relevant Procedural Background

On March 8, 2024, the *Nazemian* Plaintiffs filed a class action complaint against NVIDIA, initiating this groundbreaking and important litigation. ECF No. 1. On May 2, 2024, the *Dubus* Plaintiffs filed a class action complaint against NVIDIA. *Dubus* Dkt. No. 1. The cases were related on May 13, 2024. ECF No. 47.

Since then, the *Nazemian* and *Dubus* Plaintiffs coordinated and jointly served written discovery and collaborated in negotiations regarding discovery and other obligations and other aspects of the related litigation. Much work has already been done by Plaintiffs. They have negotiated a protective order (ECF No. 59), ESI protocol (ECF No. 58), deposition protocol (ECF No. 150) and negotiated ESI search terms. With respect to offensive discovery, Plaintiffs have propounded eleven requests for productions and seventeen interrogatories, and handled all aspects of related meet and confer discussions, with more written discovery to come. With respect to defensive discovery, Plaintiffs have responded to eighteen requests for production, and will respond to a further seven ESI discovery requests this Friday, June 13, 2025. To date, Plaintiffs have produced 3,063 documents, while NVIDIA has produced 4,950 documents.

On April 29, 2025, NVIDIA moved for consolidation on grounds that the actions involve common questions of fact and law and that consolidating them would conserve judicial resources and avoid conflicting or inconsistent results, without prejudice or delay. ECF No. 135. The *Nazemian* and *Dubus* Plaintiffs agreed to consolidation, which was then ordered by the Court on May 13, 2025. ECF No. 144. Among other things, the Court ordered Plaintiffs to file a proposal for the appointment of interim lead counsel by June 11, 2025. *Id.* at 2.

## III.   ARGUMENT

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, No. C 08-03369, 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to

motions, conducting any necessary discovery, coordinating for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIG., § 21.11 (4th ed. 2004); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) (citing the same).

Rule 23(g)(1)(A) requires courts to consider four key factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Courts also look to these factors in designating interim class counsel. *See Parkinson v. Hyundai Motor Am.*, No. cv-06-345-AHS(MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); *In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) ("[T]he factors in [Rule 23(g)(1)(A)] are those a court must consider in appointing lead counsel, rather than interim lead counsel. However, courts have held that these same factors apply in . . . the selection of interim lead counsel."). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Each Rule 23(g) factor supports the appointment of Messrs. Saveri, Nelson, and Clobes as Co-Lead Counsel, and Ms. Shaver, Ms. Djordjevic, and Mr. Butterick to serve on the Executive Committee to represent Plaintiffs and prosecute the Consolidated Action.

**A.    Messrs. Saveri, Nelson and Clobes Should Be Appointed to Lead the Consolidated Action.**

**1.    Proposed Co-Lead Counsel Have Effectively Advanced the Consolidated Cases.**

Since initiating this litigation, proposed Co-Lead Counsel have substantially advanced the litigation efficiently and effectively. They and the members of the proposed Executive Committee have all devoted substantial resources—both in time and money—to investigating the allegations of the consolidated cases, including (i) reviewing relevant studies and research papers related to the

operation of NVIDIA's models and the datasets on which they were trained; (ii) analyzing the nascent body of case law surrounding copyright-AI litigation and tracking developments therein; (iii) keeping abreast of regulatory investigations into the use of AI by NVIDIA and the U.S. Copyright Office's guidance on AI; and (iv) consulting experts with specialized knowledge in the fields of AI and intellectual property. *See* Saveri Decl., ¶ 6; Nelson Decl., ¶ 3; Clobes Decl., ¶ 4; Fed. R. Civ. P. 23(g)(1)(A)(i). These thorough and detailed pre-filing investigations led to the development of detailed factual and legal claims against NVIDIA.

What is more, proposed Co-Lead Counsel as well as the Executive Committee have all done extensive work prosecuting the potential claims alleged in the consolidated cases. They have done so as a team. *See* Saveri Decl., ¶ 8; Nelson Decl., ¶ 3; Clobes Decl., ¶ 5. These various factors weigh strongly in favor of their appointment. *See Azpeitia*, 2017 WL 4071368, at *3 (appointing firm that performed extensive work identifying and investigating potential claims as interim lead counsel, and other firms representing plaintiffs to an informal litigation committee "with the hours expended litigating the action to be distributed evenly between the firms.").

### 2. Proposed Co-Lead Counsel Have the Class Action Experience and Knowledge Required to Prosecute the Consolidated Action.

#### a. *Joseph Saveri of the Joseph Saveri Law Firm, LLP*

JSLF is led by Joseph Saveri, its founder. Mr. Saveri has 35 years of experience in class action and other complex litigation, including leading dozens of multidistrict and other class actions. Saveri Decl. ¶ 4. Mr. Saveri is one of the most accomplished and respected attorneys in the country.[1] Mr. Saveri is recognized for his work in AI litigation in particular—he was included in Lawdragon's inaugural list of Leading AI & Legal Tech Advisors and named by the California Daily Journal as one of the Top Artificial Intelligence Lawyers in California in 2024. As a result of his advocacy in AI-related cases, Mr. Saveri was also featured in 2024 by the Daily Journal as a Top Intellectual Property Lawyer. And this month, *Law360* recognized him as one of its prestigious

---

[1] For example, David Balto, former policy director at the FTC described Mr. Saveri as the "Michael Jordan of plaintiffs' antitrust." *See* Melissa Lipman, *Lieff Cabraser Antitrust Chief to Launch Own Firm*, Law360 (May 1, 2012), *available at* https://www.law360.com/articles/335937/lieff-cabraser-antitrust-chief-to-launch-own-firm.

1  "Titans of the Plaintiffs Bar." *Id.*, ¶ 3. Further, Mr. Saveri is rated an AV preeminent by LexisNexis

2  Martindale-Hubbell and was ranked "Band 1" attorney by Chambers USA in its "Antitrust: Mostly

3  Plaintiff" category and "Antitrust: Plaintiff" categories for many years. *Id.* At the direction of Mr.

4  Saveri, JSLF in collaboration with Matthew Butterick, first investigated and researched NVIDIA's

5  unlawful conduct involving training AI language models on copyrighted works, and brought the

6  *Nazemian* Action, the first lawsuit challenging NVIDIA's unlawful practices.

7         JSLF's track record of lead counsel appointments demonstrates its capabilities across

8  diverse complex litigation matters. Representative examples include: *In re Capacitors Antitrust*

9  *Litig.*, Case No. 17-md-02801-JD (N.D. Cal.); *In re Restasis Antitrust Litig.*, MDL No. 02819 (NG)

10  (LB) (E.D.N.Y); *In re High-Tech Emp. Antitrust Litig.*, No. ll-cv-2509 (N.D. Cal.); *In re Cipro*

11  *Cases I and II*, JCCP Nos. 4154 and 4220 (Cal.); *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*,

12  No. 1:21-cv-00305 (E.D. Ill.); *In Re: Visa Debit Card Antitrust Litig.*, No. 1:24-cv-07435-JGK

13  (S.D.N.Y.); *Jones v. Varsity Brands, LLC*, No. 2:20-cv-02892-SHL (W.D. Tenn.); and *Le v. Zuffa,*

14  *LLC D/B/A Ultimate Fighting Championship*, No. 2:15-cv-01045-RFB (D. Nev.).

15         Beyond these appointments, JSLF has successfully tried numerous class actions and

16  complex litigation matters to verdict. This extensive experience has resulted in multiple successful

17  resolutions, including through antitrust trials, with Mr. Saveri and JSLF having obtained over $5

18  billion in recoveries for their clients.

19                              **b.      Justin Nelson of Susman Godfrey LLP**

20         The Susman Godfrey team is led by Justin A. Nelson. Mr. Nelson, a member of the firm's

21  executive committee and a former law clerk to the Honorable Sandra Day O'Connor of the United

22  States Supreme Court, recently represented Dominion Voting Systems against Fox News in helping

23  secure the landmark $787.5 million settlement arising from the latter's defamatory news coverage

24  claiming that Dominion's voting machines were responsible for massive voter fraud during the

25  2020 U.S. presidential election. Nelson Decl. ¶ 13. In 2024, Mr. Nelson was nominated for Litigator

26  of the Year by *American Lawyer* and named one of the Hollywood Reporter's "Hollywood's Top

27  100 Attorneys." *Id*. In the Dominion litigation, Delaware Superior Court Judge Eric Davis

28

1  remarked: "I have been on the bench since 2010 . . . I think this is the best lawyering I've had,

2  ever." *Id*.

3         In the last two years, Mr. Nelson has been at the forefront of artificial intelligence class

4  litigation asserting copyright infringement and related claims arising from the development and use

5  of large language models. Most recently, the Court overseeing the multi-district litigation against

6  OpenAI and Microsoft appointed Mr. Nelson interim lead class counsel. *In Re OpenAI, Inc.,*

7  *Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW (S.D.N.Y. May 30, 2025), ECF

8  No. 83.  Mr. Nelson has led the SG team (listed below) in numerous other AI class lawsuits,

9  including a lawsuit against Anthropic in this district before Judge William Alsup. Nelson Decl. ¶

10 13. In the action against Anthropic (co-prosecuted with LCHB), Mr. Nelson presented class

11 plaintiffs' portion of the technology tutorial on January 30, 2025 and argued class plaintiffs' motion

12 for class certification on May 15, 2025. Nelson Decl. ¶ 13. The class certification hearing transcript

13 is attached as Exhibit C to the Nelson Declaration for the Court's reference.

14        The Susman Godfrey team is also led by partners Elisha Barron, Alejandra C. Salinas,

15 Jordan Connors, and Rohit Nath, each of whom have a long track-record of success in commercial

16 litigation generally and AI litigation specifically. Their recent wins include a $1.6 billion trial

17 verdict (Ms. Barron), a $32 million settlement on behalf of a class of telescope purchasers (Ms.

18 Salinas), a more than $600 million settlement for victims of the Flint water crisis (Mr. Connors),

19 and a $307.5 million settlement on behalf of a class of life insurance policy holders (Mr. Nath).

20 Nelson Decl. ¶¶ 14–17. In addition, the Susman Godfrey team includes associate J. Craig Smyer, a

21 former law clerk to Judge Christopher R. Cooper of the District of D.C. and Judge Debra Ann

22 Livingston of the Second Circuit, and Trevor Nystrom, a former law clerk to the Hon. Danielle J.

23 Forrest of the U.S. Court of Appeals for the Ninth Circuit. Nelson Decl. ¶¶ 18–19.

24             **c.      Bryan Clobes of Cafferty Clobes Meriwether &**
                         **Sprengel LLP**
25

26        Bryan Clobes is a named partner at Cafferty Clobes Meriwether & Sprengel LLP, a national

27 firm which has specialized in complex class action litigation for over 30 years. Mr. Clobes joined

28 the firm six months after its formation, and after clerking on the U.S. District Court for the District

1  of New Jersey and the U.S. Court of Appeals for the Third Circuit and serving as national trial

2  counsel at the Commodity Futures Trading Commission in Washington, D.C. For over the past

3  twenty-five years, Mr. Clobes has achieved and maintained the highest rating, AV Plus, from

4  Martindale-Hubbell, and been annually recognized as a "Super Lawyer."

5      Mr. Clobes and his team are heavily involved in litigating and represent a host of

6  international and national award-winning authors in a number of other cases in this and other

7  districts against defendants Meta, OpenAI, and Databricks for misappropriating and illegally using

8  their copyrighted works to train and develop their artificial intelligence large language models.

9  *Kadrey, et al. v. Meta Platforms, Inc.* No. 3:23-cv-03417-VC (N.D. Cal.); *In re OpenAI ChatGPT*

10  *Litig*, Master File No. 23-cv-3223-AMO (N.D. Cal.); *Makkai v. Databricks, Inc., No. 3:20-24-cv-*

11  *02653* (N.D. Cal.).

12      Mr. Clobes has also been appointed and served as lead counsel in scores of the firm's class

13  cases covering all areas of the firm's practice, and is nationally recognized as an expert in all

14  aspects of antitrust, consumer, and privacy class action litigation. A few illustrative cases include:

15  *In re Ins. Brokerage Antitrust Litig.,* MDL No. 1663 (D.N.J.) (served as co-lead counsel in an

16  antitrust class case against dozens of national insurers and brokers resulting in settlements of almost

17  $300 million); *Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 3:11-cv-01781 (N.D. Cal.)

18  (proprietary antitrust case that successfully challenged egg donor compensation caps promulgated

19  by two professional associations and achieved major industry reforms to protect donors from future

20  caps); and *In re TriCor Indirect Purchaser Antitrust Litig.*, No. 05-360 (D. Del) (indirect purchaser

21  antitrust case alleging unlawful monopolization of fenofibrate market resulting in a near $100

22  million settlement). Mr. Clobes has also represented a number of Fortune 100 companies and state

23  attorneys' general.

24      Last, Mr. Clobes and the firm currently serve as Lead Counsel in a number of other national

25  class actions, including, for example, *In re: Consumer Vehicle Driving Data Tracking Collection*,

26  No. 1:24-md-3115-TWT (N.D. Ga.) (Mr. Clobes and the firm currently serving as Co-Lead

27  Counsel) and *In Re Cattle and Beef Antitrust Litig.*, Civil No. 22-MD-0301 (JRT/JFD) (firm also

28  currently serving as Co-Lead Counsel).

3.     **The Proposed Members of Executive Committee Have the Class Action Experience and Knowledge Required to Help Effectively Prosecute the Consolidated Action**

a.     *Anne Shaver of Lieff Cabraser Heimann & Bernstein, LLP*

Anne Shaver is a partner at Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") with over fifteen years' experience litigating complex class actions. Declaration of Anne Shaver In Support of Motion for Interim Leadership ("Shaver Decl."), ¶¶ 1, 5. LCHB is well qualified to serve as a member of the Executive Committee here by virtue of its experience in AI copyright cases like this one, as well as its long history of prosecuting complex class actions against the most well-resourced corporations in the world.

First, LCHB has substantial experience litigating class copyright cases against AI companies. It serves as counsel for the proposed classes in *In re: OpenAI, Inc. Copyright Infringement Litig.*, 25-md-03143-SHS (S.D.N.Y.); *Bartz et. al. v. Anthropic PBC*, 24-cv-05417-WHA (N.D. Cal.); *Kadrey et. al. v. Meta Platforms, Inc.*, 23-cv-03417-VC (N.D. Cal.), and *In re Mosaic LLM Litig.*, 24-cv-01451-CRB (N.D. Cal.). Shaver Decl., ¶ 3. In its roles in *Open AI*, *Bartz*, *Kadrey*, and *Mosaic*, LCHB has worked collaboratively with JSLF, SG, CCMS, DL, and Matthew Butterick. *Id*. In both *Kadrey* and *Bartz*, motions for summary judgment on fair use are already fully briefed and submitted, with LCHB having undertaken significant work including preparation of technical and economic experts, strategy, depositions, briefing, and hearing preparations and oral arguments. *Id*.

Second, LCHB has a proven track record of successfully litigating major, cutting edge matters where the firm served in leadership positions. These include: *In re High-Tech Emp. Antitrust Litig.*, 11-cv-2509 (N.D. Cal.) (Shaver on co-lead team securing $425 million settlement for novel antitrust claims widely recognized as a legal and public policy breakthrough); *Chen-Oster v. Goldman Sachs*, 10-cv-6950 (S.D.N.Y.) (Shaver on co-lead team obtaining $215 million class settlement, along with programmatic relief, for plaintiffs in a gender discrimination class action lawsuit); *Ellis v. Google LLC*, No. CGC-17-561299 (Cal. Sup. Ct.) (Shaver on co-lead team

obtaining $118 million settlement for class claims of gender discrimination); *City and County of San Francisco et al. v. Purdue Pharma L.P. et al*., No. 18-cv-07591 (N.D. Cal.) (Lieff Cabraser prevailed over Walgreens in a landmark bench trial, which helped precipitate a $14 billion national settlement of the opioids litigation by chain pharmacies; Lieff Cabraser also serves as lead counsel in other Opioids related litigation); *In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig*. 20-cv-8177 (N.D. Cal.) (nationwide multidistrict litigation regarding the Juul electronic-cigarette, securing over $2.5 billion in settlements for plaintiffs and class members). A summary of LCHB's extensive and varied cases, including past successes and active matters, is attached to the Shaver Declaration as Exhibit A.

Anne Shaver is a 2007 graduate of the University of California, Berkeley School of Law, Order of the Coif. Shaver Decl., ¶ 5. Prior to joining LCHB, she served as a law clerk to Honorable Betty Fletcher, U.S. Court of Appeal for the Ninth Circuit. *Id*. She has been recognized as a Rising Star for Northern California (*Super Lawyers*) every year since 2013; was named as a "Top Labor & Employment Lawyer" by the Daily Journal in 2018-2020, 2022-2023, and 2025; was selected for the "40 & Under Hot List" by Benchmark Litigation in 2018, 2019, and 2020; was named to Lawdragon's "500 Leading Plaintiff Financial Lawyers in America" in 2024 and 2025; "500 Leading Plaintiff Employment & Civil Rights Lawyers in America," 2018-2022; and was selected for inclusion by her peers in The Best Lawyers in America in the field of "Employment Law-Individuals" in 2021, 2022, and 2023. *Id*. Finally, she was twice awarded the American Antitrust Institute's prestigious "Outstanding Private Practice Antitrust Achievement" award for her work on the wage suppression cases, *Seaman v. Duke*, 15-cv-00462 (M.D.N.C.), in 2019, and *Deslandes v. McDonald's*, 17-cv-04857 (N.D. Ill.), in 2024. *Id*. Ms. Shaver will be supported by LCHB associates with experience in similar cases, as well as her partner Rachel Geman, who is the lead attorney for LCHB litigating the *Kadrey* and *Anthropic* cases noted above, and has a background in complex technology cases. Shaver Decl., ¶ 6.

### b.    *Nada Djordjevic of Dicello Levitt LLP*

Nada Djordjevic is a Partner in the Privacy, Technology, and Cybersecurity group at DiCello Levitt LLP. Djordjevic Decl. ¶ 2. DiCello Levitt has achieved top recognition as *ALM* and The

*National Law Journal's* 2023 Plaintiffs Firm of the Year and 2023 Trial Innovation Firm of the Year. *Id.* ⁋ 3. The firm's Privacy, Technology, an Cybersecurity group was named *Law360's* Cybersecurity Practice Group of the Year for three years in a row; and Ms. Djordjevic was named one of Lawdragon's 500 Leading Global Cyber Lawyers for 2025. *Id.* ⁋ 4.

With over twenty years of complex litigation experience, fifteen of which she has spent both defending and prosecuting class actions throughout the United States, Ms. Djordjevic has the experience to successfully move this case forward as part of the Executive Committee. *Id.* ⁋ 5.

Ms. Djordjevic is currently representing authors in cases similar to this one against Meta Platforms, Inc., Bloomberg, L.P. and Bloomberg Finance, L.P.  See, *Kadrey, et al v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.); and *Huckabee v. Bloomberg L.P.*, Case No. 1:23-cv-09152-MMG (S.D.N.Y.). *Id.* ⁋ 6. Ms. Djordjevic was previously appointed as Co-Lead Class Counsel in *Williams v. Linerock Investments, Ltd.*, Case No. 1:22−cv−02531 (N.D. Ill.) (ongoing case alleging violations of the Illinois Biometric Information Privacy Act) and *Kurowski v. Rush Univ. Sys. for Health*, Case No. 22 C 5380 (N.D. Ill.) (Rule 23(b)(2) settlement class certified and class received significant injunctive relief, including the removal of all tracking technology from the patient portal). *Id.* ⁋ 7. Ms. Djordjevic also served as the Damages Expert Chair on the Executive Committee in *In re: Samsung Customer Data Sec. Breach Litig.*, Case No. 1:23-md-03055 (D. N.J.). *Id.*

### c.    Matthew Butterick

Matthew Butterick, along with Joseph Saveri and JSLF, is one of the primary architects of the first wave of AI copyright cases, including the underlying *Nazemian* Action, the first-filed case. Mr. Butterick and JSLF were the first to challenge the legality of generative AI systems by filing a set of seven groundbreaking cases, which has also included cases against GitHub, Google, Meta, Databricks, Midjourney, and others. Mr. Butterick and JSLF conducted research into these systems, developed theories of liability, and crafted discovery techniques, many of which have since been more widely adopted.

Mr. Butterick has also been a professional author, typographic designer, and software programmer for over thirty years, whose works include a paperback about typographic design

(Typography for Lawyers), a digital-font library (mbtype.com), and an open-source web-publishing system. But like so many other authors, artists, and programmers, Mr. Butterick's works were copied for the training datasets of commercial generative-AI systems without consent, credit, or compensation, which is what provided the initial impetus to start these cases with JSLF: As such, Mr. Butterick would be a strong advocate on the Executive Committee for the Plaintiffs and members of the class.

### 4.    Proposed Co-Lead Counsel Will Commit Ample Resources to Prosecute the Consolidated Action Efficiently.

As demonstrated by the substantial volume of work already done and out of pocket costs expended to date, proposed Co-Lead Counsel and the Executive Committee have the resources needed to effectively and efficiently prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Together, the firms are ably staffed with highly-qualified and experienced attorneys, investigators, paralegals and professional staff required to successfully prosecute this case. Proposed Co-Lead Counsel and the Executive Committee have support staff, document review attorneys, and in-house e-discovery/trial-technology professionals to support them in litigating this matter effectively and efficiently.

Proposed Co-Lead Counsel and the Executive Committee have the resources both human and financial to prosecute this case to completion. They have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims and will do so again here.

At the same time, proposed Co-Lead Counsel and the Executive Committee are committed to litigating this case both efficiently and economically. Proposed Co-Lead Counsel have the unique advantage of being among the few firms in the nation (let alone the world) leading a number of similar actions against generative AI companies. They will leverage their experience and background in these similar cases to streamline the litigation for the class's benefit. Proposed Co-Lead Counsel and the Executive Committee are well-versed in using case management strategies to efficiently focus litigation, including appropriate staffing of litigation tasks to those attorneys and firm(s) best suited to the particular task(s) at hand, regular meetings to ensure that assigned work

1  tasks are being properly attended to, well-executed, and completed with efficiency, and

2  implementation of strict time-keeping and expense billing protocols to ensure that all professional

3  time associated with this Consolidated Action is of the highest quality and effectiveness.

4            **5.    Proposed Co-Lead Counsel and the Executive Committee Have Shown
                the Ability to Work Together Cooperatively and Coordinate Efficiently.**

5

6         Proposed Co-Lead Counsel and the Executive Committee have the ability and willingness to

7  work cooperatively together, with counsel for NVIDIA—as evidenced by the joint stipulation with

8  proposed order for protective order (ECF No. 59), ESI protocol (ECF No. 58), and deposition

9  protocol (ECF No. 150). Proposed Co-Lead Counsel and the Executive Committee understand that

10  professional and courteous relations amongst joint counsel, as well as between opposing counsel,

11  are essential to the effective conduct and management of complex litigation such as this one. As

12  further evidenced by this joint (and unanimous) proposal, Proposed Co-Lead Counsel and the

13  Executive Committee have already demonstrated a willingness and ability to work cooperatively in

14  litigating this consolidated action.

15         The proposed leadership structure is ideally suited to the particular circumstances of these

16  cases, which will require a team of dedicated lawyers and sufficient resources to pursue litigation

17  against a sophisticated, extremely well-funded and represented big tech Defendant.

18         Proposed Co-Lead Counsel and the Executive Committee are well established, reputable,

19  and have shown that they can work together collaboratively and efficiently, handling the challenges

20  of this litigation and committing the necessary resources to represent the class. Proposed Co-Lead

21  Counsel remain committed to fostering collaboration and cooperation with all class counsel,

22  regardless of the Court's appointment decision.

23  **IV.    CONCLUSION**

24         For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Joseph

25  Saveri from the Joseph Saveri Law Firm, LLP, Justin Nelson from Susman Godfrey LLP, and

26  Bryan Clobes from Cafferty Clobes Meriwether & Sprengel LLP as Interim Co-Lead Class

27  Counsel, with Anne Shaver of Lieff Cabraser Heimann & Bernstein, LLP, Nada Djordjevic of

28

DiCello Levitt LLP, and Matthew Butterick, Esq. appointed to serve as the Plaintiffs' Executive Committee.

Dated: June 11, 2025                    Respectfully submitted,

                                        By: */s/ Joseph R. Saveri*

                                        Joseph R. Saveri (SBN 130064)
                                        Christopher K.L. Young (SBN 318371)
                                        Evan Creutz (SBN 349728)
                                        Elissa A. Buchanan (SBN 249996)
                                        William Castillo Guardado (SBN 294159)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        jsaveri@saverilawfirm.com
                                        cyoung@saverilawfirm.com
                                        ecreutz@saverilawfirm.com
                                        eabuchanan@saverilawfirm.com
                                        wcastillo@saverilawfirm.com

                                        Matthew Butterick (SBN 250953)
                                        1920 Hillhurst Avenue, #406
                                        Los Angeles, CA 90027
                                        Telephone: (323) 968-2632
                                        Facsimile: (415) 395-9940
                                                mb@butericklaw.com

                                        Justin A. Nelson (admitted *pro hac vice*)
                                        Alejandra C. Salinas (admitted *pro hac vice*)
                                        **SUSMAN GODFREY L.L.P**
                                        1000 Louisiana Street, Suite 5100
                                        Houston, TX 77002-5096
                                        Telephone: (713) 651-9366
                                        jnelson@susmangodfrey.com
                                        asalinas@susmangodfrey.com

                                        Rohit D. Nath (SBN 316062)
                                        **SUSMAN GODFREY L.L.P**
                                        1900 Avenue of the Stars, Suite 1400
                                        Los Angeles, CA 90067-2906
                                        Telephone: (310) 789-3100
                                        RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (pro hac vice)
Danna Z. Elmasry (pro hac vice)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (pro hac vice)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**

**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class*