UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>NVIDIA CORPORATION,<br><br>        Defendant. | Case No. 24-cv-01454-JST<br>Case No. 24-cv-02655-JST<br><br>**ORDER DENYING MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Re: ECF No. 153 |
| ANDRE DUBUS III, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>NVIDIA Corp.,<br><br>        Defendant. | |

Before the Court is Plaintiffs' motion to appoint interim co-lead class counsel. ECF No. 153. The Court will deny the motion without prejudice.

Under Federal Rule of Civil Procedure 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class. The appointment of interim class counsel is discretionary and is particularly suited to complex actions, as explained in the Manual for Complex Litigation (Fourth):

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . .

1   Manual for Complex Litigation (Fourth) § 21.11 (2004); *see also Bielski v. Coinbase, Inc.*, No. C

2   21-07478 WHA, 2022 WL 17650535, at *2 (N.D. Cal. Dec. 13, 2022).  Appointment of interim

3   class counsel is appropriate where it is "necessary to protect the interests of the putative class."

4   *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

5           The Court is not persuaded that appointment of interim lead class counsel is warranted at

6   this time.  First, Plaintiffs "do not indicate that the[ ] appointment[ ] [is] required to resolve 'any

7   rivalry between the [involved] firms, nor any uncertainty as to their respective roles.'"  *See*

8   *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5,

9   2019) (quoting *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D.

10  Cal. Aug. 18, 2014)); *see also In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL

11  3401989, at *3 (N.D. Cal. June 21, 2016) ("Counsel here have never alleged that they considered

12  competing with one another, and it appears to the court that counsel intended to cooperate with

13  one another from the start of the case, rendering appointment of interim class counsel

14  unnecessary.").  Indeed, Messrs. Saveri, Nelson, and Clobes assert that they have the unanimous

15  support of the law firms and lawyers involved in this case and that the counsel involved all have

16  "established, strong, collaborative working relationships."  *See* ECF No. 153 at 7, 8, 11, 19.

17  Plaintiffs thus do not contend that appointment of interim co-lead class counsel is necessary to

18  ensure coordination or cooperation among various counsel.

19          Second, courts have recognized that the "typical situation requiring appointment of interim

20  class counsel is one 'where a large number of putative class actions have been consolidated or

21  otherwise are pending in a single court.'"  *In re Nest Labs Litig.*, 2014 WL 12878556, at *1

22  (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1

23  (S.D. Ill. May 10, 2006)).  Here, this action originated as two related class actions in this district

24  with similar complaints, which the Court consolidated.  Plaintiffs "have not identified any other

25  related lawsuits or the potential for additional attorneys to enter the fray," so there are no "'special

26  circumstances warranting the appointment of interim class counsel.'"  *Huynh v. Quora, Inc.*, No.

27  18-CV-07597-BLF, 2019 WL 11502874, at *2 (N.D. Cal. Apr. 11, 2019) (quoting *In re Nest Labs*

28  *Litig.*, 2014 WL 12878556, at *1); *see also In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at

*2–3 ("Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel.") (collecting cases).

Accordingly, because Plaintiffs have not shown under the present circumstances that appointment of interim counsel is necessary to protect the interests of the class, the Court is not persuaded that there is any reason to deviate from the normal procedure for class actions. *See In re Roundup Prod. Liab. Litig.*, No. 16-md-02741-VC, 2020 WL 1983256, at *1 (N.D. Cal. Apr. 27, 2020) ("The appointment of class counsel is typically considered once a class has been certified absent a special justification."); *see also In re OpenAI ChatGPT Litig.*, No. 23-CV-03223-AMO, 2024 WL 1834368, at *1 (N.D. Cal. Apr. 26, 2024) (same).

## CONCLUSION

For the reasons above, the Court denies without prejudice Plaintiffs' motion to appoint interim class counsel.

**IT IS SO ORDERED.**

Dated: August 7, 2025



JON S. TIGAR
United States District Judge