UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NVIDIA CORPORATION,<br><br>　　　　Defendant. | Case No.  24-cv-01454-JST   (SK)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Regarding Docket No. 173 |

　　　　The parties submitted a letter brief concerning Plaintiffs' request to designate Defendant Nvidia Corporation's Chief Executive Officer, Jensen Huang, as a custodian of records for purposes of Defendant's document searches. Plaintiffs seek to include Huang as a custodian in connection with their requests for production, and Defendant opposes the designation.

　　　　Plaintiffs argue that Huang has spoken at length in public about Defendant's "selection and value of training data" in creating its Large Language Models ("LLMs") and cite to various public sites reflecting those discussions.  They emphasize that Huang himself has acknowledged the importance of training data, and they assert that the data used by Defendant is a central issue in this case.  Plaintiffs further note that the ESI Order (Dkt. No. 98) allows them to select 24 custodians of documents without a showing of good cause.  Defendant argues that other, lower level custodians have relevant information and that Plaintiffs are on a fishing expedition in seeking documents from Huang.  In essence, Defendants makes the same type of argument that protects an "apex" witness such as a CEO of a large corporation from protection from deposition before other witnesses have been deposed.

　　　　Because Huang has spoken at length about the training data used for LLMs, it is likely that he has documents that are relevant to this litigation.  Plaintiffs are not required to claw their way through other custodians before seeking documents from a CEO who has demonstrated

involvement in the key issues of the case.  And unlike depositions, which can be taken one at a time, obtaining and reviewing documents first from some witnesses before seeking documents from a CEO is not as easily segregated.  Requiring Plaintiffs to review documents from other custodians first, only to revisit the issue later, would be inefficient and unduly burdensome.

For these reasons, the Court ORDERS Defendant to designate Huang as a custodian in responding to Plaintiffs' requests for production.

**IT IS SO ORDERED**.

Dated: September 11, 2025



SALLIE KIM
United States Magistrate Judge

2