UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | Case No. 24-cv-01454-JST<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: ECF No. 174 |

Before the Court is Plaintiffs' motion for relief from a non-dispositive pretrial order concerning the scope of discovery. ECF No. 175. The Court will deny the motion.

## I. BACKGROUND

This is a suit for copyright infringement brought by Plaintiffs Abdi Nazemian, Brian Keene, Stewart O'Nan, and other proposed class members who are authors of books that were pirated and part of a training dataset that Defendant NVIDIA Corporation [NVIDIA] used for its series of large language models named NEMO Megatron-GPT. ECF No. 1 ¶¶ 1–4.

On August 6, 2025, the parties asked Judge Kim to decide whether Plaintiffs were entitled to seek discovery into NVIDIA's potential use of pirated datasets other than "The Pile," which is a copy of "Books3"—the database that Plaintiffs had knowledge of and made allegations about in the complaint. ECF No. 152 at 2; ECF No. 1 ¶ 31. Plaintiffs argued that the proposed searches terms on six databases containing pirated materials are highly relevant and posed no undue burden to NVIDIA. ECF No. 152 at 3, 5–6. Plaintiffs also argued that NVIDIA limited their ability to identify other pirated databases they used to train their LLMs by rejecting requests either to identify what other datasets their LLMs are trained or to run search terms intended to identify potential other datasets. *Id.* at 6. NVIDIA argued that the complaint only alleges that their LLMs

1  were **trained** on Books3, and discovery on other pirated databases is an improper attempt to seek
2  discovery on datasets beyond those alleged to contain putative class members' works, exceeding
3  the permissible scope of discovery. *Id.* at 7.
4      Judge Kim denied Plaintiffs' request, ruling that since the Plaintiffs are only alleging that
5  the LLMs were trained on the Books3 database, discovery was appropriately limited to that
6  database. ECF No. 168 at 3. Judge Kim found that Plaintiffs were not entitled to information
7  about the use of any dataset by NVIDIA, and their discovery request lacked sufficient bounds. *Id*
8  at 3–4. On September 4, 2025, Plaintiffs filed a timely motion for relief from Judge Kim's order,
9  which NVIDIA opposed on September 19, 2025. ECF Nos. 174, 178.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). While the "'clearly erroneous' standard applies to the magistrate judge's findings of fact," the magistrate's "legal conclusions are [reviewed] de novo." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Relevancy, for purposes of discovery, is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doe v. Kaiser*

*Found. Health Plan, Inc.*, 2024 WL 3225904, at *1 (N.D. Cal. June 28, 2024) (*citing In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020)). "Though a magistrate judge's determination of relevance is a legal conclusion, district courts have tended not to disturb such conclusions absent abuse of discretion." *AMEC Env't & Infrastructure, Inc. v. Integral Consulting, Inc.*, No. 12-CV-01735-SC, 2014 WL 6601960, at *2 (N.D. Cal. Nov. 19, 2014).

## IV.   DISCUSSION

Plaintiffs seek relief from Judge Kim's order declining to compel discovery to run searches on the use of six pirated databases. They argue that the order committed (1) legal error by restricting discovery of evidence only to information known to Plaintiffs at the pleading stage, and (2) abuse of discretion by failing to address Plaintiffs' relevance argument in the absence of any burden to NVIDIA. ECF No. 174 at 5. Plaintiffs argue that limiting discovery only to databases that they already knew NVIDIA was using ignores precedent in copyright infringement cases and undermines the utility and stated purpose of discovery. *Id*. at 4. NVIDIA opposed the motion by arguing that there was no evidence that the order was clearly erroneous or contrary to the law. ECF No. 178 at 2.

Judge Kim's order limited the scope of the databases that the Plaintiffs could examine to only the Books3 dataset that Plaintiffs specifically alleged as a source of the pirated training material. ECF No. 168 at 3. The Court does not find that Judge Kim committed legal error or an abuse of discretion here by refusing to grant discovery on the additional databases based on theories of infringement that exceed the scope of the allegations in the complaint. Courts in this district have routinely denied discovery regarding theories that exceed the scope of the operative complaint. *See Anderson v. Stability AI Ltd.*, 23-cv-00201-WHO, ECF No. 14 at 2 (N.D. Cal. Jun. 27, 2025); *In re Mosaic LLM Litig*, 2025 WL 2402677, at *2–3 (N.D. Cal. Aug. 19, 2025). It was well within the magistrate court's discretion to limit discovery to the specific allegations of infringement made in the complaint. Further, Plaintiffs incorrectly argue that Judge Kim's order improperly limits the proposed class of authors whose work may exist in the other pirated databases, when the limitations on the proposed class stem from the Plaintiffs' own operative complaint. ECF No. 174 at 6.

**CONCLUSION**

For the above reasons, the Court denies Plaintiffs' motion for relief from non-dispositive pretrial order.

**IT IS SO ORDERED.**

Dated: September 25, 2025



JON S. TIGAR
United States District Judge