[Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ABDI NAZEMIAN, et al., | Case No. 4:24-cv-01454-JST |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT** |
| vs. | |
| NVIDIA CORPORATION, | |
| Defendants. | Date       January 8, 2026 |
| | TIME:      2:00 p.m. |
| | PLACE:     Courtroom 6 |
| | United States Courthouse |
| | 1301 Clay Street |
| | Oakland, CA 94612 |

# TABLE OF CONTENTS

I.    BACKGROUND ......................................................................................................... 3

    A.    NVIDIA Downloaded Millions Of Books From Previously Undisclosed
        Shadow Libraries. ........................................................................................... 3

    B.    NVIDIA provides tools directing its customers' computers to download the
        pirated Books3 repository ............................................................................... 5

    C.    NVIDIA Has Developed More LLMs on The Pile Than Previously
        Disclosed. ....................................................................................................... 6

    D.    Despite Plaintiffs' Diligent Efforts, NVIDIA Concealed These Facts Until
        Three Weeks Ago ............................................................................................ 6

II.   LEGAL STANDARD ................................................................................................ 7

III.  ARGUMENT ............................................................................................................. 8

    A.    Plaintiffs Have Good Cause under Rule 16. ................................................... 8

    B.    Each *Foman* Factor Favors Leave to Amend under Rule 15. ............................. 10

        1.    Plaintiffs' Amendment Is Timely. ..................................................... 10

        2.    Plaintiffs Seek to Amend in Good Faith. ........................................... 11

        3.    There Is No Prejudice ......................................................................... 12

        4.    Plaintiffs' Amendment Is Not Futile .................................................. 13

IV.   CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Recs., Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001), *as amended* (Apr. 3, 2001) ................................................... 13

*Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*,
   2017 WL 6888242 (C.D. Cal. Sept. 7, 2017) ................................................................. 9

*Bartz v. Anthropic*,
   2025 WL 1741691 (N.D. Cal. June 23, 2025) ........................................................ 13

*Bartz v. Anthropic PBC*,
   787 F. Supp. 3d 1007 (N.D. Cal. 2025) ................................................................. 4

*Carranza v. City of San Pablo*,
   2022 WL 110647 (N.D. Cal. Jan. 12, 2022) ........................................................ 7, 9

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ................................................................................. 7

*dpiX LLC v. Yieldboost Tech, Inc.*,
   2015 WL 5158534 (N.D. Cal. Sept. 2, 2015) ...................................................... 11

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004) ............................................................................. 5

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ............................................................................. 7

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................... 2, 7, 9

*Hachette Book Grp., Inc. v. Internet Archive*,
   115 F.4th 163 (2d Cir. 2024) ............................................................................... 4

*Hall v. Google LLC*,
   2025 WL 1953847 (N.D. Cal. July 16, 2025) ...................................................... 7

*Herrera v. Cnty. of San Benito*,
   2025 WL 2323350 (N.D. Cal. Aug. 11, 2025) .............................................. *passim*

*Hwa Sung Sim v. Duran*,
   2018 WL 746490 (E.D. Cal. Feb. 7, 2018) ........................................................ 12

*Impossible Foods Inc. v. Impossible LLC*,
   2025 WL 712817 (N.D. Cal. Mar. 4, 2025) ........................................................ 8

ii

*In Re Mosaic LLM Litig.*,
    2025 WL 1755650 (N.D. Cal. June 25, 2025) ........................................................ 11

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ..................................................................................... 7

*Juarez v. Auto Zone Stores, Inc.*,
    2010 WL 3470759 (S.D. Cal. Sept. 3, 2010) ........................................................... 9

*Kadrey et al.* v. *Meta Platforms, Inc.*,
    2025 WL 82205 (N.D. Cal. Jan. 13, 2025) ............................................................ 10

*Kadrey v. Meta Platforms, Inc.*,
    2025 WL 1752484 (N.D. Cal. June 25, 2025) ........................................................ 12

*Lee v. Amguard Ins. Co.*,
    2021 WL 3161683 (N.D. Cal. July 27, 2021) ......................................................... 9

*Leines v. Homeland Vinyl Prods.*,
    2020 WL 6044037 (E.D. Cal. Oct. 13, 2020) ......................................................... 8

*Lockheed Martin Corp. v. Network Sols., Inc.*,
    194 F.3d 980 (9th Cir. 1999) ................................................................................... 12

*Malone v. US. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ................................................................................... 11

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
    2017 WL 3149297 (N.D. Cal. July 25, 2017) (Tigar, J.) .................................... 9, 12

*Padilla v. Sears, Roebuck & Co.*,
    2012 WL 5505071 (N.D. Cal. Nov. 13, 2012) ....................................................... 11

*PNY Techs., Inc. v. SanDisk Corp.*,
    2014 WL 294855 (N.D. Cal. Jan. 27, 2014) ..................................................... 11, 12

*Ross v. AT&T Mobility, LLC*,
    2020 WL 9848733 (N.D. Cal. Dec. 18, 2020) (Tigar, J.) .................................... 8, 12

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
    708 F.3d 1109 (9th Cir. 2013) ................................................................................. 11

*Tiedemann v. von Blanckensee*,
    72 F.4th 1001 (9th Cir. 2023) ................................................................................. 10

*Valero Ref. Co. v. Pac. Gas & Elec. Co.*,
    2020 WL 6286357 (E.D. Cal. Oct 26, 2020) .......................................................... 8

*Zivkovic v. S. California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ................................................................................. 9

iii

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................ 1, 7, 9, 11

Fed. R. Civ. P. 16 ................................................................................................................ 1, 7, 8

Fed. R. Civ. P. 72 ......................................................................................................................... 6

## **NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 8, 2025, at 2:00 p.m., or as soon thereafter as the Parties may be heard, Plaintiffs will and hereby do move for leave to file a First Amended Consolidated Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and to modify the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).

Plaintiffs seek an order granting their Motion for Leave to File a First Amended Consolidated Complaint and modifying the scheduling order based on evidence disclosed for the first time in recent weeks regarding: (1) ███████████████████████████████ ████████████████████████ and (2) ████████████████████████████████; and (3) disclosure of additional NVIDIA large language models ("LLMs") developed using Plaintiffs' copyrighted works. Plaintiffs accordingly seek leave to amend their Complaint to: (1) conform the allegations to newly discovered evidence of NVIDIA's ████████████████████████████ (2) assert new claims against NVIDIA for vicarious and contributory infringement based on newly disclosed evidence regarding NVIDIA's ████████████████████████████████████ ████████████████████████████; (3) identify additional LLMs trained on Plaintiffs' copyrighted works, including as the Court ordered in Dkt. 168, and (4) voluntarily withdraw Plaintiff Abdi Nazemian from the case and dismiss his claims without prejudice. Plaintiffs' proposed First Amended Consolidated Complaint is attached as Ex. A.

Plaintiffs' Motion is based on this Notice of Motion and Motion, an accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument of counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

Just 21 days ago, ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Within these 21 days, Plaintiffs informed NVIDIA of their intent to file a motion for leave to amend

a little over a week after NVIDIA first produced ██████████████████████████████

████████████████████, sent NVIDIA a draft amended complaint roughly six days later, and

gave NVIDIA nearly a week to consider whether it would oppose a motion for leave to amend.

Nystrom Decl. at ¶¶11.   Plaintiffs promptly filed this motion the same day NVIDIA indicated it

would oppose leave to amend.[1] *Id.*

In light of these new revelations, Plaintiffs' proposed first amended consolidated complaint

("FACC") adds (1) allegations of NVIDIA's ████████████████████████████████

████████████████████████████████████████████████████

████████████████ (2) allegations identifying additional large language models ("LLMs") that

NVIDIA trained on The Pile (which contains Books3), and (3) claims for contributory and vicarious

copyright infringement.[2] Plaintiffs move to amend the complaint with good cause based on recently

obtained discovery, and the FACC is proposed in good faith, is presented without delay, is not

futile, and will cause no prejudice since discovery is ongoing, with negotiations for discovery from

---

[1] Under Local Rule 7-2(a), Plaintiffs were required to notice this motion not less than 35 days from
filing. Per the Court's calendar, the earliest availability was January 8, 2026 for a civil matter
hearing.  As Plaintiffs provided NVIDIA nearly a week to consider whether it opposed this motion,
Plaintiffs were unable to notice this motion for November 20, 2025.  Plaintiffs anticipate filing a
motion for an earlier hearing date than January 8, 2026.
[2] The FACC also updates the complaint to reflect the forthcoming voluntary dismissal of Plaintiff
Abdi Nazemian. Plaintiffs emailed counsel for NVIDIA today regarding a stipulation of dismissal
for Mr. Nazemian. Nystrom Decl. at ¶12.

both parties still underway and roughly four months remaining of fact discovery. Dkt. 188.[3] The Court should grant Plaintiffs' Motion because each of the *Foman* factors weighs strongly in favor of allowing leave to amend.

## I.     BACKGROUND

Plaintiffs filed suit in early 2024 after NVIDIA publicly stated that it used The Pile dataset to train multiple LLMs. *See* Dkt. 1 at ¶23. The Pile dataset contains Books3. *Id.* at ¶25. Book3 contains over 195,000 copyrighted books that were derived from Bibliotik, which is an online repository that provides access to pirated copyrighted material. *Id.* at ¶25-28. In short, NVIDIA downloaded 195,000 pirated books and used those books to train its LLMs.

At that time, Plaintiffs were unaware whether NVIDIA downloaded books from any other pirated sources, including any other notorious shadow libraries. █████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████ ████████████ █████████████████████████████ █████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

At the time, ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████ Nystrom Decl., Ex. A at ¶52; Ex. E at 9.

In ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████a ████████████ Nystrom Decl., Ex. A at ¶54; Ex. F at 4. ██████████ █████ █ █████ ██████████████████████████████ █ █ ████████

---

[3] On October 10, 2025 Plaintiffs filed a Motion to Extend the Schedule, seeking to extend the deadline for substantial completion 45 days, and the overall schedule four weeks. Dkt. 186. The Court granted this motion on October 15. Dkt. 188. Plaintiffs believe that any limited expansion on the scope of discovery can be conducted within that extension.



Nystrom Decl., Ex. A at ¶55; Ex. F at 3.

Nystrom Decl., Ex. A at ¶56; Ex. F at 3.

Nystrom Decl., Ex. A at ¶56; Ex. F at 2-3.

. Nystrom Decl., Ex. A at ¶56; Ex. F at 2.

NVIDIA released the model known as the Nemotron-4 15B. The training data for this model has not been publicly disclosed. Public documents, however, indicate that it was trained on 8 trillion tokens. Though NVIDIA did not publicly identify the sources of the training data with any specificity, NVIDIA publicly disclosed that the training data included "books" and encompasses 70% from an "English natural language" dataset. This "English natural language" dataset is composed of 4.6% books. *See* NVIDIA, Nemotron-4 15B Technical Report, at 3 (Feb. 27, 2024), https://arxiv.org/pdf/2402.16819. To reach that percentage of tokens derived from books, the training data would likely need to include millions of books—far more than the content of Books3. To achieve the 8 trillion tokens needed, NVIDIA likely would have had to download books from the other prominent shadow libraries. Nystrom

Decl., Ex. A at ¶53; Ex. R; Ex. K at 3. Indeed, as revealed publicly over the last year, it is an industry-wide practice to use shadow libraries such as Library Genesis, Z-Library, and Pirate Library Mirror. *See, e.g.*, Alex Reisner, The Unbelievable Scale of AI's Pirated-Books Problem, The Atlantic (March 20, 2025), https://www.theatlantic.com/technology/archive/2025/03/libgen-meta-openai/682093/; *Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1015 (N.D. Cal. 2025) (noting Anthropic's use of LibGen and Pirate Library Mirror to download millions pf copyrighted books). Indeed, virtually every one of the major LLM developers—including OpenAI, Meta, and Anthropic—pirated books from Library Genesis, Z-Library, Sci-Hub, and/or Pirate Library Mirror.

### B.    NVIDIA provides tools directing its customers' computers to download the pirated Books3 repository

Recently produced discovery has further revealed that NVIDIA ████████████ ██████████████████████████████████. NVIDIA also supports and encourages its customers to download The Pile (and Books3). NVIDIA's website states opaquely that NVIDIA "provides utilities to download and prepare the Pile dataset." *See* https://docs.nvidia.com/nemo-framework/user-guide/24.07/llms/chatglm/dataprep.html. But only recent discovery illuminated what NVIDIA was doing. NVIDIA was providing its customers ██████████████████████████████████████████████████████████ ████████████████████████████████████. Nystrom Decl., Ex. A at ¶68; Ex. G at 4. ██████████████████████████████████████t ██████████████████████████████████████ ██████████████████████████████████████t ████████████████████████████ Nystrom Decl., Ex. G at 4. ████ ██████████████████████████████████████ ██████████████████████████████████████.

This conduct gives rise to new causes of action: contributory infringement and vicarious infringement. A defendant is liable for contributory infringement if it "induces, causes, or materially contributes to the infringing conduct of another" with knowledge or reason to know of the other's infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "A defendant

is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and "has the right and ability to supervise" the infringing activity." *Id.*

### C.    NVIDIA Has Developed More LLMs on The Pile Than Previously Disclosed.

Plaintiffs previously sought discovery into NVIDIA's LLMs in the "NeMo" *or* "Megatron" model families that were developed using copyrighted works. Dkt. 162. NVIDIA took the position that the case must be limited to the models specifically named in Plaintiffs' original complaint, which referred to the "NeMo Megatron series of large language models." *Id.* The Court then ruled that discovery should extend to "large language models in the Nemo Megatron family that exist and that trained on The Pile dataset." Dkt. 168. ████████████████████████████ ████████████████████████████████████████████████████████████

Nystrom Decl., Ex. A at ¶40; *see, e.g.*, Ex. D at 2. For instance, the Pile dataset was included as training data for an LLM known as ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████ Nystrom Decl., Ex. A at ¶40; Ex. I at 3-4

### D.    Despite Plaintiffs' Diligent Efforts, NVIDIA Concealed These Facts Until Only Weeks Ago.

Based on the widespread practice by AI companies of downloading and maintaining massive quantities of copyrighted books and using (without permission or payment) those books for, *inter alia*, LLM training, Plaintiffs sought discovery into NVIDIA's efforts to source materials from—and discussions with—pirate libraries. Plaintiffs served written discovery seeking this information in July 2024, and NVIDIA refused to provide it. *See, e.g.*, Ex. T (NVIDIA Responses and Objections to Plaintiffs' First RFPs at No. 9 (refusing to production documents in response to a request for "All Documents and Communications regarding Your use of 'Shadow Libraries,' Including, but not limited to Library Genesis (aka LibGen), Z-Library (aka B-ok), Sci-Hub, and Anna's Archive.")). After months of disputes regarding these terms, the parties submitted a joint letter brief addressing the issue to the Court. Dkt 162. The Court denied Plaintiffs' discovery into

NVIDIA's use of these pirated libraries because Plaintiffs only knew (and therefore only specifically alleged) NVIDIA used The Pile dataset. Dkt 168; Dkt. 183. But the day after the Court denied Plaintiffs' Rule 72 motion, NVIDIA produced documents ██████████████████████████████ ███████████████████████████████ ██ ████████████████████. *Compare* Nystrom Decl. at ¶7 (noting Ex. F was produced September 26, 2025), *with* Dkt. 183 (dated September 25, 2025)

Plaintiffs also could not determine, from public information, the full scope of NVIDIA's support and encouragement of its customers downloading The Pile. For example, ████████████ ████████████████████████████████████████████████████████████████ ██████. Nystrom Decl., Ex. A at ¶69; Ex. J; Ex. L, Ex. M; Ex. O. Since NVIDIA first began producing meaningful, non-public documents in September 2025, Plaintiffs have diligently reviewed those documents and are developing a fuller understanding of the scope of NVIDIA's infringement.

Finally, it was not until NVIDIA responded to the Court' Order directing it to provide discovery into "large language models in the Nemo Megatron family that exist and that trained on The Pile dataset," Dkt. 168, that Plaintiffs knew of additional Nemo Megatron models developed using The Pile dataset. And documents produced on September 19 and September 26, 2025 ████████████████████████████████████████████████████████████████ ████████.

## II.    **LEGAL STANDARD**

"[W]hen a party moves to amend the pleadings after the scheduling order has been issued, it must show good cause for amendment." *Herrera v. Cnty. of San Benito*, 2025 WL 2323350, at *1 (N.D. Cal. Aug. 11, 2025); Fed. R. Civ. P. 16(b)(4). "[T]he good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *Hall v. Google LLC*, 2025 WL 1953847, at *1 (N.D. Cal. July 16, 2025) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Once the party makes a showing of good cause, the court then considers whether amendment is proper under Rule 15. *Id.* at *1.

Under Rule 15, Courts "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is "applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Courts consider five factors on whether to allow amendment: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) "repeated failure to cure deficiencies by amendments previously,"[4] (4) "undue prejudice to the opposing party," (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

## III.    ARGUMENT

The Court should grant leave to amend because (1) Plaintiffs acted with due diligence after discovering relevant new documents evidencing important new facts and resulting good cause to extend the deadline to amend under Rule 16, and (2) each of the *Foman* factors weighs in favor of leave to amend under Rule 15a. *See Carranza v. City of San Pablo*, 2022 WL 110647, at *3 (N.D. Cal. Jan. 12, 2022) (setting forth framework to analyze motions to amend).

### A.    Plaintiffs Have Good Cause under Rule 16.

Plaintiffs seek three main amendments: (1) to add allegations identifying additional LLMs that NVIDIA developed using Plaintiffs' copyrighted books; (2) to add allegations that NVIDIA ███████████████████████████████████████████ and (3) to add claims of vicarious and contributory infringement based on NVIDIA's directing and instructing its customers' to download and use of The Pile (and Books3) and allegations supporting these additional claims.

"Newly discovered facts may constitute good cause to modify a pretrial scheduling order to allow amendment to the pleadings." *Impossible Foods Inc. v. Impossible LLC*, 2025 WL 712817, at *3 (N.D. Cal. Mar. 4, 2025) (citation omitted). "As a result, '[a]llowing parties to amend based on information obtained through discovery is common and well established.'" *Id.* (alteration in

---

[4] Given that Plaintiffs have not previously amended, this factor is not relevant to the Court's analysis.

8

original) (citation omitted). NVIDIA produced nearly 585 documents on September 19, and NVIDIA also produced 2,000 documents on September 26 including, for the first time, documents showing ████████████████████████████████████████. Nystrom Decl. at ¶¶6, 7. NVIDIA has since produced an additional 5,600 documents on just this month, ████████ ████████████████████████████████████████████████████████ *Id.* at ¶¶8, 9, 10.

Plaintiffs communicated to NVIDIA their intent to amend on October 7. 2025 and sent a proposed draft of the amended complaint on October 12, 2025, requesting whether NVIDIA would consent to Plaintiffs filing the amended complaint. *Id.* at ¶11. After reviewing for several extra days, NVIDIA on October 17, 2025—during a telephonic meet and confer—confirmed that it opposes the filing. *Id.* Upon learning NVIDA's position, Plaintiffs immediately filed this motion.

In short, Plaintiffs promptly drafted the amended complaint, informed NVIDIA of Plaintiffs' intent, and gave NVIDIA extra time to consider the amended complaint within just weeks of discovering the newly produced documents. This diligence easily meets the good cause standard. *See Ross v. AT&T Mobility, LLC*, 2020 WL 9848733, at *3 (N.D. Cal. Dec. 18, 2020) (Tigar, J.) (good cause to amend exists where information supporting additional allegations and claims was first provided in defendant's disclosures served after deadline to amend); *Valero Ref. Co. v. Pac. Gas & Elec. Co.*, 2020 WL 6286357, at *2-3 (E.D. Cal. Oct 26, 2020) (good cause to amend exists where additional facts supporting amended complaint were first uncovered in depositions conducted after deadline to amend); *Leines v. Homeland Vinyl Prods.*, 2020 WL 6044037, at *3 (E.D. Cal. Oct. 13, 2020) (good cause to amend where additional facts were uncovered shortly before the close of fact discovery).

"'Good cause' may be shown where pretrial deadlines 'cannot reasonably be met despite the diligence of the party seeking the extension [of time to amend].'" *Carranza v. City of San Pablo*, 2022 WL 110647, at *3 (N.D. Cal. Jan. 12, 2022) (quoting *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Here, Plaintiffs could not reasonably present these additional allegations and claims prior to the Court's April 15, 2025, deadline to amend the pleadings. Dkt. 71 at 7. Plaintiffs sought discovery into the scope of NVIDIA's illegal use of copyrighted material

early in the case, but NVIDIA consistently objected.  NVIDIA did not start producing custodial

discovery until September 2025, five months after the deadline to amend the complaint. A finding

of good cause is particularly appropriate where, as here, it is the *defendant's* conduct that prevented

earlier amendment. *See, e.g., Lee v. Amguard Ins. Co.*, 2021 WL 3161683, at *6  (N.D. Cal. July

27, 2021) (good cause to amend where defendant did not begin production of documents with facts

supporting amendment until shortly before deadline to amend); *Juarez v. Auto Zone Stores, Inc.*,

2010 WL 3470759, at *2 (S.D. Cal. Sept. 3, 2010) (good cause where, *inter alia*, plaintiff could not

have learned relevant facts sooner due to defendant's failure to disclose).

### B.    Each *Foman* Factor Favors Leave to Amend under Rule 15.

#### 1.    Plaintiffs' Amendment Is Timely.

There is no undue delay here. Courts "evaluate 'whether the moving party knew or should

have known the facts and theories raised by the amendment in the original pleading.'" *Herrera v.*

*Cnty. of San Benito*, 2025 WL 2323350, at *2 (N.D. Cal. Aug. 11, 2025).  There can be no undue

delay where Plaintiffs proposed amendments "are a result of recent developments in discovery,"

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *4 (N.D. Cal. July 25, 2017)

(Tigar, J.), particularly given that Plaintiffs "diligently pursued modification upon learning of the

facts giving rise to the new claims," by moving to amend within a couple short weeks of Defendant

producing this new evidence, *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, 2017 WL

6888242, at *5 (C.D. Cal. Sept. 7, 2017). When Plaintiffs filed their original complaint, they knew

that the LLM training community was keenly interested in obtaining copyrighted material from

pirate libraries, and they pled as much. Dkt. 1 at ¶27. But the correct inquiry is "how quickly the

motion for leave to amend was filed after the moving party knew of the necessary facts and theories

to support the proposed amendment." *Herrera*, 2025 WL 2323350, at *3. ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Not until NVIDIA produced documents on September

26 and thereafter indicating▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓could Plaintiffs

make the specific factual allegations that the Court held were required to obtain discovery on

additional pirated libraries. Nystrom Decl. at ¶7; Dkt. 183.

Nor did Plaintiffs delay in bringing additional claims based on vicarious or contributory copyright infringement theories. Just last month, ████████████████████████████████████████████████████████████████████████████. Although NVIDIA's public website states it provided "scripts" to download and process The Pile, public information did not adequately detail how this downloading was accomplished and whether it would actually constitute a distinct infringing act. *Cf.* https://docs.nvidia.com/launchpad/ai/base-command-nemo/latest/bc-nemo-step-02.html. Recent discovery not only provided the identity of the customers that NVIDIA directly assisted in downloading The Pile (and Plaintiffs books) but also demonstrated that these scripts were not simply passive tools provided to customers, but an integral part of NVIDIA's business. For NVIDIA's ████████████████████████████████████████ only discovered this evidence after it was produced on October 3, 2025. Nystrom Decl. at ¶8; Ex. N at 4; Ex. P at 3; Ex. A at ¶41.

As to the additional models added to the complaint, Plaintiffs only learned this information last month. Specifically, following the Court's Order regarding the scope of models, Dkt. 168, NVIDIA produced documents and made disclosures that showed NVIDIA's use of The Pile (and Books3) was not limited to just the NeMo Megatron models identified in the original complaint that was based on public information. Acting on information revealed during discovery in just the last month is no delay, let alone undue delay. In any event, even delay alone would not be sufficient to defeat a motion for leave to amend. *See Kadrey et al.* v. *Meta Platforms, Inc.,* 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (finding no undue delay and stating that "[i]n any event, 'delay, by itself, is insufficient to justify denial of leave to amend'" (quoting *Tiedemann v. von Blanckensee,* 72 F.4th 1001, 1011 (9th Cir. 2023))).

2.    Plaintiffs Seek to Amend in Good Faith.

"In order for the Court to find that a moving party filed for leave to amend in bad faith, the opposing party must offer evidence that shows 'wrongful motive' on the part of the moving party." *dpiX LLC v. Yieldboost Tech, Inc.*, 2015 WL 5158534, at *4 (N.D. Cal. Sept. 2, 2015) (citation omitted). "Bad faith may exist where 'the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.'" NVIDIA cannot possibly make this showing. The

11

proposed amended complaint reflects only what discovery has revealed to date—brought timely after NVIDIA revealed this information. There simply is no dilatory motive. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also Padilla v. Sears, Roebuck & Co.*, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012) (finding no bad faith where the amending party was "not seeking to unreasonably prolong the litigation or to destroy diversity by adding new parties").

### 3.    There Is No Prejudice.

NVIDIA cannot show prejudice. In assessing prejudice, courts look at "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. US. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Neither is present here. "[T]he burden of having to defend a new claim alone is not undue prejudice under Rule 15," and "the prospect of additional discovery needed by the non-moving party in itself" is insufficient. *PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 294855, at *5 5 (N.D. Cal. Jan. 27, 2014). The amendments "will not represent a radical shift in the nature or scope of discovery." *See In Re Mosaic LLM Litig.*, 2025 WL 1755650, at *3 (N.D. Cal. June 25, 2025) (granting motion to amend to add additional models). Discovery into NVIDIA's ████████████████████████ ████████████████████ discovery into NVIDIA's downloading of Plaintiffs' works from Books3. Indeed, Plaintiffs have already served discovery requests on this issue and the parties have negotiated about search terms to locate responsive documents (with NVIDIA ultimately refusing to run them on relevance, not burden grounds). *See generally* Dkt. 162. The same is true for Plaintiffs' proposed contributory and vicarious infringement claims as well as the other models identified, which center on NVIDIA's acts involving the Books3 dataset—this discovery is already squarely at issue. ██████████████████████████ *See* Nystrom Decl., Ex. A at 41. Courts have found that additional discovery does not result in "undue" prejudice where the "discovery taken to date is relevant to the added claims, as evidenced in part by Plaintiff bringing this motion after learning new facts during and after discovery" and "[a]ny additional information that may be relevant to the added [allegations] is also more likely in

1    Defendant's possession, custody, or control." *Herrera v. Cnty. of San Benito*, 2025 WL 2323350,

2    at *5 (N.D. Cal. Aug. 11, 2025).

3         Importantly, there is no "need to reopen discovery and therefore delay the proceedings,"

4    that might support denying a motion to amend. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194

5    F.3d 980, 986 (9th Cir. 1999). Instead, there are roughly four months left in pre-class certification

6    fact discovery. *See* Dkt. 188 at 2; *PNY Techs.*, 2014 WL 294855, at *5 (finding no prejudice where

7    "the motion to amend the pleadings came with four months remaining for discovery"). Simply put,

8    "prejudice to a non-movant is mitigated if discovery is still open." *Hwa Sung Sim v. Duran*, 2018

9    WL 746490, at *2 (E.D. Cal. Feb. 7, 2018) (citation omitted).

10         4.    Plaintiffs' Amendment Is Not Futile.

11         A proposed amendment is futile "only if no set of facts can be proved under the amendment

12    to the pleadings that would constitute a valid and sufficient claim or defense." *Ross v. AT&T*

13    *Mobility, LLC*, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020) (citation omitted). Plaintiffs

14    already have a valid existing claim against NVIDIA for direct copyright infringement. The

15    additional factual allegations illuminate the scope of NVIDIA's infringement as to the scope of

16    models trained on The Pile.

17    This is not futile.

18         "[D]enial of a motion for leave to amend on the ground of futility is rare and courts generally

19    defer consideration of challenges to the merits of a proposed amended pleading until after leave to

20    amend is granted and the amended pleading is filed." *Oracle*, 2017 WL 3149297, at *4 (citation

21    and quotation marks omitted). Here, NVIDIA never moved to dismiss Plaintiffs' direct

22    infringement claim (Count I). Since Plaintiffs seek to update their direct infringement allegations,

23    NVIDIA has no basis to argue that amendment is futile. Similar claims have proceeded passed

24    summary judgment in other copyright infringement cases against AI companies. *See, e.g.*, *Kadrey*

25    *v. Meta Platforms, Inc.*, 2025 WL 1752484, at *8 (N.D. Cal. June 25, 2025) (noting "plaintiffs'

26    claim that Meta infringed their copyrights by distributing their works" via BitTorrent "remain[s] a

27    live issue in the case" after summary judgment); *Bartz v. Anthropic*, 2025 WL 1741691, at *18

28    (N.D. Cal. June 23, 2025) (finding Anthropic's downloading of plaintiffs' works from pirate sites

13

1    to build central library was not fair use). ███████████████████████████

2    ███████ "the person who copies the textbook from a pirate site has infringed already, full

3    stop." *Bartz v. Anthropic PBC*, 2025 WL 1741691, at *11 (N.D. Cal. June 23, 2025).

4         And the new claims for contributory and vicarious infringement are likewise far from futile.

5    NVIDIA intentionally, and knowingly, provided material support to its customers to violate

6    Plaintiffs' copyrights by providing them with the means to quickly and easily download The Pile

7    (including Plaintiffs' books). *See A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020-22 (9th

8    Cir. 2001), *as amended* (Apr. 3, 2001). NVIDIA also directly benefitted financially by providing

9    the tools to its customers to violate Plaintiffs' copyrights—namely, attracting customers to its

10   NeMo Megatron framework.  And NVIDIA also had the right and ability to control how its

11   customers used its NeMo Megatron framework that NVIDIA provided. *See id.* at 1022-24.

12        Even so, "[t]he merits or facts of a controversy are not properly decided in a motion for

13   leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or

14   for summary judgment." *Herrera v. Cnty. of San Benito*, 2025 WL 2323350, at *5 (N.D. Cal. Aug.

15   11, 2025).

16   **IV.    CONCLUSION**

17        For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs motion

18   to modify the scheduling order and for leave to file the proposed First Amended Consolidated

19   Complaint.

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO FILE FACC
Case No.: 4:24-cv-01454-JST

DATED:  October 17, 2025

By:  _/s/ Rohit D. Nath_

Joseph R. Saveri (CSB No. 130064)
Christopher K.L. Young (CSB No. 318371)
Evan Creutz (CSB No. 349728)
Elissa A. Buchanan (CSB No. 249996)
William Waldir Castillo Guardado (CSB No. 294159)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**

15

One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

16

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
mb@butterricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

17