[Counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Abdi Nazemian, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>NVIDIA Corporation,<br><br>　　　　Defendant. | Master File Case No. 4:24-cv-01454-JST (SK)<br>Consolidated with Case No. 4:24-cv-02655-JST (SK)<br><br>**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER NVIDIA'S MATERIAL SHOULD BE FILED UNDER SEAL, DKTS. 192 & 195** |

1    Pursuant to Civil Local Rules 7-11 and 79-5(f)(4) and the Court's Standing Order regarding Civil
2    Cases, Plaintiffs respectfully submit this response to Defendant's statement in response to Plaintiffs'
3    Administrative Motion to Consider Whether NVIDIA's Material Should Be Filed Under Seal. Dkts. 195,
4    192. Plaintiffs filed an Administrative Motion To Seal because Plaintiffs' Motion to Modify the
5    Scheduling Order and for Leave to File First Amended Consolidated Complaint discussed information
6    designated as Confidential by NVIDIA. *See* Dkts. 192 & 193. In response, NVIDIA filed an overbroad
7    and generalized sealing request. Dkt. 195. For the reasons set forth below, Nvidia has not provided
8    compelling reasons to redact and seal Exhibits A (Proposed Amended Complaint), B (Redline of the
9    Proposed Amended Complaint), or good cause to redact portions of Exhibit F (NVIDIA document
10   discussed in Exhibits A and B).

     NVIDIA attempts to seal *any* details of its "collaboration with a third party" related to Exhibit F.
     *See, e.g.*, Dkt. 195-2 (NVIDIA's proposed redactions to Exhibit F). ███████████

     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ███████████████████████████████████████████.[2] While NVIDIA admits that it
     sought to "collaborat[e] with a third party," Dkt. 195-1 at 4, it may be *embarrassing* for NVIDIA to
     collaborate ██████████████████████████, but it is not a trade secret or otherwise
     entitled to redaction here.

     There is a strong presumption in favor of providing the public access to court records. *Ctr. for
     Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). It is a stringent standard to seal

     ─────────────
     ███████████████████████████████████████████████
     ███████████████████████████████████████████████
     ██████████████████ ████████████████████████████
     ███████████████████████████

a judicial record—"[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Arrow Elecs. v. Quantum Corp.*, 2025 WL 1479659, at *1 (N.D. Cal. Feb. 12, 2025) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). When considering a motion for leave to amend, courts in this district generally apply a good cause standard to the briefing and exhibits but the compelling reasons standard to the proposed amended complaint. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 7678649, at *2 (N.D. Cal. Nov. 13, 2023) (applying the compelling reasons standard to the "clean and redlined versions" of the amended complaint attached to a motion for leave to amend).

NVIDIA's proposed redactions to Exhibit F are subject to the good cause standard, which "requires a 'particularized showing' that can 'warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *3 (N.D. Cal. Dec. 12, 2012) (quoting *Kamakana*, 447 F.3d at 1180). NVIDIA's proposed redactions to Exhibit F, Dkt. 195-2, do not meet this standard. *See* L.R. 79-5(c). NVIDIA claims the redacted information in Exhibit F "discloses NVIDIA's research priorities, research and development strategy, as well as specific technical details of NVIDIA's internal development process." Dkt. 195 at 5. On this basis, NVIDIA redacted the name of the infamous ▮▮▮▮▮▮▮▮▮▮ that NVIDIA collaborated with in Exhibit F. The identity of this third party—and even the subject line of the email—is plainly not technical information or an internal business process, let alone a trade secret. *Cf.* Dkt. 195-2. Other courts have not maintained similar information under seal. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Of the remaining information, NVIDIA's proposed redactions concern (1) NVIDIA's general statements about its product development provided to the third party and (2) information provided by that third party. Neither of these justify sealing the portions of Exhibit F NVIDIA identified.

The information in NVIDIA's October 18th and 27th emails is two years old. Dkt. 195-2. And NVIDIA does not even attempt to show that it "employ[s] careful measures to ensure this information [in Exhibit F] remains protected and out of the public eye to prevent competitors from gaining insight"

to it. *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2024 WL 4455492, at *7 (N.D. Cal. Oct. 8, 2024). NVIDIA already disclosed this information to the third party in Exhibit F— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On its face, the information NVIDIA provided to this third party is not specific technical, financial, or other information that could warrant sealing. It doesn't. *Cf. Keirsey v. eBay, Inc*, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (granting motion to seal "the specific numbers of users and the amounts of optional fees they paid").

The cases NVIDIA cites do not support its redactions to Exhibit F. *See, e.g.*, *Laatz v. Zazzle, Inc.*, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting the sealing of *specific* information like "the number of and the technical specifications of Zazzle's servers; technical details of Zazzle's proprietary Design Tool"). The only even arguably information about NVIDIA's development or technical process included in Exhibit F is NVIDIA's generalized statement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But this ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] *Cf. Bartz v. Anthropic*, No. 3:24-cv-05417 (N.D. Cal. May 15, 2025), Dkt. 198 at 6-8 (denying Anthropic's attempt to seal well-known information about LLMs and words relating to Anthropic's scanning of books for AI development).

And the information provided by ▮▮▮▮▮▮▮▮ that NVIDIA seeks to seal is largely public information. *Compare* Ex. F (email from October 26, 2023 9:25pm), *with* Ex. A ¶49 (▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮, *and* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (providing nearly identical details the third party provided in the October 26, 2023, 9:25pm email). The third party itself noted the information was a "copy paste." Dkt. 195-2 at 2. That ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or the other information NVIDIA redacted from ▮▮▮▮▮▮▮▮ cannot possibly implicate *NVIDIA's* trade secrets or internal confidential information. Simply, "[i]t is unclear how information like this relates to

---

[3] *See, e.g.*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[NVIDIA's] competitive interests." *Rabin v. Google LLC*, 2025 WL 1894837, at *1 (N.D. Cal. July 9, 2025). ▮▮▮▮▮▮.

NVIDIA attempts to hide that it ▮▮▮▮▮▮ Dkt, 195-2. But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Plainly, NVIDIA's "sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity." *Kadrey v. Meta*, No. 23-cv-03417 (N.D. Cal. Jan. 8, 2025), Dkt. 373 at 1 (denying as "preposterous" Meta's request to seal documents related to LibGen that stated for example, "[i]f there is media coverage suggesting we have used a dataset we know to be pirated, such as LibGen, this may undermine our negotiating position with regulators on these issues."). Accordingly, the Court should reject NVIDIA's attempt to redact Exhibit F.

Regarding Exhibits A and B,[4] NVIDIA acknowledges they are subject to the compelling reasons standard. Dkt. 195 at 2. Yet even NVIDIA does not contend it has met the "compelling reasons" standard. *See* Dkt. 195 at 4 ("NVIDIA has shown *good cause*" to redact portions of Exhibits A and B." (emphasis added)). That alone provides sufficient basis to deny NVIDIA's request to seal Exhibits A and B. *See Rabin v. Google LLC*, 2025 WL 1894837, at *2 (N.D. Cal. July 9, 2025) (denying motion to seal where Google argued it met the "good cause" standard where the "compelling reason" standard applied and finding " Google has not offered specific information or an evidentiary basis for sealing the transcript of this hearing under the compelling reasons standard").

NVIDIA also offers no "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Google Inc. v. Eolas Techs. Inc.*, 2016 WL 9243337, at *1 (N.D. Cal. Mar. 22, 2016) (citation omitted). Nvidia's boilerplate "basis for request" of "confidential business information, research, and product analysis" that might "harm

---

[4] Many of the redactions in Exhibits A and B relate to Exhibit F. As discussed above, NVIDIA failed to establish good cause to redact Exhibit F, and to the extent the Court denies NVIDIA's request as to Exhibit F, the corresponding information in Exhibits A and B (or Plaintiffs motion) should also not be redacted. Since there is no good cause to redact Exhibit F, there is certainly no *compelling reason* to maintain redactions over references to Exhibit F in Exhibits A and B.

NVIDIA's competitive standing," without any supporting facts, is far from enough. Dkt. 195 at 4. As this Court's Standing Order states, "[c]onclusory references to 'competitive harm' without explanation are also almost always insufficient justification for sealing." They are definitely insufficient here.

NVIDIA seeks to seal over 100 lines of redacted text in Exhibits A and B; arguing broadly, and without support, that all of this information should be kept secret and would harm its business if disclosed. Paragraphs 41, 46, 49, 51, 53-56, and 68-70 of Exhibit A cover multiple issues and facts, yet NVIDIA makes no individualized showing—no discussion of how any, let alone all, of this specific information represents sensitive information or trade secrets.[5] *See Arrow Elecs.*, 2025 WL 1479659, at *2 ("And the conclusory 'trade secret' assertion does not overcome here the 'compelling reasons' standard to validate sealing."). NVIDIA's unsubstantiated claim of potential harm to its business is insufficient. *See Dunbar*, 2012 WL 6202719, at *4 ("Google fails to explain how disclosure of this information would provide an unfair advantage to competitors or enable hackers and spammers to carry out attacks on Google's customers."). In *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, the court denied a motion to seal where "Defendant[ had] not provided facts to explain how, exactly, disclosing at-issue information would cause competitive harm of the sort that disclosing a trade secret can cause." The court held, "[i]t is simply unclear what irreversible harm will result if the public (even competitors) can access this information." 789 F. Supp. 3d 760, 769 (N.D. Cal. 2025). The same is true of NVIDIA's motion. For example, some redactions in Exhibit A discuss *public* information. *See e.g.*, Ex. A at ¶¶46-47, 49 & 51, 62-65.[6]

NVIDIA's attempt to seal public and simply embarrassing information falls far short of meeting its burden required to redact Exhibits A, B (compelling reason), or F (good cause). Accordingly, the Court should deny NVIDIA's request to maintain the redactions to Exhibits A, B, and F.

---

[5] "The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as 'any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *EON Corp IP Holdings LLC v. Cisco Sys. Inc*, 2014 WL 1017514, at *2 (N.D. Cal. Mar. 11, 2014) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).

[6] While Plaintiffs maintain that Exhibit F should not be sealed at all, Plaintiffs redacted paragraphs in Exhibits A and B discussing public information that related to Exhibit F out of an abundance of caution in the event that NVIDIA asserted these paragraphs should be redacted. NVIDIA, however, has failed to meet its burden in justifying redacting these paragraphs as well as the rest of Exhibits A and B.

Dated: October 28, 2025

Respectfully submitted,

By: /s/ Rohit D. Nath
Joseph R. Saveri (CSB No. 130064)
Christopher K.L. Young (CSB No. 318371)
Evan Creutz (CSB No. 349728)
Elissa A. Buchanan (CSB No. 249996)
William Waldir Castillo Guardado (CSB No. 294159)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**

One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)

7
PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S STATEMENT RE DKTS. 192 & 195

Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
mb@butfericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*