1    [Counsel on signature page]

2

3

4

5

6

7

8

9                   **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
10                    **OAKLAND DIVISION**

11

12 Abdi Nazemian, et al.,                 Master File Case No. 4:24-cv-01454-JST (SK)
                                         Consolidated with Case No. 4:24-cv-02655-JST
13            Plaintiffs,               (SK)

14        vs.                              **PLAINTIFFS' RESPONSE AND**
                                         **OPPOSITION TO DEFENDANT'S**
15 NVIDIA Corporation,                **ADMINISTRATIVE MOTION TO FILE**
                                         **UNDER SEAL MATERIAL IN**
16            Defendant.              **PLAINTIFFS' RESPONSE AND**
                                         **OPPOSITION TO NVIDIA'S STATEMENT**
17                                        **IN RESPONSE TO PLAINTIFFS'**
                                         **ADMINISTRATIVE MOTION TO**
18                                        **CONSIDER WHETHER NVIDIA'S**
                                         **MATERIAL SHOULD BE FILED UNDER**
19                                        **SEAL, DKT. 203**

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5(f)(4) and the Court's Standing Order regarding Civil Cases, Plaintiffs respectfully submit this response to Defendant's administrative motion to file under seal material in Plaintiffs' response and opposition to NVIDIA's statement in response to Plaintiffs' administrative motion to consider whether NVIDIA's material should be filed under seal, Dkt. 203.

On October 17th, Plaintiffs filed an administrative motion asking the court to consider whether information designated as confidential by NVIDIA in Plaintiffs' Motion to Modify the Scheduling Order and for Leave to File First Amended Consolidated Complaint ("the Motion") should be sealed. Dkt. 192. NVIDIA filed a broad sealing request, Dkt. 195, and Plaintiffs responded. Dkt. 198 (redacted); Dkt. 200 (unredacted). NVIDIA then filed an administrative motion to seal Plaintiffs' response. Dkt. 203.

This sealing spiral should end with Plaintiffs' motion to amend the complaint. The information in Plaintiffs' response, Dkt. 198, which NVIDIA argues should be sealed, is nothing more than a broad description of NVIDIA's business, the name of a so-called "business partner," and a description of the *publicly available information* the "business partner" provides. NVIDIA's request to seal Plaintiffs' response is subject to the good cause standard, which "requires a 'particularized showing' that can 'warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *3 (N.D. Cal. Dec. 12, 2012) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). But NVIDIA's motion makes no particularized claim about why the information in Plaintiffs' response should be sealed. As a result, nothing in NVIDIA's motion should overcome the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

NVIDIA uses its motion to seal Plaintiffs' response as a reply brief, adding arguments as to why the Court should seal attachments to Plaintiffs' original Motion. *See, e.g.*, Dkt. 203 at 2 (arguing that "Exhibit F" contains confidential information). It adds new legal arguments about when courts seal confidential business information, Dkt. 203 at 1, and reasserts the (conclusory) point that Exhibit F "shows NVIDIA's research priorities," including "how and where it looks for potential training data." Dkt. 203 at 2. As an example: NVIDIA's motion argues that its "request for information on a potential research collaboration" reveals "strategic considerations and priorities for conducting internal research intended to inform future technical development strategy." *Id.* NVIDIA's claim that its relationship with

a shady business partner is a part of its "technical development strategy" is telling—but it does not explain with any particularity why that information is sensitive or confidential beyond simply being embarrassing for NVIDIA.[1]

Exhibit F should not be sealed for the reasons outlined in Plaintiffs' response, Dkt. 198. Most importantly, NVIDIA's relationship with a shady business partner—while unseemly—is not the type of specific and proprietary business information that courts typically seal. *See* Dkt. 198 at 1 (making this argument); *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *see also Contour IP Holding, LLC v. GoPro, Inc.*, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020) (sealing information that related to "confidential sales figures, companies' positions in the market," and specific corporate decisions, but *not* sealing information that was merely "kept confidential or relates to the parties' business affairs"); *Keirsey v. eBay, Inc*, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (granting motion to seal only "the specific numbers of users and the amounts of optional fees they paid").

Second, much of the information that NVIDIA seeks to redact—including, crucially, the actual data that NVIDIA wanted to access—is public. See Dkt. 198 at 3 (noting that the information provided by NVIDIA's so-called "business partner" was public); *Bartz v. Anthropic*, No. 3:24- cv-05417 (N.D. Cal. May 15, 2025), Dkt. 198 at 6-8 (denying Anthropic's attempt to seal well-known information about LLMs and words relating to Anthropic's scanning of datasets for AI development). It is common knowledge that LLMs are trained on large bodies of text. For example, NVIDIA itself has previously disclosed its use of large corpuses of training data containing books—like the pirated books in Books3. *See* Dkt. 1 at ¶ 23 (NVIDIA publicly disclosed that NeMo Megatron was trained on dataset including Books3). The only unique piece of information that NVIDIA seeks to redact is exactly which source NVIDIA sought the information from—a detail that would not cause NVIDIA competitive harm if made public, because looking for large internet data sources is *already a common business practice* among AI companies. *See* Dkt. 198 at 2 (citing cases noting that other AI companies used the same business

---

[1] Plaintiffs deliberately avoid including the name of the source in this Response to avoid triggering yet another round of sealing motions.

1    partner); Dkt. 200 at 2 (unredacted version).

2        NVIDIA argues that courts in this district "regularly find good cause to seal confidential business

3    information, technical documents, and internal business processes . . . ." Dkt. 203 at 1–2. But the cases

4    they cite for this premise deal with *trade secrets*—not mere collaboration with shady "business partners."

5    See *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2024 WL 4455492, at *7 (N.D. Cal. Oct. 8, 2024)

6    (sealing information that "remains protected and out of the public eye to prevent competitors from

7    gaining insight to or the benefit of Franklin's carefully considered business strategies"); *Edwards*

8    *Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021)

9    (sealing "non-public clinical data and analysis and . . . regulatory strategies").

10        One case from NVIDIA's brief illustrates the point. In *Fed. Trade Comm'n v. Qualcomm Inc.*,

11    2018 WL 6575838, at *2 (N.D. Cal. Dec. 13, 2018), Qualcomm moved to seal a large amount of business-

12    related information. The Court agreed that "competitively sensitive business information" should be

13    sealed but declined to seal the name of Qualcomm's business project or a third party's assessment that

14    certain conclusions were "in line with management's assessment." *Id.* at *3. Similarly, here, there is no

15    reason to redact any of the information derived from Exhibit F, or Exhibit F itself, especially the name

16    of NVIDIA's questionable business partner and or the *public* information that business partner provided.

17        NVIDIA argues that the information contained in Plaintiffs' response "shows NVIDIA's research

18    priorities, including what it prioritizes in terms of training data, how and where it looks for potential

19    training data, its deliberation regarding whether to use certain training data, and its internal strategies for

20    conducting research regarding LLMs to inform future development." Dkt. 203 at 2 (citations omitted).

21    But the information contained in Plaintiffs' response is simply more of what is already alleged in the

22    operative complaint based on NVIDIA's own public disclosures. *See* Dkt. 1 at ¶ 18 (explaining that

23    LLMs are trained by copying enormous amounts of text); Dkt. 1 at ¶¶ 23–27 (alleging that one of

24    NVIDIA's LLMs was trained on a dataset that included a massive amount of pirated books).

25        Perhaps recognizing the absurdity of its argument to seal, NVIDIA goes on to argue that "public

26    disclosure of *even the source* from which NVIDIA sought this information reveals NVIDIA's strategic

27    evaluation of potential training data for internal research regarding its models and is confidential." Dkt.

28    203 at 3 (emphasis added). Not so. Disclosing the source from which NVIDIA sought information says

1    nothing about why or how NVIDIA decided to pursue that information, or how NVIDIA makes strategic

2    decisions. It does not reveal NVIDIA's proprietary research strategies in any way—certainly not beyond

3    what is already known from the public complaint.

4         Again, NVIDIA's own cases contradict its argument. NVIDIA cites *Apex.AI, Inc. v. Langmead*,

5    2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023), in which the court sealed information about

6    Apex.AI's business partners, customers, and plans for specific software products. Nothing in Plaintiffs'

7    Response discloses anything even remotely like NVIDIA's customers, or business plans for specific

8    products. *See also Carbon Autonomous Robotic Sys. Inc. v. Laudando & Assocs. LLC*, 2025 WL

9    1678313, at *3 (E.D. Cal. June 13, 2025) (sealing information about plaintiff's *customer* when disclosure

10   would cause competitive harm to plaintiff). Here, Plaintiffs' response discloses only that NVIDIA used

11   a publicly available source that other AI companies also frequently use.

12        None of this information is confidential, and it should not be sealed.

13

14   Dated: November 7, 2025                          Respectfully submitted,

15                                                    By: */s/ Rohit D. Nath*
                                                      Joseph R. Saveri (CSB No. 130064)
16                                                    Christopher K.L. Young (CSB No. 318371)
                                                      Evan Creutz (CSB No. 349728)
17                                                    Elissa A. Buchanan (CSB No. 249996)
                                                      William Waldir Castillo Guardado (CSB No.
18                                                    294159)
                                                      **JOSEPH SAVERI LAW FIRM, LLP**
19                                                    601 California Street, Suite 1505
                                                      San Francisco, CA 94108
20                                                    Telephone:    (415) 500-6800
                                                      Facsimile:    (415) 395-9940
21                                                    jsaveri@saverilawfirm.com
                                                      cyoung@saverilawfirm.com
22                                                    ecreutz@saverilawfirm.com
                                                      eabuchanan@saverilawfirm.com
23                                                    wcastillo@saverilawfirm.com

24

25                                                    Bryan L. Clobes (admitted *pro hac vice*)
                                                      Mohammed Rathur (admitted *pro hac vice*)
26                                                    **CAFFERTY CLOBES MERIWETHER &**
                                                      **SPRENGEL LLP**
27                                                    135 South LaSalle Street, Suite 3210
                                                      Chicago, IL 60603
28

PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION, DKT. 203

Tel: 312-782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION, DKT. 203

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
mb@buttericklaw.com

PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION, DKT. 203

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION, DKT. 203