UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDI NAZEMIAN, et al.,

    Plaintiffs,

v.

NVIDIA CORPORATION,

    Defendant.

Case No. 24-cv-01454-JST

**ORDER RE: MOTIONS TO SEAL**

Re: ECF No. 192, 200, 203, 207, 210, 211

Before the Court are several motions to seal and oppositions to motions to seal. ECF Nos. 192, 200, 203, 207, 210, 211. The Court will grant the motions to seal in part and deny them in part.

## I.    LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id.* at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

## II.   DISCUSSION

### A.   Motions at ECF Nos. 192 and 200

Plaintiffs filed an administrative motion to seal NVIDIA-designated materials Plaintiffs wish to submit in connection with their motion to modify the scheduling order and for leave to file an amended complaint. ECF No. 192. NVIDIA filed a statement in support of Plaintiffs' motion to seal providing justifications for the sealing of the entirety of several documents and the redacting of other documents. ECF No. 195 at 2–3. Plaintiffs oppose the sealing or redaction of three documents NVIDIA seeks to seal: Exhibit A (Plaintiffs' proposed amended complaint); Exhibit B (a redline version of the proposed complaint); and Exhibit F (an email chain between NVIDIA and Anna's Archive, a "pirate library," concerning NVIDIA's acquisition of files from

1    that electronic library).  ECF No 200 (citing ECF Nos. 192-4, 192-5, 192-8).  The portions of

2    Plaintiff's proposed amended complaint NVIDIA seeks to seal consist largely of references to this

3    pirating website and similar websites.  ECF No. 192-4, 192-5.

4          Because the materials sought to be sealed are contained within a motion to amend the

5    complaint, the Court applies the "compelling reasons" standard.  *Skillz Platform Inc. v.*

6    *AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 7678649, at *1 (N.D. Cal. Nov. 13, 2023).

7    NVIDIA argues that this standard is met because the references to Anna's Archive "relate[] to a

8    potential collaboration with a third party for research that discloses NVIDIA's research priorities,

9    research and development strategy, as well as specific technical details of NVIDIA's internal

10   development process, the public disclosure of which would harm NVIDIA's competitive standing

11   and create a risk of injury as competitors could use such information to gain a competitive

12   advantage."  ECF No. 195 at 5.

13         The Court is not persuaded.  For one thing, reliance on "conclusory statements that

14   publication of the information 'could pose significant commercial harm to [the party seeking to

15   maintain information under seal]' . . . does not come close to establishing compelling reasons to

16   conceal this material from the public."  *Corvello v. Wells Fargo Bank N.A.*, No. 10-cv-05072-VC,

17   2016 WL 11730952, at *1 (N.D. Cal. Jan. 29, 2016).  For another, "[i]t is clear that [NVIDIA's]

18   sealing request is not designed to protect against the disclosure of sensitive business information

19   that competitors could use to their advantage.  Rather, it is designed to avoid negative publicity."

20   *See Kadrey v. Meta Platforms, Inc.*¸ 23-cv-03417-VC, ECF No. 373 at 1 (N.D. Cal. Jan. 8, 2025).

21   Anna's Archive declares on its website, "[w]e deliberately violate the copyright law in most

22   countries.  This allows us to do something that legal entities cannot do: making sure books are

23   mirrored far and wide."  "Introducing the Pirate Library Mirror: Preserving 7TB of books (that are

24   not in Libgen)."  Anna's Blog, https://annas-archive.org/blog/blog-introducing.html (last accessed

25   Dec. 3, 2025) (permalink: https://perma.cc/R4NK-33KR).  For similar reasons, the Court finds

26   that NVIDIA has not shown compelling reasons to seal the references in the proposed amended

27   complaint to its use of other pirate databases such as Books3, LibGen, Sci-Hub, and Z-Library,

28   ECF No. 192-4 ¶¶ 41, 46, 62–65, 76; references to NVIDIA's datasets that contain these

1   databases, *id.* ¶¶40–41; and allegations that NVIDIA attempted to pirate copyrighted works, *id.*
2   ¶¶44, 52.  The requests to seal or redact Exhibits A, B, and F are denied.
3         The Court finds that NVIDIA has sufficiently demonstrated that Exhibits D, E, G, H, I, J,
4   K, L, M, N, O, P, Q, and R relate to genuine product development and confidential business
5   decision-making—the disclosure of which could foreseeably cause competitive harm to the
6   company.  *See e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2
7   (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's]
8   pricing strategy, business decisionmaking, and financial records, which would expose [the
9   defendant] to competitive harm if disclosed").  The Court partially grants the motion as it relates
10  to those exhibits.

### B. Motion at ECF No. 203

12  NVIDIA seeks to seal portions of Plaintiffs' motion in opposition to NVIDIA's statement
13  in support of sealing, specifically its references to Anna's Archive.  ECF No. 203.[1]  Plaintiffs
14  oppose the motion.  ECF No. 209.
15        For the reasons stated above, the Court finds neither good cause nor compelling reasons to
16  seal these materials, because they are not confidential.  The Court therefore denies the motion to
17  seal at ECF No. 203.

### C. Motion at ECF No. 207

19  NVIDIA seeks to seal a declaration attached to its opposition to the motion to amend the
20  complaint.  ECF No. 207.  NVIDIA contends that the declaration contains confidential business
21  information.  *Id.* at 2.  Having considered NVIDIA's motion, the arguments in support thereof,

---

[1] It also seeks to redact references to an article NVIDIA published on the training of large language models, as well as the publicly-available *Kadrey* order cited above.  In connection with other motions, NVIDIA seeks to seal citations to publicly filed orders from recent cases.  For example, NVIDIA seeks to seal the following: (1) "As *Bartz* recognized in describing Pirate Library Mirror: '[a]lthough what was downloaded and later duplicated from [Pirate Library Mirror] was sometimes referred to as data or datasets, at bottom they contained full-text []books or scans'" (citing *Bartz v. Anthropic*, 787 F. Supp. 3d 1007, 1015 (N.D. Cal. 2025)); and (2) "Similarly, in *Kadrey*, in discussing the infringement at issue, the court stated, 'Meta also downloaded Anna's Archive, a compilation of shadow libraries including LibGen, Z-Library, and others.'" (citing *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1041 (N.D. Cal. 2025)).  ECF No. 211 at 8.  As NVIDIA knows, the Court cannot redact or seal publicly available materials.  Overdesignation of this magnitude impairs counsel's credibility with the Court.

4

and the declaration support thereof, the Court grants the motion to seal at ECF No. 207.

### D.  Motions at ECF Nos. 210 and 211

Plaintiffs moved to seal materials NVIDIA designated as confidential that were included in Plaintiffs' reply brief in support of its motion for leave to amend.  ECF Nos. 210, 211.  As with other motions that are the subject of this order, NVIDIA seeks to seal references to pirating platforms that it allegedly used to develop its AI models.  NVIDIA claims that these materials "contain confidential business information and public disclosure of the identified portions would create a substantial risk of harm to NVIDIA."  ECF No. 215-1 ¶ 5.  For the same reasons set forth above, the Court finds no basis for sealing and will deny these motions.

## CONCLUSION

The Court denies in part the motion to seal at ECF No. 192.  The Court will not consider the documents as to which the motion is denied unless the filing party files those documents in the public record without redaction within seven days from the date of this Order.  For the foregoing reasons, the Court grants the motion to seal at ECF No. 207.  The Court denies the motions to seal at ECF Nos. 203, 210, and 211.  The documents that are the subject of those motions will not be considered by the Court unless the filing party files the documents on the public record within seven days from the date of this Order.

**IT IS SO ORDERED.**

Dated: December 4, 2025

_____
JON S. TIGAR
United States District Judge