UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | Case No. 24-cv-01454-JST<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 193 |

Now before the Court is Plaintiffs' motion to modify the scheduling order and for leave to filed first amended complaint. ECF No. 193. The Court will grant the motion.

## I.  BACKGROUND

Authors Abdi Nazemian, Brian Keene, and Stewart O'Nan filed this proposed class action against Defendant NVIDIA Corporation ("NVIDIA") alleging that it had trained its Large Language Models on pirated copies of Plaintiffs' copyrighted works. ECF No. 1 ¶¶ 1–5. Plaintiffs allege that NVIDIA released its NeMo Megatron series of LLMs in September 2022 after training the LLMs on a dataset called "The Pile." *Id.* ¶¶ 22–23. Plaintiffs claim that "The Pile" is composed of a collection of books called Books3, which in turn is a collection of fictional and non-fictional books derived from a shadow library—*i.e.*, a repository of unlicensed copyrighted material—called Bibliotok. *Id.* ¶¶ 24–25. Plaintiffs assert that their copyrighted works were present in the Bibliotok library and therefore included in the Book3 collection. *Id.* ¶ 27. Plaintiffs allege that NVIDIA infringed on their copyrights by utilizing "The Pile" as training material for its NeMo Megatron models. *Id.* ¶¶ 29–31.

Plaintiffs filed this lawsuit on March 9, 2024. ECF No. 1. The Court entered an initial scheduling order on September 11, 2024, which was then modified by stipulation on June 27,

2025. ECF Nos. 71, 159. The scheduling orders set the Plaintiffs' deadline to amend the complaint on April 25, 2025, and the fact discovery deadline on February 6, 2026. ECF No. 71 at 2; ECF No. 159 at 2. Plaintiffs filed a motion to amend the scheduling order and for leave to amend the complaint on October 17, 2025, seeking to add the following new claims: (1) allegations identifying additional LLMs that NVIDIA developed using Plaintiffs' copyrighted works; (2) allegations that NVIDIA illegally downloaded copyrighted Plaintiffs' copyrighted works from Anna's Archive and other "shadow libraries"; and (3) claims of vicarious and contributory infringement based on NVIDIA directing customers to download and use "The Pile" databases.[1] ECF No. 192-3 at 13. The parties have since stipulated to an extension of the fact discovery deadline to March 6, 2026. ECF No. 188 at 2.

## II.   JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

---

[1] Plaintiffs' proposed amended complaint also sought to withdraw Plaintiff Abdi Nazemian from the case. ECF No. 193-2. Plaintiffs stated in their motion that they would file a stipulation to withdraw Nazemian soon after the filing of their motion to amend the scheduling order. ECF No. 193 at 7 n.2. NVIDIA opposed Nazemian's withdrawal, arguing that Rule 41, not Rule 15, provided the appropriate procedure. ECF No. 206 at 6 n.2 Plaintiffs subsequently filed a new version of the proposed amended complaint that no longer seeks to delete the claims relating to Nazemian, so that issue is now moot. ECF No. 231-2.

1  The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738. Generally, a court should determine whether to grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Requests to modify a scheduling order made after the Court has set a deadline for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16 requires a showing of good cause and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy," the good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**IV.   DISCUSSION**

Plaintiffs seek leave to amend the complaint in this action before the close of discovery but after the April 2025 deadline to amend the pleadings has already passed. ECF No. 192-3 at 6. NVIDIA argues that the Court should deny leave to amend because Plaintiffs have failed to

3

1  demonstrate good cause and because adding new claims at this point in the litigation would disrupt
2  the case and prejudice NVIDIA.  ECF No. 207-3 at 5–6.

### A. Rule 16

Plaintiffs argue that they were diligent in seeking to amend their complaint, and therefore satisfy Rule 16's good cause standard because their proposed new claims are based on discovery produced in September and October 2025, weeks before they filed their motion.  ECF No. 192-3 at 13–14 (citing *Ross v. AT&T Mobility*, 2020 WL 9848733, at *3 (N.D. Cal. Dec. 18, 2020) (good cause to amend exists where information supporting additional allegations and claims were first provided in defendant's disclosures served after deadline to amend)). NVIDIA argues that Plaintiffs were not diligent because the information supporting their claims was publicly available; permitting amendment at this time would prejudice NVIDIA; and the amendments would be futile.

#### 1. Amendment to Include Anna's Archive, SlimPajama, and Other "Shadow Libraries"

Plaintiffs seek to amend to include claims related to Anna's Archive, SlimPajama, and other "shadow libraries" because NVIDIA's productions on September 26, 2026 showed for the first time that NVIDIA had downloaded books from these libraries.  ECF No. 192-3 at 12. Plaintiffs argue that they had sought, but not received, discovery for months on shadow libraries and that they could not have amended their complaint until NVIDIA's recent production confirmed its use of these resources.  *Id*. at 12, 14.  NVIDIA argues that the recently produced discovery added nothing to "what Plaintiffs knew from publicly available sources that precede the complaint," ECF No. 207-3 at 13; and that Plaintiffs' new allegations on information and belief could have been included in their original complaint, *id.* at 14.

NVIDIA's arguments are unconvincing.  While Plaintiffs had some knowledge of shadow library usage within the AI industry, ECF No. 192-3 at 9–10, NVIDIA has not shown that Plaintiffs already had evidence that specifically indicated its use of any illicit dataset beyond Books3 and "The Pile."  In fact, Plaintiffs repeatedly and unsuccessfully sought discovery regarding NVIDIA's use of shadow libraries, which contributed to their delay in seeking

1     amendment. ECF No. 192-7 16–18 (showing that NVIDIA rebuffed requests for production of

2     documents related to usage of other shadow libraries in January 2025). Once they had the relevant

3     information, Plaintiffs moved to amend their complaint within a few weeks (and gave notice of

4     their intent to amend even earlier). ECF No. 192 at 7. The Court concludes that Plaintiffs have

5     demonstrated good cause for not seeking amendment earlier. *See Impossible Foods Inc. v.*

6     *Impossible LLC*, 2025 WL 712817, at *3–4 (N.D. Cal. Mar. 4, 2025) (giving leave to amend when

7     plaintiffs showed that the amendments were necessitated by newly discovered facts).

### 2. Amendment to Include Additional LLM models

Plaintiffs next seek to amend their complaint to include LLM model families other than the "NeMo" and "Megatron" models identified in their original complaint. ECF No. 192-3 at 11 (citing ECF No. 192-6). Plaintiffs claim that the documents produced on September 19, 2025 indicated that NVIDIA utilized "The Pile" to train previously undisclosed models such as Megatron 345M, NeMo GPT-3 10B, InstructRetro-48B, and Retro-48B. *Id*. NVIDIA responds that "NVIDIA was working on models other than the NeMo Megatron family was public long before Plaintiffs filed their original complaint," ECF No. 207-3 at 9; that information about NVIDIA's other models was publicly available before the original complaint was filed, *id.*; and that "Plaintiffs cannot show diligence, because the information underlying the amendments was publicly available," *id.* at 10. It also contends that the proposed amendments "fail[] to allege that any of the new datasets were used to train the NeMo Megatron family of models or any specific models . . . [and] the operative complaint is limited to a single family of models." ECF No. 207-3 at 12. Finally, NVIDIA reiterates its merits arguments, arguing that Plaintiffs' claims regarding the new models are too conclusory. *Id*. at 11–12.

Again, NVIDIA has failed to demonstrate that Plaintiffs already knew the facts on which they base their proposed amendments. Plaintiffs cite newly produced evidence showing that the five new models proposed to be added to the complaint were also trained on "The Pile" and Books3. ECF No. 192-6 at 2–3; ECF No. 192-11 at 2. While NVIDIA points to individual documents that suggest that there was some information that many of these models were trained on large amounts of data, none of them rises to the level of specificity necessary to show that

1  Plaintiffs were not diligent. ECF No. 207-3 at 9–10. For example, NVIDIA points to a single
2  article published on a third-party website that talks about the training of InstructRetro-48B and
3  Retro-48B. ECF No. 207-3 at 9 (citing ECF No. 206-5) (referencing an article published on
4  arXiv.com that discusses the training of the models on shadow libraries). One public document
5  that Plaintiffs may not have encountered does not defeat good cause. *See e.g. Airdoctor, LLC v.*
6  *Lonni, Inc.*, 2024 WL 6843569 (finding good cause for leave to amend notwithstanding readily
7  accessible public information that would have shown the existence of the newly proposed
8  defendants). Finally, while Plaintiffs may have been able to speculate that NVIDIA's models used
9  large amounts of training data, that alone may not have supported an earlier amendment to include
10 other models. There was no lack of diligence on Plaintiffs' part when they failed to amend until
11 after they received discovery showing that other models were trained on "The Pile." *Fru-Con*
12 *Const. Corp. v. Sacramento Mun. Until. Dist.*, 2006 Wl 333815, at *5 (E.D. Cal. Dec. 15, 2006)
13 (finding that good cause exists when plaintiffs learned new information through discovery that
14 was necessary for the assertion of the new claims).
15     For the foregoing reasons, the Court finds that there is good cause to amend to include five
16 other LLMs as well.

17     **3.     Amendment to Include Vicarious and Contributory Liability Claims**

18     Plaintiffs also seek "to add claims of vicarious and contributory infringement based on
19 NVIDIA's directing and instructing its customers' to download and use of The Pile (and Books3)
20 and allegations supporting these additional claims." ECF No. 192-3 at 13. Plaintiffs argue there is
21 good cause to permit these amendments because recent discovery shows that NVIDIA provided
22 "scripts to automatically download and preprocess 'The Pile' dataset," that "through NVIDIA's
23 platform, customers were downloading The Pile directly from Eleuther AI," and that the
24 documents identified various customers to whom NVIDIA provided these tools. *Id*. at 16.
25 Plaintiffs argue that "[a]lthough NVIDIA's public website states it provided 'scripts' to download
26 and process The Pile, public information did not adequately detail how this downloading was
27 accomplished and whether it would actually constitute a distinct infringing act." *Id.* They claim
28 that NVIDIA's recent productions show NVIDIA's "material participation" facilitating

6

1  infringement with "platform integration and customer-specific assistance" and identify customers
2  whom NVIDIA aided in this infringement. *Id*. at 16; ECF No. 211 at 15. NVIDIA argues in
3  opposition that Plaintiffs failed to diligently pursue these claims because there were public
4  references to scripts as early as 2023 and because NVIDIA's productions in January 2025 showed
5  a similar script. ECF No. 207-3 at 11. NVIDIA also argues that the claims are insufficiently
6  pleaded and that permitting amendment would be futile. *Id*. at 12.

7  The Court again finds that Plaintiffs have shown that newly discovered information
8  supports amendment to bring additional claims. The discovery produced in October demonstrated
9  that NVIDIA possessed scripts that facilitated copyright infringement by customers and that it
10  provided these scripts to specific customers who then used them in infringing activities. ECF No.
11  192-14 at 2–3 (describing assisting Amazon and other company-specific LLMs in downloading
12  and processing "The Pile" data); ECF No. 192-15 at 4–5 (similar). Knowledge that NVIDIA
13  provided and assisted specific customers in infringing is different from the knowledge that
14  NVIDIA hosted a script that could be utilized to download and process the data (ECF Nos. 206-
15  13, 206–14) or that the script was publicly disseminated as early as March 2024. ECF No. 206-12
16  at 2. *See Alexsam, Inc. v. Green Dot Corp*, No. 2:15-CV-05742-CAS(PLAX), 2017 WL 1370690,
17  at *5 (C.D. Cal. Apr. 10, 2017) (granting leave to amend when plaintiff received new evidence
18  supporting a specific new claim even though he had previously made allegations of similar
19  misconduct). Plaintiffs have demonstrated diligence in bringing their vicarious and contributory
20  liability claims.

21  In short, the Court finds Plaintiffs have shown the good cause to modify the scheduling
22  order required by Rule 16.

23  **B.    Rule 15**

24  "Having found good cause to modify the scheduling order, the Court proceeds to consider
25  whether permitting IF's proposed amendment is proper under Federal Rule of Civil Procedure 15."
26  *Impossible Foods Inc. v. Impossible LLC*, No. 5:21-CV-02419-BLF, 2025 WL 712817, at *4
27  (N.D. Cal. Mar. 4, 2025).
28

7

### 1. Prejudice

NVIDIA claims that Plaintiffs are attempting to drastically expand the scope of the case after months of litigation and on the "eve of the close of discovery."[2] ECF No. 207-4 at 16. NVIDIA argues that it would suffer prejudice from allowing amendment as it has already engaged in significant discovery and has substantially completed its custodial production. *Id.* at 17. NVIDIA cites *Spin Master Ltd. v. Your Store Online*, which found that a defendant would suffer prejudice from the addition of a new claim where the additional claim "would force [defendant] to engage in significant additional discovery, likely necessitating a delay in the discovery cut-off" and the defendant "would have to undertake the defense of a whole new, tangentially related copyright claim." 2010 WL 4883884, at *6 (C.D. Cal. Nov. 22, 2010).

Plaintiffs respond that there is no prejudice to NVIDIA because discovery concerning the proposed amendments will be coextensive with discovery that is already ongoing. ECF No. 192-3 at 17–18. They also note that "[c]ourts have found that additional discovery does not result in 'undue' prejudice where the 'discovery taken to date is relevant to the added claims, as evidenced in part by Plaintiff bringing this motion after learning new facts during and after discovery' and '[a]ny additional information that may be relevant to the added [allegations] is also more likely in Defendant's possession, custody, or control.'" *Id.* (quoting *Herrera v. Cnty. of San Benito*, No. 24-CV-01133-NC, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025)). They further note that there are several months of discovery remaining. *Id*.

"Prejudice is the touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital,* 316 F.3d at 1052 (citation and internal quotation marks omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."

---

[2] While Defendants argue that the motion was filed at the "eve of close of discovery," it is worth noting that discovery was scheduled to continue for over four months after the filing of the instant motion. *See* ECF No. 188 at 2 (showing that, at the time of the filing of the motion in October, fact discovery was scheduled to continue till February 2026); ECF No. 219 at 2 (stipulated extension to close of fact discovery to March 2026).

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (internal citation omitted); *see also U.S. ex rel Maritime Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago,* 889 F.2d 1248, 1255 (2d Cir. 1989) ("The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."). Moreover, the "mere addition of new claims in [a] motion for leave to amend [is] insufficient to support denial under Rule 15." *Dep't of Fair Empl. & Housing v. Law School Admission Council*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (citing *United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981)).

Courts frequently find that additional discovery necessitated by a motion to amend made while discovery is still open "amounts to little more than the ordinary burden[] of defending a lawsuit, which [is] insufficient to justify denying leave to amend." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 653 (W.D. Wash. 2015) (citing *Aten Int'l Co. v. Emine Tech. Co.,* No. SACV09–843AGMLGX, 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010)). NVIDIA cites cases where amendment was sought shortly before trial, *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); where plaintiffs sought leave to amend to "significantly expand the number of products" and the "time period" of the complaint, *Kennedy v. Nat. Balance Pet Foods, Inc.*, 2008 WL 2053551, at *2 (S.D. Cal. May 13, 2009); where plaintiffs sought to add new parties and "a whole new, tangentially related copyright claim," *Spin Master*, 2010 WL 4883884 at *3; or where the amendments drastically changed the direction of the case, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The present case is unlike these authorities. Here, Plaintiffs seek to add allegations largely related to their original claims, months before the close of discovery and prior to the filing of dispositive motions. Further, while NVIDIA claims that Plaintiffs' proposed amendments would require a "redo" of nineteen months of litigation, it provides no specific examples of what such a "redo" would entail, lending credence to Plaintiffs' argument that any additional discovery will be largely coextensive with discovery that is already ongoing. ECF No. 207-3 at 17; ECF No. 211 at 18–19; *see Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (granting motion to amend answer where plaintiff "has not demonstrated specific instances of

hardship that support its claim of substantial prejudice").

The Court finds that NVIDIA has not met its burden to establish prejudice.

### 2. Other Factors

Denying leave to amend on the basis of undue delay is disfavored "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith." *United States v. Pend Oreille Pub. Util. Dist. No. 1,* 926 F.2d 1502, 1511 (9th Cir. 1991) (quoting *Howey v. United States,* 481 F.2d 1187, 1190-91 (9th Cir. 1973)). "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb,* 655 F.2d at 980. "In evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 953 (9th Cir. 2006) (*quoting Jackson,* 902 F.2d at 1388). Here, Plaintiffs acted diligently, moving within a few weeks after discovering the facts necessary to support their additional claims. This factor weighs in favor of granting the motion.

The final factor the Court considers is futility. "Denial of a motion for leave to amend on the ground of futility 'is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Henderson v. Muniz*, No. 14-CV-01857-JST, 2018 WL 6331008, at *3 (N.D. Cal. Dec. 4, 2018) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)). The Court will defer its consideration of NVIDIA's futility arguments unless and until they are presented in connection with a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to modify the scheduling order and for leave to file a first amended complaint.

**IT IS SO ORDERED.**

Dated: January 15, 2026



_____
JON S. TIGAR
United States District Judge