1    [Counsel on signature page]

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9                          **OAKLAND DIVISION**

10   Abdi Nazemian, et al.,                    Master File Case No. 4:24-cv-01454-JST (SK)
                                               Consolidated with Case No.  4:24-cv-02655-JST
11             Plaintiffs,                      (SK)

12        vs.                                  **PLAINTIFFS' OPPOSITION TO NVIDIA'S
                                               MOTION TO STAY DISCOVERY ON
13   NVIDIA Corporation,                       CLAIMS AND ALLEGATIONS SUBJECT TO
                                               NVIDIA'S MOTION TO DISMISS**
14             Defendant.

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

## **Table of Contents**

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ......................................................2

III.    FACTUAL BACKGROUND .....................................................................................3

      A.    Plaintiffs Diligently Sought Discovery Pre-Amendment ..............................3

      B.    The Court Granted Leave to Amend...............................................................5

      C.    Plaintiffs Diligently Pursued Limited Additional Discovery Under The Court's Order ..................................................................................................6

IV.     LEGAL STANDARD.................................................................................................7

V.      ARGUMENT ..............................................................................................................8

      A.    NVIDIA's Motion to Dismiss is Not Dispositive.........................................8

      B.    A Stay Would Not Promote Efficiency and Would Prejudice Plaintiffs ...................16

          1.    NVIDIA Mischaracterizes Plaintiffs' Prior Statements About Discovery ....16

          2.    NVIDIA Fails to Establish Any Prejudice From Discovery Into the FACC.18

          3.    A Stay Would Prejudice Plaintiffs ..................................................21

Master File Case No. 4:24-cv-01454-JST          i

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS SUBJECT TO NVIDIA'S MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Affinity Credit Union v. Apple Inc.*,
    2023 WL 12065782 (N.D. Cal. Apr. 14, 2023) ...............................................................11

*Arcell v. Google LLC*,
    2022 WL 16557600 (N.D. Cal. Oct. 31, 2022)...........................................................11, 20

*Atl. Recording Corp. v. Anna's Archive*,
    No. 1:26-cv-00002-JSR, Dkt. No. 8 (S.D.N.Y. 2025) .................................................3

*Barrett v. Apple Inc.*,
    2020 WL 13815568 (N.D. Cal. Oct. 22, 2020)................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................15

*Gray v. First Winthrop Corp.*,
    133 F.R.D. 39 (N.D. Cal. 1990)..........................................................7, 8, 16, 17

*Head v. Cnty. of Sacramento*,
    2021 WL 1238283 (E.D. Cal. Apr. 2, 2021).............................................................20

*Heck v. Amazon.com, Inc.*,
    2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) .........................................................11

*Hewlett Packard Enter. Co. v. Inspur Grp. Co.*,
    2024 WL 4631665 (N.D. Cal. Oct. 29, 2024).........................................................11

*Hoopes Vineyard LLC v. Cnty. of Napa*,
    2025 WL 41929 (N.D. Cal. Jan. 6, 2025) ..............................................2, 7, 14, 18

*In re California Bail Bond Antitrust Litigation*,
    2020 WL 8921515 ..................................................................................9, 10, 11

*In re German Auto. Manufacturers Antitrust Litig.*,
    335 F.R.D. 407 (N.D. Cal. 2020).......................................................................12, 13

*In re Mosaic LLM Litig.*,
    No. 24-CV-01451-CRB (LJC), 2025 WL 3514687 (N.D. Cal. Dec. 8, 2025)
    ...................................................................................................4, 12, 13, 19

*Kincheloe v. Am. Airlines, Inc.*,
    2021 WL 5847884 (N.D. Cal. Dec. 9, 2021)..........................................................20

Master File Case No. 4:24-cv-01454-JST        ii

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

*Leonard v. CVS Pharmacy, Inc.*,
  2025 WL 1266929 (N.D. Cal. May 1, 2025) ........................................................11

*Martinez v. Las Vegas Metro. Police Dep't*,
  2020 WL 3166611 (D. Nev. June 9, 2020)............................................................10

*Meta Platforms, Inc. v. Voyager Labs LTD.*,
  2023 WL 4828007 (N.D. Cal. July 26, 2023).......................................................14

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*,
  2010 WL 3746290 (N.D. Cal. Sept. 18, 2010) .....................................................12

*OCLC Online Comput. Library Ctr., Inc. v. Anna's Archive*,
  No. 2:24-cv-00144 (S.D. Ohio 2024) .....................................................................3

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
  2018 WL 1569811 (N.D. Cal. Feb. 16, 2018)...................................................8, 16

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  220 F.R.D. 349 (N.D. Cal. 2003).........................................................2, 8, 9, 16

*Pereda v. General Motors*,
  2022 WL 19692037 (N.D. Cal. Mar. 15, 2022)......................................12, 19, 20

*Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*,
  2026 WL 104229 (N.D. Cal. Jan. 14, 2026) ........................................................14

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
  2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ......................................................11

*Singh v. Google, Inc.*,
  2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) .......................................................8

*Skellerup Indus. Ltd. v. City of L.A.*,
  163 F.R.D. 598 (C.D. Cal. 1995) ...........................................................................8

*Sleep Sci. Partners v. Lieberman*,
  2010 WL 2219196 (N.D. Cal. May 28, 2010) ........................................................8

*Snake River Waterkeeper v. J.R. Simplot Co.*,
  2023 WL 5748152 (D. Idaho Sept. 6, 2023)........................................................11

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .............................................................................21

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*,
  2024 WL 1898439 (N.D. Cal. Apr. 29, 2024) ...........................................8, 14, 16

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

*Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*,
    2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) ........................................................................12

*Watkins v. MGA Entm't, Inc.*,
    574 F. Supp. 3d 747 (N.D. Cal. 2021) ..................................................................................5

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
    309 F.R.D. 645 (W.D. Wash. 2015) ....................................................................................18

*Yiren Huang v. Futurewei Techs., Inc.*,
    2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ....................................................................10

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................................13

Fed. R. Civ. P. 26(b)(1) ..............................................................................................................7, 22

**Other Authorities**

Scott Dodson, *New Pleading, New Discovery*, 109 MICH. L. REV. 53, 67-68 (2010) ....................9

Master File Case No. 4:24-cv-01454-JST          iv

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

## I.    INTRODUCTION

On January 15, 2026, the Court granted Plaintiffs' motion for leave to file an amended complaint. Since then, Plaintiffs have done everything in their power to expeditiously move the case forward in advance of the March 6, 2026 fact discovery cutoff. The day after the Court's Order, Dkt. 232 ("Order"), Plaintiffs filed the Amended Complaint, Dkt. 235 ("FACC"), specifically alleging that NVIDIA used additional shadow libraries (e.g. Anna's Archive) to train its models, identifying additional infringing models, and adding claims for contributory and vicarious copyright infringement. That same day, Plaintiffs asked NVIDIA to supplement its existing discovery responses to address the allegations and claims in the FACC. Salzman Declaration ("Dec.") at ¶ 3; Dkt. 241-6. Within the week, Plaintiffs requested deposition dates for 12 witnesses and issued a handful of additional discovery requests—well in advance of the February 9 deadline for serving written discovery. *See* Dkt. 219 (case schedule); Dec. at ¶¶ 4–8.

In response, NVIDIA unilaterally declared discovery on all issues in the FACC stayed. It 1) refused to supplement existing discovery to address the shadow library downloads, additional models, and third-party infringement allegations included in the FACC; 2) refused to discuss proposed search terms addressing the new models and training datasets; and 3) refused to schedule any depositions unless Plaintiffs agreed to limit their questions to only topics in the now-superseded initial complaint *and* to not seek additional depositions of those witnesses after resolution of the motion to dismiss. Dec. at ¶¶ 4, 9–12.

NVIDIA has previously urged the Court not to extend any case-related deadlines, *see* Dkt. 206 at 18, but its position on depositions has effectively paused discovery on *every issue in the case.* NVIDIA's conditions have made it so that Plaintiffs cannot proceed with any deposition—even on topics covered in the superseded complaint—without forfeiting the ability to question the witness about issues in the FACC. NVIDIA's refusal to engage in discovery is the most significant barrier to

1    completing discovery before the March 6 fact discovery deadline.

2         NVIDIA's self-granted stay and this later-filed motion to stay, which seeks to justify its

3    conduct, are premised on the baseless assertion that discovery is automatically stayed unless and until

4    claims survive a motion to dismiss. That is not the law, and none of the cases NVIDIA cites support

5    its unilateral refusal to engage in discovery. *See Hoopes Vineyard LLC v. Cnty. of Napa*, 2025 WL

6    41929, at *1 (N.D. Cal. Jan. 6, 2025) ("The filing (or anticipated filing) of a motion to dismiss does

7    not automatically stay discovery.").

8         NVIDIA's request is not supported by the two-prong test for deciding motions to stay. Its

9    pending motion to dismiss is not dispositive, which—alone—is a sufficient basis to deny NVIDIA's

10   motion. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D.

11   Cal. 2003) (denying stay: "if either prong of this test is not established, discovery proceeds"). And

12   NVIDIA "does not explain why discovery in this case would be any more burdensome than it is on

13   parties to other civil lawsuits," leaving the Court with no reason to grant a stay. *Barrett v. Apple Inc.*,

14   2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020).

15        Finally, NVIDIA improperly uses its stay motion to try to litigate discovery disputes. It claims

16   that the limited additional discovery sought—expressly contemplated by Plaintiffs' motion for leave

17   to amend and by the Court's Order granting that motion—is improper and burdensome. Plaintiffs

18   disagree, as set forth below. But, in any event, NVIDIA's burden and breadth arguments should be

19   resolved through objections, meet-and-confers, and—if necessary—a discovery dispute presented to

20   Magistrate Judge Kim. They are *not* a basis to stay discovery.

21        Plaintiffs seek to continue prosecuting their case, and to that end, respectfully request that the

22   Court deny NVIDIA's motion to stay discovery.

23   **II.    STATEMENT OF ISSUES TO BE DECIDED**

24        Whether NVIDIA has satisfied its substantial burden in moving for a stay of discovery,

notwithstanding that it does not seek to dismiss the entire complaint and that even a partial stay would effectively halt all discovery.

## III.    FACTUAL BACKGROUND

### A.    Plaintiffs Diligently Sought Discovery Pre-Amendment

Plaintiffs filed the original complaint, Dkt. 1, on March 8, 2024. That Complaint alleged—based on publicly available information—that NVIDIA trained a family of large language models, called the Nemo Megatron models, on Plaintiffs' copyrighted books that were illegally included in a dataset called "The Pile." Dkt. 1 at ¶¶ 22–29. The initial complaint alleged that the source of the books used by NVIDIA was Bibliotik, a "shadow library" hosting "vast quantities of unlicensed material," and explained that Bibliotik and related shadow libraries had long been of interest to the AI community. Dkt. 1 at ¶ 27. Because the initial complaint implicated NVIDIA's use of shadow libraries to train its models, Plaintiffs—in the words of this Court—"repeatedly and unsuccessfully sought discovery regarding NVIDIA's use of shadow libraries." Order at 4. But because Plaintiffs had not alleged specific facts showing that NVIDIA trained its models using books obtained from other shadow libraries, the Court limited discovery to NVIDIA's use of The Pile. Dkt. 168; Dkt. 183.

Things changed on September 26, 2025, when NVIDIA produced a document showing that NVIDIA employees reached out to Anna's Archive seeking data to use in LLM training. An NVIDIA employee directly told Anna's Archive that NVIDIA was "exploring including Anna's Archive in pre-training data for our LLMs," deciding whether NVIDIA could accept the "risk" of doing so, and later confirmed that NVIDIA "got the green light" from management to use Anna's Archive for LLM research.[1]

---

[1] Anna's Archive faces several lawsuits alleging copyright infringement on a mind-boggling scale. *See, e.g.*, *OCLC Online Comput. Library Ctr., Inc. v. Anna's Archive*, No. 2:24-cv-00144 (S.D. Ohio 2024); *Atl. Recording Corp. v. Anna's Archive*, No. 1:26-cv-00002-JSR, Dkt. No. 8 (S.D.N.Y. 2025)

NVIDIA also produced documents "showing that other models were trained on 'The Pile.'" Order at 6. Discovery showed further that "NVIDIA possessed scripts that facilitated copyright infringement by customers and that it provided these scripts to specific customers who then used them in infringing activities." Order at 7 (citing exhibits showing NVIDIA's assistance to customers). Accordingly, Plaintiffs moved for leave to file the FACC, adding allegations related to (1) shadow libraries used by NVIDIA, (2) additional NVIDIA models trained on stolen books, and (3) claims for vicarious and contributory liability. Dkt. 193. In their motion for leave to amend, Plaintiffs explained to the Court that "[d]iscovery into NVIDIA's downloading of Plaintiffs['] works from Anna's Archive will be largely co-extensive with discovery into NVIDIA's downloading of Plaintiffs' works from Books3. Indeed, Plaintiffs have already served discovery requests on this issue and the parties have negotiated about search terms to locate responsive documents (with NVIDIA ultimately refusing to run them on relevance, not burden grounds)." Dkt. 193 at 12.

While moving for leave to amend, Plaintiffs simultaneously continued with discovery related to the initial complaint. As NVIDIA notes, Dkt. 241 at 11, Plaintiffs served additional discovery requests, including several focused on NVIDIA's distribution of pirated works to customers—squarely relevant to NVIDIA's fair use defense, even absent a vicarious or contributory infringement claim. *See In re Mosaic LLM Litig.*, No. 24-CV-01451-CRB (LJC), 2025 WL 3514687, at *2 (N.D. Cal. Dec. 8, 2025) (explaining that discovery into Defendants' distribution of pirated works was relevant to fair use, even when the operative complaint did not include contributory infringement allegations). NVIDIA characterizes this as a plot designed to get discovery into NVIDIA's distribution without an operative distribution claim, but the fact that Plaintiffs served discovery requests that encompass allegations made in both the original *and* amended complaints only reinforces that the

---

(alleging the "brazen theft of millions of files containing nearly all of the world's commercial sound recordings by a group of anonymous Internet pirates with no regard for the law.").

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS SUBJECT TO NVIDIA'S MOTION TO DISMISS

1    scope of discovery is "largely co-extensive." Dkt. 193 at 12.[2]

2          NVIDIA opposed Plaintiffs' motion for leave to amend. It argued that Plaintiffs had not

3    demonstrated diligence in pursuing amendment and therefore failed to show good cause, Dkt. 206 at

4    4–12, and that Plaintiffs' proposed amendment would disrupt the case schedule and "'require the

5    Court to extend' other deadlines, including the 'deadline for the completion of fact discovery.'" Dkt.

6    206 at 14 (quoting *Watkins v. MGA Entm't, Inc.*, 574 F. Supp. 3d 747, 760 (N.D. Cal. 2021)).

7          **B.    The Court Granted Leave to Amend**

8          On January 15, 2026, "the Court grant[ed] Plaintiffs' motion to modify the scheduling order

9    and for leave to file a first amended complaint." Order at 10. It noted that Plaintiffs had diligently

10   pursued amendment after obtaining discovery showing that NVIDIA used Anna's Archive, trained

11   additional models on The Pile, and "provided and assisted specific customers in infringing." Order at

12   7. The Court clearly explained that NVIDIA's opposition to discovery regarding its use of shadow

13   libraries caused delay in amendment:

14        Plaintiffs repeatedly and unsuccessfully sought discovery regarding NVIDIA's use of shadow
          libraries, which contributed to their delay in seeking amendment. ECF No. 192-7 [at] 16–18
15        (showing that NVIDIA rebuffed requests for production of documents related to usage of
          other shadow libraries in January 2025). Once they had the relevant information, Plaintiffs
16        moved to amend their complaint within a few weeks (and gave notice of their intent to amend
          even earlier). ECF No. 192 at 7. The Court concludes that Plaintiffs have demonstrated good
17        cause for not seeking amendment earlier.

18   Order at 3–4. The Court also explained that "NVIDIA ha[d] not met its burden to establish prejudice,"

19   noting that Plaintiffs' amended allegations are "largely related to their original claims," that "any

20   additional discovery will be largely coextensive with discovery that is already ongoing," and that

21   _____

22   [2] As Plaintiffs have explained to NVIDIA, Plaintiffs complied with orders limiting the scope of
     discovery at all times, and offered to meet and confer over any request that NVIDIA felt was
23   improper. NVIDIA now, for the first time, argues to the Court that these discovery requests were
     overbroad, Dkt. 241 at 10, but—tellingly—it never sought a protective order. This is because
24   Plaintiffs never tried to pursue discovery beyond the scope of the original complaint and the various
     Court orders framing the scope of discovery.

there were still months remaining in fact discovery. Order at 9-10. The clock is now running out, due to NVIDIA's refusal to cooperate.

### C.  Plaintiffs Diligently Pursued Limited Additional Discovery Under The Court's Order

Plaintiffs moved quickly to complete discovery related to the allegations in the FACC before the March 6, 2026 close of fact discovery. Plaintiffs filed the FACC on January 16, 2026, the day after the Court granted leave to amend. *See* Dkt. 235. That same day, they followed up on existing discovery requests—many of which already covered allegations in the FACC, although NVIDIA had previously refused to respond on the grounds that those requests were outside the scope of the previously-operative Complaint. *See* Dec. at ¶ 3; Dkt. 241-6 (January 16 email from Plaintiffs' counsel requesting supplementation of existing discovery responses); Ex. B at 1 (January 20 email from Plaintiffs' counsel following up on discrete ESI Requests); Ex. C at 20-21 (January 20 email from Plaintiffs' counsel requesting to add terms to existing search strings, including terms NVIDIA originally refused on the ground that they were beyond the original complaint). Plaintiffs also requested dates for depositions, as required by the current case schedule. Dkt. 219 at 2 (February 9 deadline to notice depositions).

Plaintiffs then served a small number of additional discovery requests. On January 21, Plaintiffs served four additional interrogatories, Dkt. 241-10, and on January 23, they served eleven additional requests for production. Dkt. 241-11. This is hardly a "post-amendment discovery blizzard" as NVIDIA now argues. Dkt. 241 at 7. But rather than even engage with this limited discovery, NVIDIA refused to play ball altogether. It has insisted that it does not have an obligation to supplement prior responses or respond to any new discovery requests related to the FACC, making it impossible for Plaintiffs to complete discovery before the scheduled close of fact discovery. NVIDIA also refused to propose dates for depositions of its witnesses and third parties represented

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS SUBJECT TO NVIDIA'S MOTION TO DISMISS

by NVIDIA's counsel unless Plaintiffs would agree to 1) depose witnesses only on the allegations in the original complaint; and 2) not seek a further deposition from those witnesses, even if the allegations in the FACC survive the motion to dismiss. Dec. at ¶¶ 5; 9–12; Ex. A at 1 (email from NVIDIA's counsel stating that NVIDIA would not produce witnesses "unless Plaintiffs agree to confine them to the original complaint and not seek to re-depose any witnesses that are deposed only on the scope of the original complaint"); Ex. D at 1 (same); Ex. E at 1 (same).

In an attempt to reach a compromise and avoid prejudicing either side, Plaintiffs agreed to postpone depositions until the motion to stay or dismiss is resolved, as long as NVIDIA agreed to extend the case schedule so that Plaintiffs would not lose the opportunity to depose NVIDIA and third-party witnesses on the operative complaint. Dec. at ¶ 11–12. Plaintiffs also agreed to seek expedited resolution of NVIDIA's motion to stay. But for now, NVIDIA's tactic of holding depositions hostage pending resolution of its motion to dismiss has worked: all depositions are currently on pause. Dec. at ¶ 12.

On January 29, 2026, NVIDIA filed its partial motion to dismiss and this motion asking the Court to continue the stay that NVIDIA has already unilaterally imposed (pending resolution of its motion to dismiss). The stay motion should be denied and discovery should continue.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Contrary to NVIDIA's conduct and arguments here, the "filing (or anticipated filing) of a motion to dismiss does not automatically stay discovery." *Hoopes Vineyard*, 2025 WL 41929, at *1 (denying motion to stay discovery). In fact, it has long been settled that the notion of a presumptive stay "is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (denying motion to stay

discovery). A party "seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (quoting *Gray*, 133 F.R.D. at 40). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Barrett*, 2020 WL 13815568, at *1 (denying motion for stay) (quoting *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (alteration removed)).

Courts in this Circuit "generally consider two factors to determine the appropriateness of a discovery stay: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (denying stay). When determining whether the pending motion is dispositive of the entire case, the Court should take a "preliminary peek" at "the merits of the motion to dismiss." *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, 2024 WL 1898439, at *2 (N.D. Cal. Apr. 29, 2024) (denying stay). NVIDIA must satisfy *both* prongs of the test for a stay to issue. *Pac. Lumber Co.*, 220 F.R.D. at 352 ("if either prong of this test is not established, discovery proceeds" and denying stay).

## V.    ARGUMENT

NVIDIA is not entitled to a stay of discovery. Its motion to dismiss is not dispositive and its request will unnecessarily delay the already-lengthy discovery period in this case.

### A.    NVIDIA's Motion to Dismiss is Not Dispositive

NVIDIA admits that its motion to dismiss is not dispositive of the entire case: it seeks to dismiss only the allegations and claims added by the FACC (and not even *all* of the allegations in the FACC, as it explains in a footnote of its motion, Dkt. 241 at 10 n.4). This warrants denial of NVIDIA's request for a stay, full stop. *See Sleep Sci. Partners v. Lieberman*, 2010 WL 2219196, at *1 (N.D. Cal. May 28, 2010) ("[B]ecause a motion to dismiss will not resolve the case against any Defendant in its

entirety, the stay that Sleeping Well requests is inappropriate."); *Pac. Lumber Co.*, 220 F.R.D. at 352 (noting that defendants must satisfy both prongs of the test for a stay to issue).

Non-dispositive motions do not typically provide a basis to stay discovery for precisely the reason demonstrated by this case: a partial stay would hamstring Plaintiffs' ability to prosecute the case in its entirety, not just for the claims in the FACC. As explained above, NVIDIA will not allow deponents to answer questions about allegations in the FACC and it will not produce deponents twice. *See* Dec. at ¶¶ 5; 9–12; Ex. A, D & E. As a result, if the Court grants a stay, Plaintiffs will be forced to either (1) wait to take *any* depositions until the Court resolves the motion to dismiss or (2) take depositions on only the issues presented by the initial complaint, without the ability to resume questioning those witnesses if (and when) the Court denies NVIDIA's motion to dismiss. NVIDIA has previously opposed any extension of the case schedule. But now that Plaintiffs want to move this case along, NVIDIA seeks to halt all forward progress. This is exactly why non-dispositive motions do not justify stays of discovery.

Courts consistently deny requests to stay discovery when the pending motion would resolve only some of the claims in the case. For example, in *In re California Bail Bond Antitrust Litigation*, this Court granted the defendants' initial request to stay discovery while a preliminary *case-dispositive* motion to dismiss was pending. 2020 WL 8921515, at *1 (N.D. Cal. Dec. 10, 2020). After the Court granted in part and denied part the motion to dismiss, plaintiffs filed an amended complaint and the Court lifted the discovery stay. *Id.* Defendants then filed a *second* motion to dismiss and a motion to partially stay discovery while that motion to dismiss remained pending. *Id.* Like in this case, the *Bail Bond* defendants sought to stay discovery as to only the allegations new to the amended complaint. This Court rejected the request. It explained that factual sufficiency was a "poor proxy for meritlessness" and allowed plaintiffs to proceed with discovery focused on correcting any perceived deficiencies in the complaint. *Id.* (quoting Scott Dodson, *New Pleading, New Discovery*, 109 MICH.

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

1  L. REV. 53, 67-68 (2010)). Because the claims from the initial complaint remained unchallenged, the

2  Court declined to impede the speedy resolution of the case based on asserted pleading defects—

3  especially given that the claims depended on facts exclusively in the possession of the defendants,

4  which is exactly the case here.

5      This situation presents an even stronger case for denying NVIDIA's motion to stay. NVIDIA

6  did not challenge the sufficiency of Plaintiffs' allegations in the initial complaint and has only

7  challenged some of the new claims and allegations in the FACC. And like in the *Bail Bond* case,

8  Plaintiffs have alleged (here, based on documents produced *by NVIDIA*) that the defendant engaged

9  in widespread misconduct, and the defendant possesses (but has not disclosed) substantial

10  information relevant to Plaintiffs' claims. NVIDIA's partial motion to dismiss—which concedes that

11  many of Plaintiffs' claims should proceed—does not warrant a partial stay of discovery. *See also*

12  *Martinez v. Las Vegas Metro. Police Dep't,* , 2020 WL 3166611, at *1 (D. Nev. June 9, 2020) ("In

13  short, the pending motion for partial dismissal is not potentially dispositive of all of Plaintiff's claims

14  and does not justify a stay of all discovery.").

15      NVIDIA does not cite any authority granting a stay of discovery in a procedural posture even

16  remotely similar to this one. Here, Plaintiffs filed an undisputedly adequate complaint, Dkt. 1, and

17  then, with the Court's approval, added additional allegations based on documents produced in the

18  litigation. NVIDIA has filed a partial motion to dismiss, and a partial motion to stay. But *every case*

19  *that NVIDIA cites* involved motions that would have disposed of *the entire case.*[3] *See* Dkt. 241 at 16.

20

21  [3] This is true even of the case NVIDIA cites in its "Legal Standard" section for the premise that "a
   pending motion must be . . . at least dispositive of the issue at which discovery is directed." Dkt. 241

22  at 9, quoting *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27,
   2018). In *Yiren Huang*, the relevant motion asserted that the plaintiffs sued in the wrong forum,

23  leading the court to note that "Futurewei's request for transfer is dispositive in this forum because, if
   granted, this proceeding will be concluded here and the action will likely be consolidated with the

24  Texas Action." *Id.* at 2-3.

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

NVIDIA's cases also all involved motions to stay discovery at the outset of the litigation, not *one month* before the close of fact discovery. And all but one of NVIDIA's cases involved a threshold issue, like jurisdiction or a statute of limitations—not just a challenge to the sufficiency of the allegations supporting discrete claims. *See, e.g.*, *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2–3 (N.D. Cal. Apr. 10, 2020) (granting stay when pending motion asserted time bar precluding Plaintiffs' claims and trial date was "over two years from now"); *Affinity Credit Union v. Apple Inc.*, 2023 WL 12065782, at *2 (N.D. Cal. Apr. 14, 2023) (granting stay when pending motion provided bases to dismiss case in its entirety, including alleged failure to specify relevant market in an antitrust case; noting no prejudice given "[t]he Court has not yet entered a scheduling order"); *Leonard v. CVS Pharmacy, Inc.*, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025) (granting stay when pending motion asserted lack of personal jurisdiction, standing, and preemption; motion to stay filed two weeks after initial scheduling order); *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (granting stay when pending motion identified issues that "would render the complaint subject to dismissal in its entirety" and noting that "[t]he Court has not yet entered a scheduling order"); *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (pending motion raised standing and statute of limitations; motion to stay filed before initial case management conference).

This is intuitive—when defendants assert a case-dispositive issue, particularly a jurisdictional bar, it does not make sense to engage in discovery until that issue has been resolved. *Cf. Hewlett Packard Enter. Co. v. Inspur Grp. Co.*, 2024 WL 4631665, at *1 (N.D. Cal. Oct. 29, 2024) ("Courts are more likely to stay discovery where a dispositive motion 'raises jurisdictional issues that may dispose of the entire case.'") (quoting *Snake River Waterkeeper v. J.R. Simplot Co.*, 2023 WL 5748152, at *3 (D. Idaho Sept. 6, 2023)). But when a motion simply seeks to trim the case around the edges, or could be resolved with a cured pleading, discovery proceeds. *In re California Bail Bond*

*Antitrust Litigation*, 2020 WL 8921515, at *1 (denying motion to stay only discovery on allegations in amended complaint). This Court routinely declines to grant stays when complaints are "only challenged on garden variety insufficiency grounds which even if successful, would lead to leave to amend." *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2024 WL 4981090, at *2 (N.D. Cal. Dec. 4, 2024) (denying motion for stay) (citations omitted); *Barrett*, 2020 WL 13815568, at *2 (declining to stay discovery when it was "possible that certain of the claims will survive or that certain claims will be dismissed with leave to amend such that the case will continue"); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (declining to stay discovery because motion was not dispositive when any dismissal could result in leave to amend).

NVIDIA heavily relies on *Pereda v. General Motors*, 2022 WL 19692037, at *1 (N.D. Cal. Mar. 15, 2022), but *Pereda* is inapplicable for the same reasons discussed above. First (and critically, given this Court's emphasis that stays should issue only when pending motions are case-dispositive), the *Pereda* defendants sought to dismiss the case in its entirety, asserting jurisdictional arguments and reasons to transfer the case. *Id.* Second, discovery in that case was not yet underway when defendants filed their motion to dismiss, meaning the stay did not hijack the entire case schedule. *Id.* at 2 (staying before "embarking on such discovery"). And third, any sufficiency arguments in *Pereda* went to the central issue in the case (whether Defendants' vehicles were defective), *id.* at 1, while here, as this Court has already recognized, Plaintiffs' new allegations—the ones requiring additional discovery— are "largely related to their original claims," Order at 9, which NVIDIA has not moved to dismiss.

NVIDIA strains to find a case that supports its motion, citing, in the opening paragraph of its brief, *In re Mosaic LLM Litigation* for the proposition that claims must survive the pleading stage before discovery is proper. Dkt. 241 at 1, 16. But *In re Mosaic LLM Litig.*, No. 24-CV-01451-CRB, Dkt. 163 (N.D. Cal. Aug. 19, 2025) and *In re German Auto. Manufacturers Antitrust Litig.*, 335 F.R.D.

407, 408 (N.D. Cal. 2020) do not stand for the legal proposition that discovery is only proper into claims that have survived a motion to dismiss. Rather, those rulings rejected discovery into claims that had *already been dismissed*. *See Mosaic*, No. 24-CV-01451-CRB, Dkt. 163 (denying discovery when "Judge Breyer dismissed Plaintiffs' direct infringement claim … and denied Plaintiffs leave" to proceed with discovery); *In re German Auto*, 335 F.R.D. at 409 (stating that court "cannot grant discovery based on a complaint that has already been dismissed"). That is not the posture of this case: none of Plaintiffs' claims have been dismissed. In these circumstances, the law is clear that the scope of discovery is governed by the operative complaint—here, the FACC—and Defendants are required to participate in that discovery unless a stay is granted or, as in the cases NVIDIA relies on, claims are dismissed and leave to amend denied. *Barrett*, 2020 WL 13815568, at *2 (denying stay when it is "possible that certain of the claims will survive or that certain claims will be dismissed with leave to amend such that the case will continue"). The law does not condone NVIDIA's effort to halt discovery and unilaterally derail the case schedule simply because it filed a partial motion to dismiss.

A "preliminary peek" at the merits of NVIDIA's motion to dismiss further supports denial of NVIDIA's motion to stay, because NVIDIA's motion is beyond meritless. One of the principal new theories advanced in the FACC is that NVIDIA illegally downloaded works from shadow libraries like Anna's Archive. These allegations far exceed the plausibility threshold under Rule 8 because, among other things, they are supported by internal NVIDIA documents where NVIDIA engineers confirm they got the "green light" to patronize criminal enterprises for copyrighted content. FACC at ¶ 57. NVIDIA's sole assertion in response to these allegations is that it is "equally plausible" that NVIDIA ultimately decided against downloading shadow library material. Dkt. 240 at 9. But that turns the pleading requirement on its head. The question is whether Plaintiffs have plausibly alleged that NVIDIA copied troves of books from shadow libraries. There is no question that the FACC does so, based on the internal "green light" document, industry evidence, and the clearly alleged fact that

just months after contacting Anna's Archive, NVIDIA released a model trained on "millions of books"—possible only through massive piracy via a shadow library like Anna's Archive. FACC at ¶¶ 51–61. There may be good business and public relations reasons why NVIDIA so desperately wants to avoid discovery into its patronage of criminal enterprises for copyrighted material, but none are cognizable in Court.

NVIDIA argues that the "preliminary peek" should be limited to whether the motion is dispositive of the issues on which discovery is sought—and not the motion's likelihood of success on the merits. But courts in this district regularly explain that "the 'preliminary peek' still requires the Court to consider the merits of the motion to dismiss." *SVB Fin. Grp.*, 2024 WL 1898439, at *2 (collecting cases and denying motion for a stay where " the Court is not confident that [defendant] will succeed in disposing of all the issues on which discovery is sought").[4] It is unsurprising that NVIDIA does not want the Court to look at the merits of its motion to dismiss: a preliminary peek shows that NVIDIA's motion is divorced from the allegations in the FACC. Here are a few examples:

1. **<u>NVIDIA's Motion to Dismiss at 9:</u>** "The FAC… fails to allege that SlimPajama contained [Plaintiffs'] works."

   a. **<u>FACC at ¶ 42:</u>** "The SlimPajama dataset included the Books3 dataset."

   b. **<u>FACC at ¶ 36:</u>** "Plaintiffs' copyrighted books listed in Exhibit A are among the works in the Books3 dataset."

2. **<u>NVIDIA's Motion to Dismiss at 8:</u>** "Plaintiffs do not allege that Megatron 345M was trained on Books3."

   a. **<u>FACC at ¶ 41:</u>** "NVIDIA included the Pile dataset as training data for an LLM

---

[4] *See also Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, 2026 WL 104229, at *2 (N.D. Cal. Jan. 14, 2026) (denying stay when Court found "contested issues" in motion to dismiss); *Hoopes Vineyard*, 2025 WL 41929, at *1 (denying stay when, after peeking at merits, court was not "convinced" that plaintiff would be unable to state a claim for relief); *Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023) (denying stay when court was not certain that the complaint was "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value") (quoting *Barrett*, 2020 WL 13815568, at *2)).

known as Megatron 345M . . . .”

      b.   **FACC at ¶ 32:** "[o]ne of the components of The Pile is a collection of books called Books3.”

3.   **NVIDIA's Motion to Dismiss at 9:** "The mere fact that NVIDIA was in contact with representatives from Anna's Archive does not mean that NVIDIA obtained Plaintiffs' works from Anna's Archive. It's equally plausible NVIDIA did not.”

      a.   **FACC at ¶ 57:** "Within a week of contacting Anna's Archive, and days after being warned by Anna's Archive of the illegal nature of their collections, NVIDIA management gave 'the green light' to proceed with the piracy. … By downloading Anna's Archive, NVIDIA pirated additional copies of Plaintiff's Infringed Works.”[5]

4.   **NVIDIA's Motion to Dismiss at 2:** "Plaintiffs do not allege specific acts of direct infringement by any of NVIDIA's customers.”

      a.   **FACC at ¶ 71:** "For example, NVIDIA provided resources, guidance, and tools for its customer Writer Inc. to develop its line of Palmyra models using the NeMo Megatron Framework. On information and belief, NVIDIA provided the tools and scripts for Writer to download The Pile. NVIDIA provided similar assistance in downloading and processing The Pile to clients Persimmon AI Labs and Amazon.”

5.   **NVIDIA's Motion to Dismiss at 14:** "No Material Contribution [to third-party infringement].”

      a.   **FACC at ¶ 70:** "Through the NeMo Megatron Framework and BigNLP platforms, NVIDIA provided customers with scripts to automatically download and preprocess The Pile dataset which, until recently, was hosted externally by Eleuther AI.”

In sum, NVIDIA's partial motion to dismiss is not even close to case-dispositive (or dispositive of any single claim), so it is not entitled to a stay of discovery. It has also not identified any authority granting a stay of discovery in a remotely similar procedural posture. And even if NVIDIA's motion were *potentially* case-dispositive, a "preliminary peek" at the merits of the motion should give the Court no confidence that the motion will be successful—an additional basis to deny

---

[5] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Master File Case No. 4:24-cv-01454-JST       15

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS SUBJECT TO NVIDIA'S MOTION TO DISMISS

the stay. Finally, even if Plaintiffs' FACC is deficient (it is not), any deficiency could be cured by additional amendment. NVIDIA's request for a stay should be denied.[6]

### B.   A Stay Would Not Promote Efficiency and Would Prejudice Plaintiffs

When considering whether to stay discovery pending resolution of a motion, though not part of the two-prong test, courts sometimes consider "whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'" *SVB Fin. Grp.*, 2024 WL 1898491, at *1 (citations omitted). This assessment includes whether the moving party has shown a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Barrett*, 2020 WL 13815568, at *1 (citation omitted). NVIDIA's motion fails this inquiry too.

### 1.   NVIDIA Mischaracterizes Plaintiffs' Prior Statements About Discovery

NVIDIA's primary argument seems to be that Plaintiffs should not be allowed to serve *any* additional discovery related to the allegations in the amended complaint. As support for that, it misrepresents Plaintiffs' statements to this Court and this Court's Order granting leave to amend. NVIDIA argues that Plaintiffs said "discovery on the FAC claims would be 'co-extensive' with previously served discovery." Dkt. 241 at 12-13. That is incorrect. In full, here is what Plaintiffs said to the Court:

---

[6] The second prong of the test—whether resolution of NVIDIA's motion requires discovery—is "of no moment," because "[t]he mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings. If it was, every case with a pending second-round motion to dismiss—the large majority of federal actions—would be stayed at some point. That sort of inefficient and chaotic system is not contemplated by the Federal Rules, and is in any event 'directly at odds with the need for expeditious resolution of litigation.'" *Optronic Techs.*, 2018 WL 1569811, at *2 (emphasis added, citations omitted) (citing *Gray*, 133 F.R.D. at 40). In any event, NVIDIA needs to win on both prongs of the test to justify a stay, and it has flunked the first. *Pac. Lumber Co*, 220 F.R.D. at 352 ("if either prong of this test is not established, discovery proceeds").

1   Discovery into *NVIDIA's downloading of Plaintiffs works* from Anna's Archive will be *largely*
2   *co-extensive* with discovery into NVIDIA's downloading of Plaintiffs' works from Books3.
    Indeed, Plaintiffs have already served discovery requests on this issue and the parties have
3   negotiated about search terms to locate responsive documents (with NVIDIA ultimately
    refusing to run them on relevance, not burden grounds).

4   Dkt. 193 at 12 (emphasis added).

5       <u>First</u>, Plaintiffs have asked that NVIDIA supplement its earlier discovery responses to include

6   information relating to the data sources and models in the FACC. The requests that Plaintiffs have

7   followed up on are the same requests they made of NVIDIA with respect to Books3 and the NeMo

8   Megatron models, but now for Anna's Archive and other at-issue models. That is the definition of co-

9   extensive. And in their briefing on the question of amendment, Plaintiffs clearly explained that they

10  would expand discovery into Anna's Archive post-amendment, as they have now done. *See* Dkt. 212

11  at 13 ("Discovery into NVIDIA's downloading of Plaintiffs works from Anna's Archive … 

12  substantially overlaps with existing discovery"); *id.* ("Plaintiffs have already served discovery

13  requests on shadow libraries … with NVIDIA previously only refusing search terms on shadow

14  libraries on relevance [grounds]"). It is *simply not true* that Plaintiffs represented to the Court that

15  their post-amendment discovery would be limited to Books3 and the NeMo Megatron LLMs. That is

16  nonsensical. Plaintiffs specifically amended their complaint to *directly implicate* NVIDIA's use of

17  additional shadow libraries, including Anna's Archive, and identified additional NVIDIA models

18  trained on stolen books. The whole point is to allow discovery into these allegations—including

19  through the modest new requests that Plaintiffs have served. NVIDIA's argument is illogical, contrary

20  to Plaintiffs' representations, and should get NVIDIA nowhere.

21      <u>Second</u>, the Court has already addressed NVIDIA's argument. In its Order granting leave to

22  amend, the Court noted that Plaintiffs' pre-amendment discovery requests covered shadow libraries

23  and other models trained on stolen books—and that NVIDIA simply refused to produce that

24  discovery. It explained that "Plaintiffs repeatedly and unsuccessfully sought discovery regarding

NVIDIA's use of shadow libraries, which contributed to their delay in seeking amendment." Order at 4–5. That Plaintiffs now seek to revive their previous discovery requests, given that the FACC directly implicates these subjects, is entirely consistent with Plaintiffs' representations and this Court's Order granting leave.

### 2. NVIDIA Fails to Establish Any Prejudice From Discovery Into the FACC

NVIDIA has not made a "particular" or "specific" showing of any prejudice here. *Barrett*, 2020 WL 13815568, at *1. In fact, quite the opposite. In its Order granting Plaintiffs leave to amend, this Court noted that courts "frequently find that additional discovery necessitated by a motion to amend made while discovery is still open 'amounts to little more than the ordinary burden[] of defending a lawsuit.'" Order at 9 (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 653 (W.D. Wash. 2015)). NVIDIA now cries foul because it has to defend against a moderately expanded lawsuit (notwithstanding that the added claims are *based on documents that NVIDIA produced in this litigation*). The same so-called "prejudice" that failed to support NVIDIA's claim of prejudice when opposing leave to amend should also fail to support NVIDIA's effort to stay discovery, and the Court should reject NVIDIA's efforts to re-litigate its findings.

NVIDIA has not stated why the discovery relating to the amended complaint is uniquely prejudicial. *See* Order at 9 (noting that NVIDIA "provides no specific examples of what such a 'redo' [of discovery] would entail"). Instead, NVIDIA refuses to even engage with Plaintiffs on their requests for supplementation or modest additional requests.

If NVIDIA's concern is that it will have to respond to the four interrogatories and eleven requests for production that Plaintiffs have served post-amendment, "[s]uch blanket concerns, which are true in the mine run of litigation, do not establish good cause for a protective order." *Hoopes Vineyard*, 2025 WL 41929, at *1. And if NVIDIA's concern is simply that it does not want to produce

1   documents showing that it pirated books from a known criminal enterprise like Anna's Archive, that

2   is absolutely no basis for a stay. Either way, the outcome is the same: NVIDIA's motion for a stay

3   should be denied.

4           NVIDIA argues that Plaintiffs' post-amendment definitions of "NVIDIA Large Language

5   Models" and "Pirated Data" are overly broad. Dkt. 241 at 12. NVIDIA's argument should be rejected

6   for two reasons. First, the FACC (which was before the Court when it granted Plaintiffs' motion for

7   leave to amend in full) implicates multiple LLMs and shadow libraries. *See* FACC at ¶¶ 41, 59, 60

8   (listing additional models trained on stolen books); ¶¶ 42, 46–58 (alleging that NVIDIA pirated books

9   from Anna's Archive and other shadow libraries and listing additional datasets used by NVIDIA

10  containing stolen books). But more importantly, the question of whether discovery is relevant and

11  proportional to a case is "not before the Court" on a motion to stay discovery. *Pereda*, 2022 WL

12  19692037, at *2. That is a matter for discovery meet-and-confers and possible later briefing.

13          NVIDIA argues vaguely that discovery into Plaintiffs' contributory and vicarious

14  infringement allegations would be prejudicial and improper. Dkt. 241 at 12. But this Court has already

15  emphasized that Plaintiffs' amendment was based on documents *produced by NVIDIA* showing that

16  "NVIDIA possessed scripts that facilitated copyright infringement by customers and that it provided

17  these scripts to specific customers who then used them in infringing activities." Order at 7. And, as

18  explained above, discovery into this topic would have been relevant even under the *prior* complaint.

19  *See In re Mosaic LLM Litig.*, 2025 WL 3514687, at *2.

20          There is also no reason to stay discovery on Plaintiffs' allegations that NVIDIA trained models

21  other than the NeMo Megatron models on The Pile. Dkt. 241 at 12. Again, this Court has already

22  explained that NVIDIA itself produced the documents supporting Plaintiffs' claims. *See* Order at 5

23  (noting NVIDIA's " newly produced evidence showing that the five new models proposed to be added

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

to the complaint were also trained on 'The Pile' and Books3.").[7] Discovery on this subject, too, is part of the ordinary burden associated with defending against a lawsuit.

NVIDIA submits that discovery into "NVIDIA's purported use of Anna's Archive, SlimPajama, LibGen, Sci-Hub, Z-Library, and Bibliotik, and unidentified 'other shadow libraries'" would be a waste of discovery resources. Dkt. 241 at 12. There is nothing "purported" about NVIDIA's use of Anna's Archive. As Plaintiffs have explained, NVIDIA engineers reached out to Anna's Archive to, in their words, "explor[e] including Anna's Archive in pre-training data for our LLMs." Dkt. 227-3 at 5. Anna's Archive responded, asking NVIDIA to "let us know when you have decided internally that this is something you can pursue," and NVIDIA responded that management gave it "the green light" to proceed. *Id.* at 4. NVIDIA itself confirmed that it made a policy-level decision to use data sourced from a criminal enterprise for LLM training. If there is little more to the story, then NVIDIA can establish that in discovery—it doesn't get to try (for a second time) to prevent Plaintiffs from obtaining the discovery in the first place.

NVIDIA cites three cases in support of its argument that discovery should be stayed to avoid premature expense. *See* Dkt. 241 at 13. Once again, all three involved *case-dispositive* motions.[8] *See Arcell*, 2022 WL 16557600, at *1 (noting Defendants' "motion is 'potentially dispositive' of the entire case"); *Pereda*, 2022 WL 19692037, at *1 (noting that the motion "contains several dispositive arguments"); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *2 (N.D. Cal. Dec. 9, 2021)

---

[7] NVIDIA notes that "Discovery to date has been limited to NVIDIA's use of The Pile to train the NeMo Megatron models, as ordered by the Court." Dkt. 241 at 17. That is irrelevant. The Court's orders limiting the scope of discovery were based on the claims as alleged in the *initial* complaint; of course an amended complaint will affect the scope of the case.

[8] On page 14 of its motion, NVIDIA says that *Head v. Cnty. of Sacramento,* 2021 WL 1238283, at *2 (E.D. Cal. Apr. 2, 2021), involved a "motion to stay partial discovery." Dkt. 241 at 19. That is incorrect. The Court in *Head* stayed *all discovery* into a particular defendant after the defendant filed a motion to dismiss based on a statute of limitations and state law procedural bar. *Id.* at *2 (noting that motion would dispose of "all of plaintiff's claims against defendant Shelton" and staying all discovery).

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

(noting that motion "would be 'potentially dispositive' of the case"). These decisions support *Plaintiffs'* point. In situations like this, where there is undisputedly valid discovery ongoing, a partial stay precludes Plaintiffs from diligently prosecuting their case. As explained above, NVIDIA's ongoing refusal to allow Plaintiffs to question deponents on allegations in the FACC forces Plaintiffs to choose between taking depositions covering only a portion of the issues in the case and not taking depositions at all. Efficient resolution of the case favors allowing discovery to proceed while the Court considers NVIDIA's motion to dismiss.

Last, NVIDIA argues that a stay will allow the Court to focus the issues before discovery proceeds. Dkt. 241 at 14. NVIDIA's argument is inconsistent with the premise of notice pleading. "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts. When they have learned the facts, the parties can settle or seek judgment." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Since the beginning of this case, Plaintiffs have clearly alleged that—among other things—NVIDIA downloaded and trained its LLMs on Plaintiffs' copyrighted works. *See, e.g.*, Dkt. 1 at 5. The FACC expands on that core theory, adding allegations "largely related to [Plaintiffs'] original claims" that emerged through discovery. Order at 9. There is no reason to stay discovery now, when NVIDIA is clearly on notice of the claims in the case, and Plaintiffs' FACC simply makes those claims with greater specificity.

### 3.    A Stay Would Prejudice Plaintiffs

Finally, a stay would prejudice Plaintiffs. NVIDIA's unilateral stay *already* requires an extension of the case schedule, as NVIDIA has refused to let depositions go forward, and an additional stay would further delay the expeditious resolution of Plaintiffs' claims. Plaintiffs have been forced to agree to a sixty-day extension of the case schedule to allow NVIDIA to postpone depositions until the motion to stay or the motion to dismiss is resolved. But given NVIDIA's unilateral refusal to

1   engage in *any* meet and confer discussions regarding discovery that touches on the FACC, even that

2   sixty-day extension will not be enough to permit completion of discovery and depositions if the stay

3   is granted. As NVIDIA emphasizes, this case has been pending for nearly two years already. NVIDIA

4   should not be permitted to slow it even more.

## I.   CONCLUSION

6      Plaintiffs respectfully request that the Court deny NVIDIA's motion to stay discovery, and

7   that the Court permit discovery into the issues raised in the FACC pursuant to Federal Rule of Civil

8   Procedure 26(b)(1).

9

10  Dated: February 5, 2026                    By:   _____/s/ Elisha Barron_____
                                                       Elisha Barron

11

12                                              Joseph R. Saveri (CSB No. 130064)
                                                Christopher K.L. Young (CSB No. 318371)
                                                Evan Creutz (CSB No. 349728)

13                                              Elissa A. Buchanan (CSB No. 249996)
                                                William Waldir Castillo Guardado (CSB No. 294159)

14                                              **JOSEPH SAVERI LAW FIRM, LLP**
                                                601 California Street, Suite 1505

15                                              San Francisco, CA 94108
                                                Telephone:    (415) 500-6800

16                                              Facsimile:    (415) 395-9940
                                                Email:        jsaveri@saverilawfirm.com

17                                                            cyoung@saverilawfirm.com
                                                              ecreutz@saverilawfirm.com

18                                                            eabuchanan@saverilawfirm.com
                                                              wcastillo@saverilawfirm.com

19
                                                Bryan L. Clobes (admitted *pro hac vice*)

20                                              Mohammed Rathur (admitted *pro hac vice*)
                                                Nabihah Maqbool (admitted *pro hac vice*)

21                                              **CAFFERTY CLOBES MERIWETHER &
                                                SPRENGEL LLP**

22                                              135 South LaSalle Street, Suite 3210
                                                Chicago, IL 60603

23                                              Tel: 312-782-4880
                                                bclobes@caffertyclobes.com

24                                              mrathur@caffertyclobes.com

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
Dylan B. Salzman (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com
dsalzman@susmangodfrey.com

Rachel J. Geman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027

1

Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
mb@butterIcklaw.com

2

3

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO NVIDIA'S MOTION TO STAY DISCOVERY ON CLAIMS AND ALLEGATIONS
SUBJECT TO NVIDIA'S MOTION TO DISMISS