UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NVIDIA CORPORATION,<br><br>　　　　　Defendant. | Case No. 24-cv-01454-JST<br><br>**ORDER RE DISCOVERY LETTER BRIEF**<br><br>Re: ECF No. 245 |

　　　Presently before Judge Sallie Kim is a joint letter brief filed by parties regarding the obligation to engage in discovery.  ECF No. 245.  Defendant NVIDIA Corporation ("NVIDIA") asks Judge Kim for a "protective order barring written discovery on claims and allegations subject to NVIDIA's pending motion to dismiss." *Id*. at 8.  Plaintiffs ask Judge Kim to deny NVIDIA's request and compel it to comply with its ongoing obligation to engage in discovery based on the operative complaint.  *Id*. at 4.

　　　A motion to stay discovery pending the Court's resolution on the motion to dismiss the first amended consolidated complaint is already pending before the undersigned.  ECF No. 241.  The Court agreed to consider that motion on an expedited basis, scheduling the hearing for February 19, 2026.  ECF No. 243.  Regardless, NVIDIA has filed a request for a "protective order," seeking a stay on NVIDIA's obligation to engage in "discovery on allegations that may not survive the pleading stage."  *Id*. at 11.

　　　The Court finds no basis for the request.  "[A]bsent a stay of discovery by the District Judge," there is nothing "prevent[ing] discovery with respect to the allegations in the FAC," even when the validity of the claims is being adjudicated.  *Pom Wonderful LLC v. Coca-Cola Co.*, No. CV086237SJOFMOX, 2009 WL 10655253, at *1 (C.D. Cal. Sept. 16, 2009).  NVIDIA's citations

to cases where courts declined to permit discovery into claims that had been dismissed do not support its attempts to stay discovery on claims currently in the operative complaint. ECF No. 245 at 11 (citing *In re Mosaic LLM Litig.*, 2025 WL 2402677, at *3 (N.D. Cal. Aug. 19, 2025) and *In re Mosaic LLM Litig.*, No. 3:24- cv-01451, ECF 163 (N.D. Cal. Aug. 20, 2025)).

Plaintiffs request that NVIDIA be ordered to comply with its obligations to engage in written discovery under the First Amended Consolidated Complaint. ECF No. 245 at 7. That request is granted. Plaintiffs allege that NVIDIA has failed to respond to any discovery requests as they relate to the first amended complaint other than to serve objections. ECF No. 245 at 5. The record on the motion to stay shows that NVIDIA's counsel has evaded Plaintiffs' discovery demands by claiming that "Plaintiffs' First Amended Consolidated Complaint has not survived the pleading stage and therefore is not properly subject to discovery." ECF No. 246-2 at 2; ECF No. 245 at 4. Consequently, NVIDIA declined to produce information related to the pirating website "Anna's Archive" included in the new complaint, claiming that Plaintiffs seek "information that is beyond the scope of the pleadings." ECF No. 245-1 ¶ 11. NVIDIA's conduct in not complying with its discovery obligations relating to the operative complaint is self-help. "[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities." *Nat'l Corp. Tax Credit Funds III v. Potashnik*, 2008 WL 11339608, at *1 (C.D. Cal. June 16, 2008). NVIDIA therefore has no legal basis to forestall its obligations to engage in written discovery in good faith.

For the foregoing reasons, the Court grants Plaintiffs' request that NVIDIA engage in written discovery while the motion to stay discovery is being adjudicated and denies NVIDIA's request for a "protective order" staying discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

1   The undersigned resolved the instant dispute due to the pendency of the parallel motion to
2   stay.  ECF No. 241.  Discovery disputes in this case remain referred to Magistrate Judge Kim.
3   **IT IS SO ORDERED.**
4   Dated:  February 6, 2026



JON S. TIGAR
United States District Judge