# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Abdi Nazemian, et al.,<br><br>         Plaintiffs,<br><br>    vs.<br><br>NVIDIA Corporation,<br><br>         Defendant. | Master File Case No. 4:24-cv-01454-JST (SK)<br>Consolidated with Case No.  4:24-cv-02655-JST (SK)<br><br>**ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF** |

1

## ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF

2          Pursuant to the Standing Order for Magistrate Judge Sallie Kim, undersigned counsel hereby attest

3  that NVIDIA's co-lead counsel Andrew Schapiro, and Bryan Clobes and William Castillo Guardado for

4  Plaintiffs met and conferred by videoconference in a good faith attempt to resolve their disputes and

5  complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding

6  Discovery prior to filing the accompanying joint letter.  The parties were unable to resolve the dispute and

7  respectfully submit it to the Court.

8  Dated: March 9, 2026                    Respectfully submitted,

9

10                                          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
11

12                                          By:  */s/    Rachael L. McCracken*
13                                                Rachael L. McCracken

14                                          *Attorneys for Defendant NVIDIA Corporation*

15

16                                          SAVERI LAW FIRM, LLP

17                                          By:  */s/    William Castillo Guardado*
                                                  William Castillo Guardado
18

19                                          CAFFERTY CLOBES MERIWHETHER &
                                            SPRENGEL, LLP
20

21                                          By:  */s/    Bryan Clobes*
                                                  Bryan Clobes
22

23                                          *Counsel for Individual and Representative*
                                            *Plaintiffs and the Proposed Class*
24

25

26

27

28

March 9, 2026

The Honorable Sallie Kim

     Re: *Nazemian, et al. v. NVIDIA Corp.*, No. 4:24-cv-01454-JST (N.D. Cal.)

Dear Judge Kim,

     Pursuant to Your Honor's Standing Order, the parties submit this letter brief regarding a dispute over Plaintiffs' written discovery responses. Counsel for the parties met and conferred by video on February 10 and 25, 2026, but are at an impasse.

     The discovery and case management deadlines are as follows (Dkt. 251):

     1)  Joint Case Management Statement: March 13, 2026;

     2)  Further Case Management Conference – Videoconference Only: Mar. 20, 2026;

     3)  Deadline to Serve Written Discovery: April 10, 2026;

     4)  Deadline to File Motions Regarding Fact Discovery: April 17, 2026; and

     5)  Close of Pre-Class Certification Fact Discovery: May 5, 206.

     The parties also agreed "that the remainder of the case schedule will need to be modified" and to "negotiate in good faith regarding the full case schedule after the Court rules." *Id.* The parties have not yet submitted a new proposed schedule. In any event they cannot reach an agreement, then "the remaining case deadlines will be spaced out in the same way as in the existing case schedule[.]" *Id.*

1

## NVIDIA's Position

2      This dispute concerns two foundational discovery failures. First, discovery regarding what rights,

3   if any, Plaintiffs claim to own in the Asserted Works is essential to standing, infringement, damages, and

4   NVIDIA's fair use defense. Yet, Plaintiffs refuse to provide anything other than a Rule 33(d) response to

5   Interrogatory No. 6. Second, three named Plaintiffs refuse to produce discovery responses and deposition

6   transcripts from a parallel case with overlapping claims in response to Requests for Production Nos. 19

7   and 20, even though that information is relevant here and they have routinely demanded this type of

8   discovery from others. *Authors' Guild* cases, S.D.N.Y. 1:23-cv-08292-SHS, 1:23-cv-10211-SHS, ECF

9   No. 293 (plaintiff entitled to cross-production from parallel AI copyright litigation).

10      **Interrogatory No. 6:** This request seeks all facts supporting Plaintiffs' contention that they "are

11  entitled to damages as a result of NVIDIA's alleged copyright infringement," including "the method used

12  to calculate any claimed actual damages," "the basis for any claim of statutory damages," and "the factual

13  basis for any claim of profits attributable to the alleged infringement." *See, e.g.*, Ex. A (Nazemian's Supp.

14  Responses to NVIDIA's First Set of Interrogatories).

15      The specific rights Plaintiffs contend they own in specific works, and what rights they have

16  licensed away, are a prerequisite to Plaintiffs' claims for damages. *Silvers v. Sony Pictures Ent., Inc.*, 402

17  F.3d 881, 884–85 (9th Cir. 2005). Plaintiffs' class definition requires that members "own a registered

18  United States copyright" in the works at issue during the Class Period. FAC ¶ 92. Plaintiffs cannot pursue

19  class-wide damages without basic facts to establish that they owned the relevant copyright registrations,

20  and underlying rights, during the class period. Their response falls far short. Plaintiffs list only categories

21  of damages, without identifying what exclusive rights in the Asserted Works support those damages, let

22  alone establishing that those rights were not transferred, assigned, or reverted during the class period (or

23  articulating factual support for any given category of damages).

24      NVIDIA has specified what is missing from Plaintiffs' responses. For example, Plaintiff

25  Nazemian's production reflects a transfer of "all rights, title, and interest" in the copyright to *Like a Love*

26  *Story* to a loan-out entity, Boy for Pele Inc. *See* NAZEMIAN_NVIDIA0023668 at 1, 19-20 (transferring

27  "all rights, title, and interest" in the copyright of *Like a Love Story* to Boy For Pele Inc.). Plaintiffs do not

28

state that Nazemian's not-yet-served 33(d) supplement will respond fully to this Interrogatory either—only that the supplement will address "the extent of his loan-out company's ownership interest in his asserted work.". Plaintiffs do not confirm that this supplement will address whether he retained any exclusive rights after that transfer, whether he seeks damages for that work, or how he contends he maintained standing thereafter. Similar issues arise from agreements produced by other Plaintiffs, which reflect grants of rights to publishers or other third parties that may bear directly on standing and damages. A narrative response is required to evaluate Plaintiffs' claims for each work and the bases for those claims.

Ownership information is also relevant to NVIDIA's fair use defense and serves as a predicate to NVIDIA's responses to Plaintiffs' discovery on that issue. The fourth fair use factor evaluates "the effect of the use upon the potential market for or value of the copyrighted work," and requires evaluation of what market, if any, exists for each Asserted Work. 17 U.S.C. § 107(4); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). Any transfer of rights in the Asserted Works, whether the rights related to AI training, the markets Plaintiffs participated in, and whether Plaintiffs participated in a licensing market for AI training bears directly on any alleged market harm. This discovery therefore impacts NVIDIA's principal affirmative defense, on top of damages. *See In re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB (N.D. Cal. Aug. 8, 2025) ECF No. 152 at 7 (granting discovery relevant to factor four defense).

Plaintiffs suggest that identifying agreements under Rule 33(d) is sufficient. It is not. Rule 33(d) applies only where the burden of deriving the answer is substantially the same for both parties. *See Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (citation omitted). It does not permit a party to hide its litigation position by requiring its adversary to guess at how the party interprets identified contracts. Plaintiffs are uniquely positioned to identify the rights they contend they retained, their agreements and actions pursuant to those agreements, any reversion of rights, and how those rights support their damages. NVIDIA should not be required to speculate and reconstruct Plaintiffs' ownership positions from incomplete contractual chains.

Plaintiffs claim their response to NVIDIA's Interrogatory No. 2 sufficiently responds to Interrogatory No. 6. But Plaintiffs' response to Interrogatory No. 2 also fails for the same reasons described above because it simply identifies agreements under Rule 33(d). In addition, Interrogatory No.

6 seeks all facts supporting Plaintiffs entitlement to damages, including the factual basis for actual damages, statutory damages, and profits. Plaintiffs never objected that Interrogatory No. 6 seeks duplicative information, or raised it at all until this brief. Plaintiffs' deficient response to Interrogatory No. 2 asking for different information does not discharge their obligation to answer Interrogatory No. 6.

Plaintiffs mischaracterize the information sought. Interrogatory No. 6 does not seek expert calculations—it seeks facts supporting any damages claim, including the ability to recover them. That is a threshold fact question, not expert analysis. The Court's decision (ECF No. 233) did not relieve Plaintiffs of the obligation to identify the factual basis for their damages. Nor do Plaintiffs do contend the information sought is disproportionately burdensome. They simply refuse to provide it.

**Requests for Production Nos. 19 and 20:** NVIDIA also seeks certain discovery materials from *In re Mosaic*, a co-pending action in this District with three of the five named Plaintiffs here: Nazemian, Keene, and O'Nan. *See* Ex. B (Nazemian's Responses to NVIDIA's Second Set of Requests for Production). The same counsel represents Plaintiffs in both cases. Nazemian, Keene, and O'Nan assert most of the same works. *Compare In re Mosaic*, ECF No. 254 ¶¶ 11-13 *with* FAC ¶ 11-13. Although other asserted works differ, the factual and legal issues materially overlap.

Rather than addressing the narrowed, operative request, Plaintiffs instead address a scope not sought in this case. Plaintiffs wrongly argue NVIDIA requests "everything … produced," but NVIDIA narrowed its request to the overlapping Plaintiffs' deposition transcripts and written discovery responses served in *In re Mosaic*. Here, where the discovery sought is from the Plaintiffs, it is overlapping works and plaintiffs that matter; not the models or defendants at issue. There are three Plaintiffs who are named in both cases, asserting most of the same works. These materials likely contain party admissions concerning ownership interests, transfers of rights, licensing practices, commercial exploitation, and potential licensing markets. Those issues are directly contested in this case. Plaintiffs conceded relevance by offering Nazemian's *Mosaic* deposition transcript in lieu of his deposition here. If Plaintiffs believe that *Mosaic* transcript is relevant testimony in this case, then the sworn discovery responses and transcripts of the other overlapping *Mosaic* Plaintiffs are likewise relevant.

NVIDIA is not seeking "cloned discovery." The cases rejecting that practice involve requests for

re-production of entire discovery records from separate litigation involving different parties and/or claims. *E.g.*, *Pac. Wine Distrib., Inc. v. Vitaol Inc.*, 2022 WL 1489474, at *1 (N.D. Cal. 2022). NVIDIA seeks only what Courts routinely allow: discovery from related actions with "significant factual and legal overlap and involve the same legal claims." *Rumble, Inc. v. Google LLC*, 2023 WL 3751797, at *7 (N.D. Cal. May 31, 2023) (granting discovery from similar Google litigation); *see also Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, at *7 (S.D. Cal. May 12, 2021) (ordering production of deposition transcripts and discovery responses from substantially similar case); *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (same). This Court has compelled third party productions relevant to factor four of the defendant's fair use defense. *See In re Mosaic*, ECF No. 152 at 7.

NVIDIA is entitled to examine Plaintiffs' positions across overlapping litigation. Plaintiffs themselves have taken the position that cross-case materials are discoverable. They subpoenaed NVIDIA in *Mosaic* and have sought third-party materials in this case from Microsoft, OpenAI, Anthropic, and Meta. It would be inconsistent to allow Plaintiffs to seek such discovery while shielding theirs.

Plaintiffs previously relied on *Tremblay v. OpenAI*. 23-cv-03223 (N.D. Cal. Feb. 27, 2025 ), ECF No. 357. That decision is distinguishable. There, the movant asserted generalized overlap and sought broad categories of materials, including expert materials, without articulating specific bases for the requested discovery. Judge Illman noted the conclusory overlap argument and denied the motion without prejudice. In *Pacific Wine*, the discovery was sought from a third party for documents from a separate litigation with no overlapping parties.  2022 WL 1489474, at *1. Here, NVIDIA has identified concrete, contested issues—ownership, licensing, and market participation—and requests only party discovery responses and deposition transcripts from three overlapping Plaintiffs. The burden is minimal. These materials are relevant to at least standing, damages, fair use, and class issues.

**NVIDIA's final proposed compromise:** NVIDIA requests the Court order each Plaintiff to supplement their Interrogatory No. 6 response with a complete factual explanation, including facts setting out ownership rights in the Asserted Works, and produce Plaintiffs Nazemian, Keene, and O'Nan's discovery responses and deposition transcripts from *In re Mosaic* by March 20, 2026.

1

## Plaintiffs' Position

2    **Plaintiffs Have Fully Responded To Interrogatory No. 6**: Plaintiffs fully responded to Interrogatory

3    ("ROG") 6, explaining—in narrative format, as NVIDIA requested—why they are entitled to damages.

4    Plaintiffs have also offered to supplement their response *a second time* by identifying documents

5    demonstrating the rights Plaintiffs hold in the asserted works. Still, NVIDIA insists upon a narrative

6    response. But NVIDIA ignores that Plaintiffs *already responded* to ROG 2, which asks Plaintiffs to

7    "identify in chronological order all agreements CONCERNING ownership of, interest in, or claims or

8    right in each of YOUR COPYRIGHTED WORKS[.]" This is *exactly* what NVIDIA now seeks to

9    compel: its section of this brief asks the Court to compel Plaintiffs to disclose "[t]he specific rights

10   Plaintiffs contend they own in specific works, and what rights they have licensed away[.]" Now,

11   NVIDIA says Plaintiffs' response to ROG 2 is insufficient, but does not explain why. The Court should

12   deny NVIDIA's request because NVIDIA has not explained "the precise nature of the alleged

13   shortcomings in [Plaintiffs'] responses, or the nature and extent of the additional information it seeks –

14   instead, all that is clear is that [NVIDIA] simply wants more." *Lyft, Inc. v. Quartz Auto Techs. LLC*, No.

15   2022 WL 17076703, at *5 (N.D. Cal. Nov. 18, 2022) (denying motion to compel further discovery

16   responses when responding party provided adequate information under Rule 33(d)).

17         Unable to explain what it seeks that Plaintiffs have not yet provided, NVIDIA simply insists on a

18   narrative response. But courts routinely require that parties need only identify responsive documents under

19   Rule 33(d) in response to contention interrogatories. *See Andersen v. Stability AI Ltd.,* 2026 WL 366836,

20   at *4 (N.D. Cal. Feb. 10, 2026) (requiring party to identify responsive documents under Rule 33(d); no

21   narrative required); *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5272186 at

22   *2 (N.D. Cal. Dec. 15, 2008) (Rule 33(d) did not require narrative because "burden of deriving or

23   ascertaining the answer will be substantially the same for either party"). NVIDIA points to Plaintiff

24   Nazemian's loan-out company as an issue requiring narrative explanation, but again ignores that

25   Nazemian has already agreed to supplement his response under Rule 33(d) showing the extent of his loan-

26   out company's ownership interest in his asserted work. That gives NVIDIA what it wants.

27         If NVIDIA wishes to test whether Plaintiffs own the asserted works identified in the complaint,

28

explore individual agreements, or explore Plaintiffs' ownership rights in a specific work, it can do so through targeted document requests and deposition questions. NVIDIA does not show "that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract." *Gesture Tech. Partners, LLC v. Apple, Inc.*, 2024 WL 4201069 at *1 (N.D. Cal. Sept. 15, 2024) (interrogatory response sufficient under Rule 33(d) where it pointed to relevant documents containing "the name and model number of each accused product" and identified component parts) (internal citations and quotations omitted). Plaintiffs' reference to documents establishing ownership of copyrights is no more burdensome for NVIDIA than for Plaintiffs. These responses establish ownership—the basis for damages—and comply with Rule 33(d).

NVIDIA's reliance on *Silvers v. Sony Pictures Ent., Inc.,* 402 F.3d 881 (9th Cir. 2005) is misplaced. *Silvers* held that an assignee of an accrued infringement claim, without any legal or beneficial ownership of an exclusive copyright interest, may not sue under 17 U.S.C. § 501(b). But unlike the plaintiffs in *Silvers,* Plaintiffs here *have* provided documentary evidence showing that they were the legal or beneficial owners of exclusive rights in their asserted works during the relevant period. *Silvers* does not require Plaintiffs to marshal and detail chain of title evidence and licensing history into a single narrative ROG response. Put simply, NVIDIA's position goes well beyond what *Silvers* requires and is inconsistent with Rule 26 (b)(1)'s proportionality limits.

NVIDIA' request for a narrative response also improperly seeks expert discovery (as Plaintiffs have objected). Ex. A at 9–10. The requested damages calculations depend on market dynamics and will be the subject of expert reports and are not yet discoverable. *Rumble, Inc. v. Google LLC*, 2024 WL 3225907, at *1 (N.D. Cal. June 28, 2024) ("contention interrogatories . . . which call for expert opinions are improper") (internal citations and quotations omitted). NVIDIA claims it is not seeking the damages calculations, only the facts underlying those calculations. But Plaintiffs' supplemental response already discloses the "nature" and "quantity" of damages sought. Ex. A at 11–12. Identifying detailed factual bases for damages (actual, statutory, or profits) at this stage would require extensive expert work which will be provided in upcoming expert reports.

**NVIDIA is Not Entitled to Document and Written Discovery from Other Actions**: NVIDIA seeks all

documents from other actions where Plaintiffs assert copyright infringement, "including ALL pleadings, hearing transcripts, trial transcripts, and YOUR initial disclosures, discovery requests and responses under Federal Rules of Civil Procedure 33, 34, and 45, deposition transcripts, or other testimony by YOU" (RFP No. 19) and all documents produced in any action in which Plaintiffs were a party (RFP No. 20). This *doubles* NVIDIA's discovery by providing it with *everything* Plaintiffs Brian Keene, Stewart O'Nan, and Abdi Nazemian have produced in *In re Mosaic LLM Litigation*—an action involving different defendants and different AI models. This is an attempt to circumvent F.R.C.P. 33(a)(1), which limits each party to 25 interrogatories. Plaintiffs have not withheld any documents relevant to this action (e.g., documents establishing ownership of the asserted works). Plaintiffs have offered to provide NVIDIA with their deposition transcripts from the *Mosaic* litigation; NVIDIA rejected Plaintiffs' offer, pursuing its fishing expedition into *everything* Plaintiffs have produced in the unrelated litigation.

Beyond the plainly disproportionate nature of NVIDIA's request, efforts to obtain "cloned discovery" are routinely rejected by courts when, as here, the requesting party does not establish relevance, and the burden of producing the documents outweighs their probative value. *See Garner v. Amazon.com, Inc.*, 2023 WL 6038011, at *2 (W.D. Wash. Sept. 15, 2023) ("Courts have declined to compel the wholesale re-production of documents produced in another litigation or investigation (i.e., 'cloned discovery'), where the moving party has failed to show that the *requested universe* of documents is relevant.") (emphasis added); *Pac. Wine Distrib., Inc. v. Vitaol Inc.*, 2022 WL 1489474, at *1 (N.D. Cal. May 11, 2022) (denying request for blanket production where movant did not meet "its burden of showing that every single document . . . and deposition transcript …is relevant to this litigation").

*Tremblay v. OpenAI*, No. 23-cv-03223 (N.D. Cal. Feb. 27, 2025), ECF No. 357 is instructive. There, this Court denied OpenAI 's motion to compel production of plaintiffs' written discovery responses from a parallel AI copyright case, *Kadrey v. Meta Platforms*, because the "cloned discovery" was not specifically targeted or proportional (notwithstanding OpenAI's assertions of substantial factual and legal overlap). *Id.* at 9. NVIDIA, like OpenAI in *Tremblay,* seeks written discovery responses from Plaintiffs in other actions which it claims will establish "ownership, licensing, and market participation." *See id.* at 7. NVIDIA fails to identify any dispute in this case involving ownership, licensing, and market

participation that would be resolved by production of written discovery served in the *Mosaic* action. For that reason, the *Tremblay* court concluded that there was "no material advancement of OpenAI's defense in this case by putting Plaintiffs to the burden of producing material from the *Kadrey* case that simply confirms what OpenAI already knows (or will know) to be true in this case." *Id.* The same is true here.

The *Authors' Guild* cases do not support NVIDIA's position. In those cases, the documents that were produced involved the same defendant *and* the same training model. Likewise, NVIDIA's reliance on *In re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB (N.D. Cal. Aug. 8, 2025) ECF No. 152 is misplaced because that decision involved a narrow request for specific documents that a third party possessed. Courts do not compel "carte blanche production of all documents from [other] cases." *Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2023 WL 2529187, at *7 (W.D. Pa. Feb. 21, 2023) (internal citations and quotations omitted). *See also Rumble, Inc. v. Google, LLC*, 2023 WL 3751797 at *7, 9 (recognizing this principle and rejecting requests that were overly burdensome). NVIDIA's cannot distinguish *Pacific Wine*, which held that the movant must meet "its burden of showing that every single document, expert report, and deposition transcript…is relevant to this litigation." *Id.* 2022 WL 1489474, at *1. That burden applies to all documents requested—even if NVIDIA is asking for less than the movant in *Pacific Wine*.

NVIDIA has already served discovery seeking documents concerning Plaintiffs' asserted works including RFP Nos. 1-3 (copyright information), RFP Nos. 5-7, 13 (other agreements concerning ownership and licensing), and RFP Nos. 8-12 (revenue received from the copyrighted works). Like in *Tremblay*, RFP Nos. 19 and 20 are duplicative, irrelevant, and merely an attempt to overburden Plaintiffs.

Plaintiffs have proposed a tailored compromise—the production of deposition transcripts from *In re Mosaic* for Plaintiffs Keene, O'Nan, and Nazemian—which provides NVIDIA with sworn testimony on the overlapping issues without the disproportionate burden of requiring these Plaintiffs to reproduce wholesale written discovery from another, unrelated action. This approach is consistent with the principle that discovery from other actions should be targeted and case-specific.

**Plaintiffs' final proposed compromise:** Plaintiffs will supplement Interrogatory No. 6 pursuant to Rule 33(d). Plaintiffs agree to produce the deposition transcripts of Plaintiffs Brian Keene, Stewart O'Nan, and Abdi Nazemian from *In re Mosaic LLM Lit.* in response to RFP Nos. 19 and 20.

DATED:  March 9, 2026

By:      /s/ William W. Castillo Guardado
         William W. Castillo Guardado

Joseph R. Saveri (CSB No. 130064)
Diane Rice (CSB No.  118303)
Christopher K.L. Young (CSB No. 318371)
Evan Creutz (CSB No. 349728)
Elissa A. Buchanan (CSB No. 249996)
William Waldir Castillo Guardado (CSB No. 294159)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
jsaveri@saverilawfirm.com
drice@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com

Bryan L. Clobes (admitted *pro hac vice*)
Nabihah Maqbool (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
nmaqbool@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)

By:      /s/ Rachael L. McCracken
         Rachael L. McCracken

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Biddinger (Bar No. 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant NVIDIA Corporation*

1  **SUSMAN GODFREY L.L.P**
   1900 Avenue of the Stars, Suite 1400
2  Los Angeles, CA 90067-2906
   Telephone: (310) 789-3100
3  RNath@susmangodfrey.com

4
   Elisha Barron (admitted *pro hac vice*)
5  Craig Smyser (admitted *pro hac vice*)
   **SUSMAN GODFREY L.L.P.**
6  One Manhattan West, 51st Floor
   New York, NY 10019
7  Telephone: (212) 336-8330
   ebarron@susmangodfrey.com
8  csmyser@susmangodfrey.com

9
   Jordan W. Connors (admitted *pro hac vice*)
10 Trevor D. Nystrom (admitted *pro hac vice*)
   **SUSMAN GODFREY L.L.P**
11 401 Union Street, Suite 3000
   Seattle, WA 98101
12 Telephone: (206) 516-3880
   jconnors@susmangodfrey.com
13 tnystrom@susmangodfrey.com

14
   Rachel J. Geman (*pro hac vice*)
15 Danna Z. Elmasry (*pro hac vice*)
   **LIEFF CABRASER HEIMANN &**
16 **BERNSTEIN, LLP**
   250 Hudson Street, 8th Floor
17 New York, NY 10013
   Tel.: 212.355.9500
18 rgeman@lchb.com
   delmasry@lchb.com
19
20 Anne B. Shaver
   **LIEFF CABRASER HEIMANN &**
21 **BERNSTEIN, LLP**
   275 Battery Street, 29th Floor
22 San Francisco, CA 94111
   Tel.: 415.956.1000
23 ashaver@lchb.com
24
25 Betsy A. Sugar (*pro hac vice*)
   **LIEFF CABRASER HEIMANN &**
26 **BERNSTEIN, LLP**
   222 2nd Avenue S. Suite 1640
27 Nashville, TN 37201
   Tel.: 615.313.9000
28

bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
mb@butoricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

1

**ATTESTATION OF CONCURRENCE IN FILING PURSUANT TO CIVIL L.R. 5-1(i)(3)**

2

      This document is being filed through the Electronic Case Filing (ECF) system. By my

3

signature, I attest that I have obtained concurrence in the filing of this document from each of the

4

attorneys signing this submission.

5

6

      Dated: March 9, 2026                      By: */s/ Rachael L. McCracken*

7

                                        Rachael L. McCracken

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTESTATION OF CONCURRENCE IN FILING PURSUANT TO CIVIL L.R. 5-1(i)(3)