UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No.  24-cv-01454-JST   (SK) <br><br> **ORDER REGARDING PLAINTIFFS' WRITTEN DISCOVERY RESPONSES** <br><br> Regarding Docket No. 274 |

Defendant NVIDIA Corporation ("Defendant") moves to compel Plaintiffs to provide further responses to Interrogatory No. 6 and to produce documents responsive to Requests for Production of Documents Nos. 19 and 20.   The Court addresses each of Defendant's requests in turn.

## A.  Interrogatory No. 6

Defendant seeks information regarding damages in Interrogatory No. 6, which states:

> State all facts supporting YOUR contention that YOU are entitled to damages as a result of" Defendant's "alleged copyright infringement, including but not limited to: (a) the method used to calculate any claimed actual damages; (b) the basis for any claim of statutory damages; and (c) the factual basis for any claim of profits attributable to the alleged infringement.

(Dkt. No. 274-1.)

Plaintiffs responded with various objections, including vagueness, overbreadth, attorney-client privilege, work product doctrine, and they argue that this is an impermissible request for expert discovery.  (*Id*.)  Plaintiffs further responded that "a detailed computation of damages will be the subject of expert testimony and reports, which will be disclosed in accordance with the Court's scheduling orders and the Federal Rules of Civil Procedure.  As such, this Interrogatory is premature at this stage of the litigation."  (*Id*.)

Plaintiffs have agreed to supplement their responses to Interrogatory No. 6 by identifying documents "demonstrating the rights Plaintiffs hold in their asserted works," consistent with Federal Rule of Civil Procedure 33(d).  Defendant seeks more in a narrative response.

The undersigned GRANTS IN PART and DENIES IN PART Defendant's motion to compel a further response.  There are three parts to the Defendant's request.  First, the Undersigned finds that Defendant's request for the method to calculate damages is the territory of expert testimony.  Second, the Undersigned finds that Defendant's request for the basis of any claim for statutory damages as potential expert testimony and factual discovery within Plaintiffs' knowledge.  For example, Plaintiffs can respond that they are entitled to statutory damages based on their ownership of the asserted works, and an expert may later opine on that alleged amount based on an analysis of Defendant's infringement.  Because this is a novel case involving allegations that Defendant infringed Plaintiffs' works to create large language models, the method of calculating statutory damages may also be novel.  Plaintiffs' offer to identify documents showing ownership adequately satisfies the factual basis of Interrogatory No. 6.

Third, the Undersigned finds that Defendant's request for the factual basis for any claim for damages seeks both expert opinion and some facts within Plaintiffs' knowledge.  For example, Plaintiffs can identify certain facts such as profits or losses that they sustained by attempting to monetize the asserted works.  An expert witness will then take each Plaintiff's information and analyze the specific claim for damages based on Defendant's actions.  As explained above, because of the unique nature of this case, this theory of damages may likewise be novel.

Thus, the Undersigned concludes that Plaintiffs must: (1) identify documents that show ownership of the asserted works and (2) provide factual information regarding their profits or losses from their attempts to monetize the asserted works.  Defendant's motion to compel is GRANTED as to these documents and this information only.  With regard to any other information or documents sought in Interrogatory No. 6, Defendant's motion to compel is DENIED.

**B. Requests for Production of Documents Nos. 19 and 20**

Defendant also moves to compel further responses to Requests for Production of

Documents Nos. 19 and 20, which seek documents from another pending Northern District case, *In re Mosaic LLM Litigation*, Case No. 3:24-cv-01451-CRB ("*Mosaic*"). Plaintiffs Abdi Nazemian, Brian Keene, and Stewart O'Nan are also named plaintiffs in *Mosaic*, where they allege that defendants Databricks, Inc. and Mosaic ML, Inc. infringed their copyrights in creating a large language model.

In Request for Production of Documents No. 19, Defendant seeks documents from:

> any ACTION where YOU assert copyright infringement, and/or violations of the Digital Millenium Copyright Act, and/or related state law claims, including ALL pleadings, hearing transcripts, trial transcripts, and YOUR initial disclosures, discovery requests and responses under Federal Rules of Civil Procedure 33, 34, and 45, deposition transcripts, or other testimony by YOU.

(Dkt. No. 274-2, p. 4) In Request for Production of Documents No. 20, Defendant seeks documents "produced by YOU in any ACTION in which YOU are or were a named party, are or were a proposed class representative, or are or were considered to be a proposed class member." (*Id*.)

The undersigned finds Defendant's Requests to be overly broad and burdensome. First, neither Request is limited to a specific case. However, Defendant has limited these Requests to the *Mosaic* litigation. In addition, Request No. 19 seeks all pleadings, but Defendant can obtain any public pleading from the *Mosaic* litigation. Request No. 19 also seeks copies of transcripts from any hearing or trial, but again, Defendant can obtain a copy of any transcript from a public hearing or trial by contacting the court reporter and paying the appropriate fee. It is also not clear whether all *Mosaic* litigation discovery is relevant to this case.

Here, Plaintiffs have offered, as a compromise, to produce the deposition transcripts of Plaintiffs Nazemian, Keene, and O'Nan from the *Mosaic* litigation. Defendant has offered as a compromise to seek only the discovery responses by Plaintiffs Nazemian, Keene, and O'Nan and their deposition transcripts from the *Mosaic* litigation.

The undersigned GRANTS IN PART and DENIES IN PART Defendant's motion to compel further responses to Requests for Production of Documents Nos. 19 and 20. Plaintiffs Nazemian, Keene, and O'Nan are ORDERED to produce their deposition transcripts from the *Mosaic* litigation. Plaintiffs are also ORDERED to produce the discovery requests – but not the

United States District Court
Northern District of California

responses or documents – from the *Mosaic* litigation.  If Defendant finds that any specific discovery request is relevant to this case, Defendant may seek the response or documents by first meeting and conferring with Plaintiffs.  If the parties have a dispute over those targeted requests and cannot resolve their dispute, Defendant may seek further relief from the undersigned.  However, the requests should be narrowed, targeted, and focused to the needs of this case.  A blanket request for discovery will be denied.

**IT IS SO ORDERED**.

Dated: March 18, 2026



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4