QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant*
*NVIDIA Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ABDI NAZEMIAN, BRIAN KEENE, STEWART O'NAN, ANDRE DUBUS III and SUSAN ORLEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Master File Case No. 4:24-cv-01454-JST (SK)<br><br>**DEFENDANT NVIDIA CORPORATION'S ANSWER TO FIRST CONSOLIDATED AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8, Defendant NVIDIA Corporation hereby answers Plaintiffs' First Consolidated Amended Complaint as follows. All allegations not specifically admitted below are denied.

**OVERVIEW**

1. NVIDIA admits artificial intelligence is commonly abbreviated "AI." NVIDIA admits the term "artificial intelligence" may include software as described in Paragraph 1, but denies the term is limited to the alleged definition.

2. NVIDIA admits some large language models ("LLMs") may be designed to be used, potentially in conjunction with additional software, to generate outputs that are similar to human-generated text and/or to respond to user prompts, but denies that the term is limited to the alleged definition.

3. To the extent Paragraph 3 states legal conclusions, no response is required. NVIDIA admits LLMs may be trained on textual works. NVIDIA further admits training is a highly transformative process that may include adjusting numerical parameters including "weights," and that outputs of an LLM may be based, at least in part, on such "weights." NVIDIA denies the remaining allegations contained in Paragraph 3.

4. To the extent Paragraph 4 states legal conclusions, no response is required. NVIDIA admits it has developed AI language models. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and on that basis denies them.

5. To the extent Paragraph 5 states legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information regarding the referenced third-party repositories to form a belief as to the truth of the allegations pertaining to such repositories, and on that basis denies them. NVIDIA denies it has improperly acquired, used, or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA further responds that the partial image embedded in Paragraph 5 speaks for itself, and NVIDIA denies any implicit or explicit characterization of it by Plaintiffs. NVIDIA denies the remaining allegations in Paragraph 5.

6. To the extent Paragraph 6 states legal conclusions, no response is required. To the extent Paragraph 6 purports to quote from or characterize documents, those documents speak for

themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA denies the remaining allegations in Paragraph 6.

7. To the extent Paragraph 7 states legal conclusions, no response is required. To the extent any third parties downloaded The Pile, they did so independently and of their own initiative. NVIDIA lacks sufficient information regarding the actions of third parties and the contents of the referenced third-party repository to form a belief as to the truth of such allegations, and on that basis denies them. NVIDIA denies the remaining allegations in Paragraph 7.

**JURISDICTION AND VENUE**

8. To the extent Paragraph 8 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits the allegations contained in Paragraph 8.

9. To the extent Paragraph 9 states legal conclusions, no response is required. NVIDIA admits it resides in this judicial district and that venue is proper for purposes of this action. NVIDIA denies it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 9.

10. To the extent Paragraph 10 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits this case is an Intellectual Property Action under Civil Local Rule 3-2(c) that is assigned to the Oakland Division.

**PLAINTIFFS**

11. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies them.

12. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies them.

13. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies them.

14. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies them.

15. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies them.

16. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

**DEFENDANT**

17. NVIDIA admits the allegations contained in Paragraph 17.

**AGENTS AND CO-CONSPIRATORS**

18. To the extent Paragraph 18 states legal conclusions, no response is required. NVIDIA denies it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 18.

19. To the extent Paragraph 19 states legal conclusions, no response is required. NVIDIA denies it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 19.

**FACTUAL ALLEGATIONS**

20. NVIDIA admits it is a diversified technology company that was founded in 1993, that it has developed computer-graphics hardware (including from its original founding), and that it provides hardware, software, and systems for computationally intensive workloads. NVIDIA admits its offerings include "Compute Unified Device Architecture," or CUDA, and that this offering is software. NVIDIA further admits its offerings include NVLink/NVLink Switch and that these offerings can refer to hardware. NVIDIA further admits many entities, including companies, governments, individuals, and non-profit entities use NVIDIA hardware and software, including CUDA and NVLink, for a wide variety of applications. NVIDIA further admits, on certain dates, the press has reported on NVIDIA's market capitalization. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 20, and on that basis denies them. NVIDIA denies the remaining allegations in Paragraph 20.

21. NVIDIA admits it has developed large language models. NVIDIA further admits some large language models may be designed to generate outputs that are similar to human-generated text and/or to respond to user prompts, but denies that the term is limited to the alleged

definition. NVIDIA admits that it sells certain products and offers other products for free. NVIDIA denies the remaining allegations in Paragraph 21.

22. NVIDIA admits LLMs are software and that models may be trained at least in part using a large and diverse corpus of textual material, and that the material used for training may be referred to as a "training dataset," although this term is not defined in Paragraph 22 and is subject to multiple interpretations. NVIDIA further admits textual material may be segmented for training purposes. NVIDIA denies the remaining allegations contained in Paragraph 22.

23. To the extent Paragraph 23 states legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 23.

24. To the extent Paragraph 24 states legal conclusions, no response is required. NVIDIA admits large language models may include numerical parameters that may be referred to as "weights," and that during training, "weights" may be adjusted. NVIDIA further admits it released the NeMo-Megatron-GPT 20B model in September 2022, and that the NeMo-Megatron-GPT 20B model is so-named in part because the model includes 20 billion total trainable parameters. NVIDIA denies the remaining allegations contained in Paragraph 24.

25. NVIDIA admits the development of a large language model may involve the use of datasets, including for intermediate training "runs" or "checkpoints," and that not all such intermediate training "runs" or "checkpoints" are publicly released or assigned public names. NVIDIA denies the remaining allegations contained in Paragraph 25.

26. To the extent Paragraph 26 states legal conclusions, no response is required. NVIDIA admits some large language models may be designed to be used, potentially in conjunction with additional software, to generate outputs. NVIDIA denies the remaining allegations contained in Paragraph 26.

27. To the extent Paragraph 27 states legal conclusions, no response is required. NVIDIA denies it has improperly acquired, used, or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA denies that "[m]uch of the material in NVIDIA's training dataset … comes from copyrighted works." NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 27, and on that basis denies them.

28. NVIDIA admits it announced the availability of the NeMo Megatron framework referenced in Paragraph 28 in November 2021. To the extent the allegations in Paragraph 28 purport to quote from portions of publicly available articles or videos, the full text of the articles or videos speak for themselves. NVIDIA denies the remaining allegations contained in Paragraph 28.

29. NVIDIA admits it first announced the availability of the four NeMo Megatron LLMs referenced in Paragraph 29 in September 2022 and that those four models were released in September 2022. To the extent the allegations in Paragraph 29 purport to quote from portions of a publicly available video, the full content of the video speaks for itself. NVIDIA denies the remaining allegations contained in Paragraph 29.

30. NVIDIA admits NeMo Megatron-GPT 1.3B, NeMo Megatron-GPT 5B, NeMo Megatron-GPT 20B, and NeMo Megatron-T5 3B are publicly available on Hugging Face. NVIDIA admits that the Hugging Face website for each of those four LLMs includes a "Model card," and that each "Model card" states that, "The model was trained on 'The Pile' dataset prepared by EleutherAI." NVIDIA denies the remaining allegations contained in Paragraph 30.

31. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis denies them.

32. To the extent the allegations in Paragraph 32 purport to recount contents of a publicly available document, the full text of the document speaks for itself. NVIDIA otherwise lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis denies them.

33. To the extent the allegations in Paragraph 33 purport to recount contents of a publicly available document, the full text of the document speaks for itself. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis denies them.

34. To the extent Paragraph 34 states legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis denies them.

35. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis denies them.

36. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis denies them.

37. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis denies them.

38. NVIDIA admits the "Model cards" on Hugging Face for the NeMo Megatron-GPT 1.3B, NeMo Megatron-GPT 5B, NeMo Megatron-GPT 20B, and NeMo Megatron-T5 3B state that the models were trained on "The Pile" and that it acquired data identified as "The Pile." To the extent Paragraph 38 states legal conclusions, no response is required. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 38, and on that basis denies them. NVIDIA denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA denies the remaining allegations contained in Paragraph 38.

39. NVIDIA admits the NeMo Megatron GPT 126M, NeMo Megatron GPT 40B, NeMo Megatron GPT 175B, NeMo Megatron T5 220M, NeMo Megatron T5 11B, and NeMo Megatron T5 23B large language models were trained on data from what is referred to as "The Pile." NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 39, and on that basis denies them. NVIDIA denies the remaining allegations contained in Paragraph 39.

40. NVIDIA denies the allegations contained in Paragraph 40.

41. NVIDIA admits that it used certain subsets of data referred to as "The Pile" to develop the Megatron 345M model, and that it was publicly released as the Megatron GPT2 345M model. NVIDIA admits the NeMo GPT-3 10B model was trained on data from what is referred to as "The Pile." NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis denies them.

42. To the extent Paragraph 42 states legal conclusions, no response is required. To the extent Paragraph 42 purports to quote from documents, those materials speak for themselves, and

NVIDIA denies Plaintiffs' characterization of them. NVIDIA admits it downloaded data for research in AI and machine learning from https://huggingface.co/datasets/cerebras/SlimPajama-627B. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in the third, fourth, fifth, and last sentences of Paragraph 42, and on that basis denies them. NVIDIA denies the remaining allegations contained in Paragraph 42.

43. To the extent Paragraph 43 contains legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 43.

44. To the extent Paragraph 44 contains legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 44.

45. To the extent Paragraph 45 contains legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 45.

46. To the extent Paragraph 46 contains legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and on that basis denies them.

47. To the extent Paragraph 47 contains legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and on that basis denies them.

48. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies them.

49. To the extent Paragraph 49 contains legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 49, and on that basis denies them.

50. To the extent Paragraph 50 purports to quote the cited website, NVIDIA responds that the cited website speaks for itself, and NVIDIA denies Plaintiffs' characterization of it. NVIDIA further denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and on that basis denies them.

51. To the extent Paragraph 51 contains legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations, and further denies the allegations contained in the third sentence of Paragraph 51.

52. To the extent Paragraph 52 purports to quote the cited website, NVIDIA responds that the cited website speaks for itself. NVIDIA denies Plaintiffs' characterizations and lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 52, and on that basis denies them.

53. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 53, and on that basis denies them. To the extent Paragraph 53 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA denies the remaining allegations contained in Paragraph 53.

54. To the extent Paragraph 54 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA admits that it contacted certain entities about obtaining access to data on or about August 2023. NVIDIA denies the remaining allegations contained in Paragraph 54.

55. To the extent Paragraph 55 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA denies the characterization of third-party repositories as "illegal pirate 'shadow libraries.'" NVIDIA further responds that the cited website speaks for itself. NVIDIA denies the remaining allegations contained in Paragraph 55.

56. To the extent Paragraph 56 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA denies the remaining allegations contained in Paragraph 56.

57. To the extent Paragraph 57 contains legal conclusions, no response is required. To the extent Paragraph 57 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA lacks sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 57, and on that basis denies them.

58. NVIDIA denies Plaintiffs' characterizations and lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding "books hosted or sourced from other shadow libraries" generally, and on that basis denies them. NVIDIA admits that it downloaded data for research in AI and machine learning from libgen.rs. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 58, and on that basis denies them.

59. To the extent Paragraph 59 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA admits it publicly announced a large language model identified as Nemotron-4 15B in February 2024. NVIDIA admits its Nemotron-4 15B Technical Report, published on February 26, 2024, states that NVIDIA "train[ed] Nemotron-4 15B on a pre-training dataset . . . split into three different types of data," including "English natural language data," which contained "web documents, news articles, scientific papers, books, etc." NVIDIA admits Figure 2 in the Nemotron-4 15B Technical Report indicates that the "[d]ata composition of the English tokens used for pre-training" included 4.6 percent books. NVIDIA denies the remaining allegations contained in Paragraph 59.

60. NVIDIA admits it publicly announced a large language model identified as Nemotron-4 340B in June 2024. NVIDIA admits its Nemotron-4 340B Technical Report, published on June 14, 2024, states that "Nemotron-4-340B-Base follows the same data blend as Nemotron-4-15B Base." NVIDIA admits its Nemotron-4 340B Technical Report states that NVIDIA "train[ed] for a total of 9T tokens on this data" and that its Nemotron-4 15B Technical Report states that NVIDIA "train[ed] Nemotron-4 15B on a pre-training dataset consisting of 8 trillion tokens." NVIDIA denies the remaining allegations contained in Paragraph 60.

61. To the extent Paragraph 61 states legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 61.

62. To the extent Paragraph 62 states legal conclusions, no response is required. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiffs'

and class members' asserted works, and on that basis denies them. NVIDIA denies the remaining allegations contained in Paragraph 62.

63. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis denies them.

64. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis denies them.

65. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis denies them.

66. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66, and on that basis denies them.

67. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 67, and on that basis denies them.

68. To the extent Paragraph 68 states legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 68.

69. To the extent Paragraph 69 states legal conclusions, no response is required. To the extent Paragraph 69 purports to quote from or characterize public statements, those statements speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA admits it offers a platform that has been identified as NeMo Megatron Framework and that it has publicly described this platform as a "scalable and cloud-native generative AI framework built for researchers and developers working on Large Language Models, Multimodal, and Speech AI (Automatic Speech Recognition and Text-to-Speech)" at https://docs.nvidia.com/nemo-framework/index.html. NVIDIA denies the remaining allegations contained in Paragraph 69.

70. To the extent Paragraph 70 states legal conclusions, no response is required. To the extent Paragraph 70 purports to quote from or characterize documents, those documents speak for themselves, and NVIDIA denies Plaintiffs' characterization of them. NVIDIA admits that it provided assistance to Writer, Amazon, and Persimmon AI to develop large language models using the NeMo Megatron Framework. NVIDIA denies the remaining allegations contained in Paragraph 70.

71. To the extent Paragraph 71 states legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 71.

72. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 72, and on that basis denies them. To the extent this paragraph purports to characterize a document addressing training time, the document speaks for itself and NVIDIA denies Plaintiffs' characterization of the document.

73. The allegations in this paragraph pertain to Plaintiffs' claim for vicarious copyright infringement, which has been dismissed. Accordingly, no response is required.

**COUNT 1**
**Direct Copyright Infringement (17 U.S.C. § 501)**
**against NVIDIA**

74. NVIDIA incorporates by reference its responses to Paragraphs 1 through 73.

75. To the extent Paragraph 75 states legal conclusions, no response is required. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 75, and on that basis denies them.

76. To the extent Paragraph 76 states legal conclusions, no response is required. NVIDIA admits it downloaded data for research in AI and machine learning from https://the-eye.eu/public/AI/pile/train. NVIDIA admits it downloaded data for research in AI and machine learning from https://huggingface.co/datasets/cerebras/SlimPajama-627B. NVIDIA denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 76, and on that basis denies them.

77. To the extent Paragraph 77 states legal conclusions, no response is required. NVIDIA admits it downloaded data for research in AI and machine learning from https://annas-archive.org/datasets. NVIDIA denies the allegations of the second sentence of Paragraph 77. NVIDIA denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and on that basis denies them.

78. NVIDIA denies Plaintiffs' characterizations, but NVIDIA admits it downloaded data for research in AI and machine learning from libgen.rs. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 78, and on that basis denies them.

79. To the extent Paragraph 79 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members and denies that authorization was required. NVIDIA denies the remaining allegations contained in Paragraph 79.

80. To the extent Paragraph 80 states legal conclusions, no response is required. NVIDIA denies Plaintiffs' characterizations, and denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations relating to Plaintiffs' and class members' asserted works, and on that basis denies them. NVIDIA denies the remaining allegations contained in Paragraph 80.

81. To the extent Paragraph 81 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 81.

82. To the extent Paragraph 82 states legal conclusions, no response is required. NVIDIA denies it has improperly acquired, used or copied the alleged works of Plaintiffs or of any of the putative Class members. NVIDIA denies the remaining allegations contained in Paragraph 82.

**COUNT II**
**Contributory Copyright Infringement**
**against NVIDIA**

83. NVIDIA incorporates by reference its responses to Paragraphs 1 through 82.

84. To the extent Paragraph 84 states legal conclusions, no response is required. NVIDIA lacks sufficient information regarding the actions of third parties to form a belief as to the truth of such allegations, and on that basis denies them. NVIDIA denies the remaining allegations in Paragraph 84.

85. To the extent Paragraph 85 states legal conclusions, no response is required. NVIDIA denies the remaining allegations in Paragraph 85.

86. Paragraph 86 states conclusions of law as to which no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 86.

**COUNT III**
**Vicarious Copyright Infringement**
**against NVIDIA**

87. NVIDIA incorporates by reference its responses to Paragraphs 1 through 86.

88. The allegations in this paragraph pertain to Plaintiffs' claim for vicarious copyright infringement, which has been dismissed. Accordingly, no response is required.

89. The allegations in this paragraph pertain to Plaintiffs' claim for vicarious copyright infringement, which has been dismissed. Accordingly, no response is required.

90. The allegations in this paragraph pertain to Plaintiffs' claim for vicarious copyright infringement, which has been dismissed. Accordingly, no response is required.

**CLASS ALLEGATIONS**

91. Paragraph 91 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 91.

92. Paragraph 92 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA admits Plaintiffs purport to bring this action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), but denies this action is suitable for class treatment under Rule 23 or any other rule or statute, denies any class can or should be certified, and denies the remaining allegations contained in Paragraph 92.

93. Paragraph 93 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies this action is suitable for class treatment under Rule 23 or any other rule or statute, denies any class can or should be certified, and denies the remaining allegations contained in Paragraph 93.

94. Paragraph 94 states conclusions of law or arguments as to which no response is required. To the extent a response is required, NVIDIA denies it possesses information concerning the exact number of members of Plaintiffs' putative class. NVIDIA denies this action is suitable for

class treatment under Rule 23 or any other rule or statute and denies any class can or should be certified. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 94, and on that basis denies them.

95. Paragraph 95 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies this action is suitable for class treatment under Rule 23 or any other rule or statute, denies any class can or should be certified, and denies the remaining allegations contained in Paragraph 95.

96. Paragraph 96 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. NVIDIA denies this action is suitable for class treatment under Rule 23 or any other rule or statute and denies any class can or should be certified. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 96, and on that basis denies them.

97. Paragraph 97 states legal conclusions as to which no response is required. To the extent a response is required, NVIDIA denies there are significant questions of law or fact common to the proposed class that would make class treatment appropriate, or that would predominate over questions affecting individual class members, and denies that each of the common questions alleged is common to the class. NVIDIA further responds Paragraph 97(d) contains allegations pertaining to Plaintiffs' claim for vicarious copyright infringement, which has been dismissed. Accordingly, no response is required as to that allegation. NVIDIA denies this action is suitable for class treatment under Rule 23 or any other rule or statute, denies any class can or should be certified, and denies the remaining allegations contained in Paragraph 97, including all subparts.

98. Paragraph 98 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies this action is suitable for class treatment under Rule 23 or any other rule or statute, denies any class can or should be certified, and denies the remaining allegations contained in Paragraph 98.

## DEMAND FOR JUDGMENT

99. NVIDIA denies all allegations contained in the section entitled "Demand for Judgment," and further denies any relief should be granted to Plaintiffs or to any putative class member.

## DEMAND FOR JURY TRIAL

NVIDIA denies any claim Plaintiffs assert is sufficient to survive to trial or warrant relief. NVIDIA demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

NVIDIA asserts the following affirmative defenses to the claims alleged in the First Amended Consolidated Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. NVIDIA reserves the right to supplement and/or amend these defenses, including to assert new defenses, as further discovery is conducted.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because NVIDIA has not infringed any copyrighted works asserted in this action.

### THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by fair use under Section 107 of the Copyright Act.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Copyrightability)

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright

law, such as under the doctrines of *scènes à faire*, merger, or under 17 U.S.C. § 102(b), or that are in the public domain, are facts or ideas, lack requisite originality, are unregistered, are works to which copyright protection has been abandoned, or are works to which Plaintiffs own no valid copyright.

**FIFTH AFFIRMATIVE DEFENSE**

**(De Minimis Copying)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because they are barred by the doctrine of de minimis copying.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Estoppel)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief)**

Plaintiffs' claims and the putative class members' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

**(Implied/Express License)**

Plaintiffs' claims fail, in whole or in part, because the complained-of use was authorized by express or implied license.

**NINTH AFFIRMATIVE DEFENSE**

**(Other Equitable Defenses)**

Plaintiffs' claims are barred, in whole or in part, by equitable defenses that may be established during the course of discovery.

**ADDITIONAL DEFENSES**

NVIDIA reserves the right to assert additional defenses.

Dated: June 9, 2026

By: /s/ Kevin P.B. Johnson
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant,*
*NVIDIA Corporation*