QUINN EMANUEL URQUHART & SULLIVAN, LLP

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ABDI NAZEMIAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Master File Case No. 4:24-cv-01454-JST (SK) <br><br> **DEFENDANT NVIDIA CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL (ECF No. 312)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant NVIDIA Corporation submits this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (ECF No. 312), filed in connection with the parties' Joint Case Management Statement (ECF No. 313). NVIDIA has reviewed and complied with the Court's Standing Order and Local Rule 79-5. NVIDIA's statement is accompanied by the Declaration of Ron Hagiz, a sealed copy of the Joint Case Management Statement, and a Proposed Order. The material NVIDIA seeks to maintain under seal is identified by green highlighting in the attached copy of the Joint Case Management Statement.

On June 5, 2026, Plaintiffs filed the Joint Case Management Statement. ECF No. 313. The Joint Case Management Statement discusses and characterizes information that NVIDIA produced through discovery and designated as "Confidential and "Highly Confidential" pursuant to the Amended Protective Order (ECF No. 208). Some of the information at issue was sealed in connection with the parties' Joint Status Report, *see* ECF No. 311, and other information is the subject of pending motions to seal that were filed on June 5, 2026, *see* ECF No. 314, and on June 10, 2026. *See* ECF Nos. 322, 324.

The Joint Case Management Statement does not seek dispositive or non-dispositive relief; it presents an update on case management issues "tangentially related to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see also* ECF No. 326 ("the majority of the parties' statement is devoted to issues that will not arise at tomorrow's conference"). This Court and the Ninth Circuit have consistently held that when a party seeks to seal "discovery-related" submissions, the Court should apply the "less exacting" "good cause" standard rather than the "presumptive 'compelling reasons' standard" because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. For Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted); *see also, e.g.*, *Symantec Corp. v. Zscaler, Inc.*, 2019 WL 3859151, at *2 (N.D. Cal. Aug. 16, 2019) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are the only weights on the scale." (quoting *Ctr. For Auto Safety*, 809 F.3d at 1097)); *Lathrop v. Uber*

*Techs., Inc.,* 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) (applying good cause standard where "underlying motion raises the parties' discovery disputes"); *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023) (applying good cause standard to request to seal portions of "joint requests for case management conferences").

Applying the good cause standard, courts in this District have sealed information produced in discovery to protect a party from annoyance, embarrassment, or undue expense. *See Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 766-67 (N.D. Cal. 2019) (finding good cause to seal information "because release could result in reputational harm"); *cf. Mendis v. BMW of N. Am. LLC*, No. C22-922-MLP, 2025 WL 3013722, at *4 (W.D. Wash. Oct. 28, 2025) (sealing information disclosure of which could cause "reputational harm and exposure to litigation" under higher compelling reasons standard).

NVIDIA requests to seal only portions of nine sentences in the 31-page submission. Specifically, NVIDIA seeks to seal internal information related to data acquisition for research in AI and machine learning. These portions reflect or characterize information that is not public, was produced through discovery and designated as "Confidential or "Highly Confidential," is not related to a dispositive motion, and is not necessary to understand the Joint Case Management Statement.

There is good cause to seal the internal information related to NVIDIA's data acquisition for research in AI and machine learning. Disclosure of this information, which is not necessary to understand the issues for the case management conference, could cause NVIDIA competitive harm. Hagiz Decl. ¶ 5. More importantly, Plaintiffs' characterizations of materials produced by NVIDIA in discovery—which are unsubstantiated in the Joint Case Management Statement, removed from all relevant context, disputed by NVIDIA, and not necessary to understand the discovery dispute— would unfairly expose NVIDIA to negative publicity and reputational harm. Hagiz Decl. ¶ 5. The Court has found good cause to seal information of a similar nature in connection with the parties' Joint Status Report. *See* ECF No. 311 (granting motion to seal portions of the Joint Status Report that "purport to reference non-public information related to Defendant's practices for evaluating and acquiring data relating to the training of Large Language Models"). Under these circumstances and based on the current record, there is good cause to seal. *See Mendis*, 2025 WL 3013722 at *3-*4

NVIDIA'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION

(granting request to seal statements "mischaracterizing" evidence where defendant identified "legitimate interests in preventing future litigation, reputational harm, and competitive injury" and statements at issue "were not supported by the evidence").

Further, NVIDIA's request is narrowly tailored.  It seeks to maintain under seal less than nine sentences in the Joint Case Management Statement as a less restrictive alternative to sealing the Joint Case Management Statement in its entirety.  There is very limited public interest in disclosure of this information, which was referenced in a case update, reflects only Plaintiffs' unsubstantiated characterizations of discovery materials designated as "Confidential" or "Highly Confidential," and is not necessary to understand the substance of the update.  Conversely, any minimal interest in disclosure is outweighed by the risk of harm to NVIDIA.

Accordingly, NVIDIA respectfully requests that the Court maintain the green-highlighted portions of the Joint Case Management Statement under seal.

Dated:  June 12, 2026                   Respectfully Submitted,


                                 By:  /s/ Ron Hagiz
                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                      Sean S. Pak (SBN 219032)
                                      seanpak@quinnemanuel.com
                                      50 California Street, 22nd Floor
                                      San Francisco, CA 94111
                                      Telephone: (415) 875-6600
                                      Facsimile: (415) 875-6700

                                      Andrew H. Schapiro (admitted *pro hac vice*)
                                      andrewschapiro@quinnemanuel.com
                                      191 N. Wacker Drive, Suite 2700
                                      Chicago, Illinois 60606
                                      Telephone: (312) 705-7400
                                      Facsimile: (312) 705-4001

                                      Kevin P.B. Johnson (SBN 177129)
                                      kevinjohnson@quinnemanuel.com
                                      555 Twin Dolphin Drive, 5th Floor
                                      Redwood Shores, CA 94065-2139
                                      Telephone: (650) 801-5000
                                      Facsimile: (650) 801-5100

                                      Brian Biddinger (SBN 224604)
                                      brianbiddinger@quinnemanuel.com

295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant NVIDIA Corporation*

Master File Case No. 4:24-cv-01454-JST (SK)

NVIDIA'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION