UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| ABDI NAZEMIAN, et al., | Case No.  24-cv-01454-JST   (SK) |
| Plaintiffs, | |
| v. | **ORDER REGARDING PENDING DISCOVERY DISPUTES** |
| NVIDIA CORPORATION, | |
| Defendant. | Regarding Docket Nos. 315, 320, 325 |

The parties dispute several issues regarding discovery and make several requests.  As noted below, the undersigned GRANTS IN PART and DENIES IN PART the requests.

### A.  ESI Request 4

Plaintiffs move to compel an answer from Defendant regarding the names and code names for all datasets from which Defendant obtained pirated books, "including shadow libraries."  (Dkt. No. 315.)  Specifically, Plaintiffs seek an order compelling Defendant to identify the names of "mirror" libraries, which Plaintiffs define as datasets that contain some of the pirated books contained in the identified datasets.  Defendant argues that it can only identify the datasets from which it obtained data but cannot identify the names of mirror libraries without more information, since many datasets might contain a very small number of the same books in the identified datasets.  The undersigned DENIES the motion WITHOUT PREJUDICE.  As noted at the hearing, if Plaintiffs identify further datasets that are mirror libraries, they may seek further intervention from the undersigned.

### B.  Discovery Cutoff

Defendant moves to confirm the relevant discovery period, which has a cutoff date of July 1, 2024.  (Dkt. No. 325.)  Plaintiffs argue that the relevant time period should be extended to an unspecified date so that Defendant would be required to produce documents past July 1, 2024 to

that unspecified date. Plaintiffs argue that, because Defendant has not provided a full response to Interrogatory No. 20, which seeks dates and sources of Defendant's downloads, they based their earlier agreement about the relevant time period based only on publicly-available information. Defendant argues that the relevant time period is a product of extensive negotiation, that expanding that relevant time period at this late stage of the litigation is unfair because the litigation has been pending more than two years, that the parties agreed upon the relevant time period months ago, and that Defendant has already spent a substantial amount of time and expense in investigating facts and gathering documents based on the agreed-upon relevant time period. The undersigned GRANTS Defendant's request to confirm that the relevant time period for discovery ends July 1, 2024.

### C. Confirmation of Preservation Efforts

Plaintiffs seek an order compelling Defendant to explain whether it has preserved various sources of electronically stored information: (1) records or logs of Defendant's employees' use of artificial intelligence chat bots, (2) access logs for internal and external cloud storage repositories containing datasets of pirated books, and (3) devices or machines that Defendant used to "torrent books." (Dkt. No. 320.) Defendant argues that this request, which Plaintiffs made informally, is not appropriate for resolution, that providing an answer to this question requires effort and investigation given the unusual nature of the electronically stored information, and that Plaintiffs should have raised this issue at the beginning of litigation as required by the ESI Order dated January 8, 2025 (Dkt. No 98).

The undersigned agrees that this issue is not ripe for resolution and therefore DENIES Plaintiff's request WITHOUT PREJUDICE.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

**D.  Deadlines for Plaintiffs' Production of Documents and Responses to Interrogatories and ESI Requests**

Defendant seeks deadlines for Plaintiffs' full production of documents and responses to Interrogatories and ESI Requests.  (Dkt. No. 320.)  The undersigned DENIES those requests with the exception of the works that Defendant allegedly infringes.  Plaintiffs claim that they cannot identify the infringed works until they know which datasets Defendant accessed.  For the data sets Plaintiffs have already received from Defendant, Plaintiffs must identify all known works by June 29, 2026.  As Defendant provides information or produces documents identifying a new dataset that Defendant accessed, Plaintiffs must identify their infringed works within two weeks after that identification.

**IT IS SO ORDERED**.

Dated: June 22, 2026

_____

SALLIE KIM
United States Magistrate Judge