UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDI NAZEMIAN, et al.,

Plaintiffs,

v.

NVIDIA CORPORATION,

Defendant.

Case No. 24-cv-01454-JST

**ORDER DENYING MOTION TO SEAL**

Re: ECF No. 312

Plaintiff moves to file under seal portions of the Joint Case Management Statement. ECF No. 312. Defendant NVIDIA Corporation ("NVIDIA") has filed a declaration in support of sealing. ECF No. 327. The Court will deny the motion.

## I.    LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted). Sealing motions brought in connection with "documents that do not relate to the merits of the case" utilize the lower "good cause" standard. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2232094, at *2 (N.D. Cal. Feb. 23, 2023) (citing *Ctr. for Auto Safety*, 809 F.3d at 1099); *see also Int'l Swimming League, Ltd. v. Federation Internationale de Natation*, No. 18-cv-07394-JSC, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021) (applying good cause standard when considering a case management statement). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

United States District Court
Northern District of California

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).

## II.    DISCUSSION

Plaintiffs moved to seal materials NVIDIA designated as confidential that were included in the joint case management statement. The sections that NVIDIA requested sealed include NVIDIA's usage of pirate libraries such as Anna's Archive, LibGen, Sci-Hub and Z-Library, the scope of NVIDIA's usage of pirate libraries, and whether one of NVIDIA's AI-model was designed for "story-telling." ECF No. 312-3 at 3, 12, 18, 22. As the Court has previously explained, these materials are not sealable. ECF No. 222 at 3. As the Court noted in its previous order, NVIDIA's relationships with websites like Anna's Archive, which claim to deliberately violate copyright law, is not sealable simply because allegations of their "data acquisition" from illicit entities may become public. ECF No. 327 at 3. Even with the application of the lower good cause standard here, "[i]t is clear that [NVIDIA's] sealing request is . . . designed to avoid negative publicity." *See Kadrey v. Meta Platforms, Inc.*, 23-cv-03417-VC, ECF No. 373 at 1 (N.D. Cal. Jan. 8, 2025).[1] Accordingly, the Court finds that there is no good cause to seal the references to pirate libraries, the scope of NVIDIA's usage of pirate libraries, and whether its model can engage in storytelling.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to seal. The document will not be

/ / /

/ / /

/ / /

/ / /

---

[1] NVIDIA acknowledges as much. ECF No. 327 at 3.

United States District Court
Northern District of California

considered by the Court unless the filling party files the document in the public record within seven days from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 13, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California