QUINN EMANUEL URQUHART & SULLIVAN, LLP

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ABDI NAZEMIAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Master File Case No. 4:24-cv-01454-JST (SK)<br><br>**DEFENDANT NVIDIA CORPORATION'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SEAL LETTER BRIEF (ECF NO. 356)** |

Case No. 4:24-cv-01454-JST (SK)

NVIDIA'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant NVIDIA Corporation files this Statement In Response to Plaintiffs' Administrative Motion For Leave To Seal Joint Letter Brief. NVIDIA has reviewed and complied with the Court's Standing Order and Local Rule 79-5. NVIDIA's statement is accompanied by the Declaration of Ron Hagiz and a Proposed Order.

The Joint Letter Brief includes and discusses information that NVIDIA has provided through discovery and designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the Amended Protective Order (ECF No. 208).  This information was the subject of prior sealing motions filed in connection with the parties' June 10, 2026 letter briefs, ECF No. 324, 338, which the Court granted, ECF Nos. 341, 343.

The Joint Letter Brief does not seek dispositive relief; it presents a discovery dispute "tangentially related to the merits of [the] case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  This Court and the Ninth Circuit have consistently held that when a party seeks to seal "discovery-related" submissions, the Court should apply the "less exacting" "good cause" standard rather than the "presumptive 'compelling reasons' standard" because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."  *Ctr. For Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted); *see also, e.g.*, *Symantec Corp. v. Zscaler, Inc.*, 2019 WL 3859151, at *2 (N.D. Cal. Aug. 16, 2019) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are the only weights on the scale." (quoting *Ctr. For Auto Safety*, 809 F.3d at 1097)); *Lathrop v. Uber Techs., Inc.,* 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) (applying good cause standard where "underlying motion raises the parties' discovery disputes"); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("We have … carved out an exception to the presumption of access to judicial records … for a sealed discovery document attached to a non-dispositive motion." (cleaned up)).

NVIDIA requests to seal only the portions of the Joint Letter Brief (highlighted in yellow) that contain identifying information of nonparty employees.  This information is not public, was provided through discovery and designated as "Highly Confidential – Attorneys' Eyes Only," is not

related to a dispositive motion, and is not necessary to understand the Joint Letter Brief. The need to protect the privacy rights of the individuals identified in the Joint Letter Brief, who are not parties to the litigation, constitutes good cause. Hagiz Decl. ¶ 5; *see Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at \*2 (N.D. Cal. June 5, 2015) (granting motion to seal employee names "for privacy reasons"). The names of these individuals are not necessary to evaluate the merits of the discovery dispute, and sealing is also warranted to prevent the misuse of this information to harass these individuals. *See, e.g.*, *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 12965295, at \*3 (N.D. Cal. Oct. 15, 2015) (granting motion to seal names because the "exposure of such information risks subjecting the persons identified in this document to annoyance, embarrassment, or other significant harm, and the public has no meaningful need to obtain this information at this time."); *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749, at \*8 (S.D. Cal. July 27, 2021) (granting motion to seal names, recognizing that "[r]equests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties").

Finally, NVIDIA's request is narrowly tailored. It seeks to maintain under seal only limited portions of the Joint Letter Brief. Hagiz Decl. ¶ 6. There is very limited public interest in disclosure of this information, which is not necessary to understand the substance of the discovery dispute. Conversely, any minimal interest in disclosure is outweighed by the risk of harm to NVIDIA and the nonparty employees.

Accordingly, NVIDIA respectfully requests that the Court maintain the highlighted portions of the Joint Letter Brief under seal.

DATED: July 24, 2026

By:  _/s/ Ron Hagiz_
     Ron Hagiz

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

-3-                                    Case No. 4:24-cv-01454-JST (SK)
NVIDIA'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION

Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Biddinger (Bar No. 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant NVIDIA Corporation*