UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI NAZEMIAN, et al., | Case No. 24-cv-01454-JST |
| Plaintiffs, | |
| v. | **ORDER INVITING SUPPLEMENTAL BRIEFING** |
| NVIDIA CORPORATION, | Re: ECF No. 345 |
| Defendant. | |

Pending before the Court is Plaintiffs' motion for relief from a nondispositive pretrial order issued by Magistrate Judge Susan Kim.  ECF No. 345.  At the August 4, 2026 hearing, the parties each contended that they had reached an agreement regarding a fact discovery cutoff but disputed the terms of that agreement.  The Court has now reviewed the record and has been unable to find clear evidence of the terms of the parties' agreement.  Thus, the Court lacks an adequate basis on which to evaluate Judge Kim's order.

Accordingly, the Court orders the parties each to submit a supplemental brief identifying the precise terms of the parties' agreement regarding fact discovery and the evidence supporting each party's position.[1]  The briefs shall be no longer than five pages, excluding attachments, and are due August 12, 2026.  At that time, the matter will be taken under submission without further

[1] In its brief opposing Plaintiffs' motion for relief, NVIDIA asserted that "a motion for relief is not the appropriate mechanism for Plaintiffs to seek consideration of new facts."  The Ninth Circuit authority the Court has located, however, holds the opposite.  In fact, "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *Pearson v. Port of Morrow*, No. 2:24-CV-362-HL, 2025 WL 3691202, at *6 (D. Or. Dec. 19, 2025) ("The Court . . . has discretion to accept new evidence submitted with a party's objections to findings and recommendation, so the fact that [Plaintiffs'] evidence is new does not preclude it from consideration.") (citing *Howell*, 231 F.3d at 621).  Thus, there is no bar to the Court considering this additional evidence.

hearing unless the Court orders otherwise.

**IT IS SO ORDERED.**

Dated:  August 5, 2026

_____
JON S. TIGAR
United States District Judge

2