[Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ABDI NAZEMIAN, et al,

Plaintiffs,

vs.

NVIDIA CORPORATION

Defendant.

Master File Case No. 4:24-cv-01454-JST

**PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

JUDGE: Hon. Jon S. Tigar
PLACE: Courtroom 6, 2nd Floor

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiffs Stewart O'Nan, Abdi Nazemian, Brian Keene, Andre Dubus III, and Susan Orlean move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the non-dispositive pretrial Order Regarding Pending Discovery Disputes (Dkt. 340) ("Order") of the Magistrate Judge. The Order "GRANT[ED] Defendant's request to confirm that the relevant time period for discovery ends July 1, 2024." Order at 2. The Order establishing July 1, 2024 as the end of the relevant time period for all discovery is clearly erroneous and contrary to law for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Proposed Order, the letter brief submitted in connection with the original motion, the record and docket in this matter, and any oral argument the Court may conduct and consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs object to the Magistrate Judge's Order granting NVIDIA's "request to confirm that the relevant time period for discovery ends July 1, 2024." Order at 2. Plaintiffs request the same narrow relief they requested from the Magistrate Judge: an Order requiring NVIDIA to provide a full response to Plaintiffs' Interrogatory No. 20 ("ROG 20") identifying all datasets containing books that NVIDIA downloaded or torrented, without an artificial and unilaterally-imposed time cutoff. A simple response to this narrow request will allow the parties to coordinate additional discovery requests with a full understanding of the facts of the case.

The Magistrate Judge's Order—which allows NVIDIA to conceal any copyright infringement committed any time after July 1, 2024—is clearly erroneous and should be vacated because it (1) forecloses any discovery into post-July 1, 2024 conduct that is directly relevant to Plaintiffs' copyright claims and NVIDIA's fair use defense; (2) imposes a temporal cutoff on *all* discovery without regard to the proportionality of any specific discovery request; and (3) rewards NVIDIA's dilatory discovery conduct while penalizing Plaintiffs for NVIDIA's delay. Plaintiffs request that the Court set aside the Order as to the relevant time period and require NVIDIA to supplement its response to ROG 20 with information about any books that NVIDIA downloaded or torrented after July 1, 2024 within fourteen days.

**BACKGROUND**

On January 21, 2026, shortly after filing the First Amended Complaint ("FAC"), Plaintiffs served ROG 20 asking NVIDIA to "identify all datasets or files containing books that NVIDIA downloaded or torrented," including who did so and when. Plaintiffs placed no temporal restriction on the request because, as Judge Kim recognized, ROG 20 is "the most critical question in this case." 4/20/2026 Tr. at 15:9–12. NVIDIA withheld any substantive response for four months. At an April 20, 2026 hearing, Judge Kim was "astonished" when NVIDIA claimed it needed "another two months" to provide any answer whatsoever. *Id.* at 14:6–8. She ordered NVIDIA to preliminarily respond within one month and to provide a "final answer" within two. *Id.* at 14:9–13.

Meanwhile, in March 2026, Plaintiffs were forced to propose a revised time-period for

NVIDIA's *custodial ESI collection* while still in the dark about the scope of NVIDIA's downloading. Since NVIDIA had withheld any response to ROG 20, the only facts known to Plaintiffs about NVIDIA's conduct were those in the public domain. To negotiate the custodial ESI cutoff date, Plaintiffs cited the *public* fact that NVIDIA released its Nemotron-340B model (the latest model publicly trained on books) on June 14, 2024 to support extending the ESI cutoff to July 1, 2024. Plaintiffs expressly reserved the right to seek a longer relevant period if future discovery warranted it. D. Salzman 3/6/2026 and 3/19/2026 Emails; 6/15/2026 Tr. at 9:1–14.

When Plaintiffs finally received a *partial* response to ROG 20 on May 20, 2026, NVIDIA acknowledged that it had been downloading copyrighted material through July 2024 but refused to disclose any post-July 1, 2024 downloads, claiming the custodial ESI agreement absolved it of any obligation to do so. At the June 15 conference with Judge Kim, NVIDIA's counsel admitted it had not even investigated post-July 1, 2024 conduct. 6/15/2026 Tr. at 12:1–2.

Plaintiffs requested an order requiring NVIDIA to provide a full response to ROG 20 without temporal limitation.[1] Dkt. 322-3. NVIDIA then miscast this request as a demand "to remove the discovery cutoff for ***<u>all discovery</u>***[.]" Dkt. 325 (emphasis in original). The Order adopted NVIDIA's framing, "GRANT[ING] Defendant's request to confirm that the relevant time period for discovery ends July 1, 2024." Order at 2. NVIDIA has now taken the position that it need not disclose information post-dating July 1, 2024 in response to *any* of Plaintiffs' discovery—including interrogatories, non-custodial document requests, or deposition questions.

## <u>STANDARD OF REVIEW</u>

When a party objects to a magistrate judge's non-dispositive order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed de novo. *Celgard, LLC v. Shenzhen Senior Tech.*, 2023 WL 4035612, at *2 (N.D. Cal. May 8, 2023). The Order was contrary to law because it did not assess whether Plaintiffs' request—that NVIDIA respond to ROG 20—was relevant and proportional to the needs of the case.

[1] ROG 20 is a threshold issue; depending on NVIDIA's full response, Plaintiffs may request that NVIDIA provide additional post-July 1, 2024 discovery responses.

## ARGUMENT

"The relevant time period for discovery must be determined on a case-by-case basis. There is no rule that discovery be constrained to a particular time period beyond the general standard under Rule 26(b)(1) requiring that discovery be relevant and proportionate." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2024 WL 3488659, at *4 (N.D. Cal. June 20, 2024) (quotations omitted). The Order erroneously prevents any discovery into relevant post-July 1, 2024 conduct without assessing relevance or proportionality, rewards NVIDIA for its "run out the clock" strategy, and punishes Plaintiffs for diligently pursuing discovery by kicking off ESI production with a provisional agreement on timeframe.

### A. The Order is Erroneous Because it Prematurely Forecloses Discovery Into Critically Relevant Conduct

Imposing a final "relevant time period" for *all* discovery is clear error because it overlooks the critical relevance of post-July 1, 2024 conduct in two ways. **First,** downloading of copyrighted works—and continued use of previously downloaded data—is *the* central factual issue relevant to Plaintiffs' direct infringement claims. The FAC alleges NVIDIA violated the Copyright Act by downloading Plaintiffs' copyrighted works from shadow libraries and continuing to store and make copies of those works. FAC ¶¶ 76–82. Each post-July 1, 2024 download is an independent act of infringement. *See BMG Music v. Gonzalez,* 430 F.3d 888, 890–91 (7th Cir. 2005) ("[A]ll 1,000+ of [defendant's] downloads violated the statute. All created copies of an entire work.").

Courts "allow discovery to extend to events *before and after* the period of actual liability so as to provide context" for the at-issue conduct. *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) (quotation omitted, emphasis added). The Order's "relevant time period" determination cannot relate to NVIDIA's period of actual liability—which extends from March 8, 2021 through the present, FAC ¶ 91—because NVIDIA has not investigated any conduct after July 1, 2024. 6/26/2026 Tr. at 12:1–2. NVIDIA mischaracterized a provisional custodial ESI agreement as a blanket discovery cutoff to avoid any investigation.

**Second,** the Order's discovery cutoff forecloses critical inquiry into how NVIDIA *used* the copyrighted works that it downloaded—a question central to NVIDIA's fair use defense. The

question of fair use requires "an analysis of the specific 'use' of a copyrighted work" because "the same copying may be fair when used for one purpose but not another." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 533 (2023). NVIDIA will argue that its unlawful downloading is inoculated by its later use of Plaintiffs' works to train LLMs, which NVIDIA contends is a fair use—and it will now invoke the Order to block every deposition question, every narrowly tailored interrogatory, and every other form of discovery into NVIDIA's post-July 1, 2024 use of Plaintiffs' works, regardless of relevance or proportionality.

Recent developments underscore the problem. Four days after the June 15 hearing, NVIDIA produced documents showing it downloaded hundreds of terabytes of data—likely corresponding to tens or hundreds of millions of books—from Anna's Archive on June 11, 2024, just three days before NVIDIA released its latest LLM, Nemotron-340B. NVIDIA will now refuse to provide *any* discovery into what it did with those books after July 1, 2024. NVIDIA's late-breaking confirmation of its extensive piracy warrants discovery into the time period following this conduct. *See Anderson v. Stability AI Ltd.*, 2026 WL 1257935, at *4 (N.D. Cal. May 7, 2026) ("requests [to extend the discovery time period] may be reasonable after the requesting party has learned from information that is gathered earlier in the discovery process").

NVIDIA will continue to try and use the Order as sword and a shield. It will weaponize the Order to argue that Plaintiffs cannot show the myriad uses to which NVIDIA put Plaintiffs' works. At the same time, NVIDIA will invoke the Order to fend off any discovery into its conduct post-dating July 1, 2024. NVIDIA should not be permitted to foreclose discovery into its post-July 1, 2024 conduct while simultaneously relying on that very lack of discovery to support its fair use defense. Such gamesmanship violates the discovery rules.

### B. The Order is Erroneous Because it Imposes a Blanket "Relevant Time Period" on All Discovery Without Regard to Proportionality

The Order assesses the wrong burden. Plaintiffs asked for a complete response to ROG 20 without temporal limitation. Dkt. 322-3. Yet NVIDIA represented that Plaintiffs had asked "to get rid of the discovery cutoff for everything, have ESI custodians run all the way through today[.]" 6/14/2026 Tr. at 11:10–12. The Order adopted that mischaracterization by stating that Plaintiffs

sought to extend "the relevant time period . . . to an unspecified date so that Defendant would be required to produce documents past July 1, 2024[.]" Order at 1. That rationale addresses the burden of re-collecting all ESI, running new search terms, and reviewing additional documents—a burden that was not at issue. Plaintiffs' limited request is that NVIDIA provide a complete answer to ROG 20 by asking its own employees questions—questions that NVIDIA should have already asked. That is a negligible burden, and is fully proportional to the critical relevance of a response identifying the complete scope of NVIDIA's infringement. A complete response will allow the parties to coordinate additional discovery well in advance of the February 12, 2027 cutoff.

### C. The Order Erroneously Rewards NVIDIA's Dilatory Discovery Conduct

The Order rewards NVIDIA's gamesmanship. NVIDIA refused to respond to ROG 20 for four months after Plaintiffs served it in January 2026—in part because NVIDIA unilaterally stayed discovery and refused to provide any discovery into allegations in the FAC pending the Court's ruling on its motion to dismiss the FAC. *See* Dkt. 247 at 2 (rejecting "self-help"). This forced Plaintiffs to negotiate discovery parameters in the dark. Had NVIDIA timely responded, Plaintiffs would have known whether NVIDIA continued downloading pirated books after July 1, 2024 *before* agreeing to time limits on custodial ESI collection. Instead, the Order rewards NVIDIA with a blanket discovery cutoff after it withheld critical discovery that it should have provided months ago and failed even to investigate the timespan of its infringement. It does so based on NVIDIA's mischaracterization of a provisional ESI agreement that Plaintiffs negotiated to keep discovery moving, despite NVIDIA's months of delay. And the Order effectively amends the scope of Plaintiffs' claims by precluding discovery into conduct that is squarely within the FAC's ambit.

As NVIDIA continues to disclose facts about its conduct, Plaintiffs may have well-justified bases to seek narrowly tailored and proportional discovery into post-July 1, 2024 conduct. The Order eliminates that possibility, allowing NVIDIA to (1) benefit from delaying its response to ROG 20 for *months*; (2) benefit from willful blindness regarding its infringement; and (3) foreclose Plaintiffs' ability to serve targeted discovery based on NVIDIA's belated responses. The Court should vacate the Order and require NVIDIA to fully respond to ROG 20.

Dated: July 6, 2026

By: /s/ *Elisha B. Barron*

Joseph R. Saveri (CBS No. 130064)
Diane S. Rice (CSB No. 118303)
Christopher K.L. Young (CSB No. 318371)
Evan Creutz (CSB No. 349728)
Elissa A. Buchanan (CSB No. 249996)
William W. Castillo Guardado (CSB No. 294159)
Drew Moss Morgan (CSB No. 366901)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
drice@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
dmorgan@saverilawfirm.com

Avery M. Wolff (admitted pro hac vice)
**SAVERI LAW FIRM, LLP**
780 Third Avenue, Suite 1200
New York, NY 10017
Telephone: (212) 970-0300
awolff@saverilawfirm.com

Bryan L. Clobes (admitted pro hac vice)
Mohammed Rathur (admitted pro hac vice)
Nabihah Maqbool (admitted pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com
nmaqbool@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100

Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Gervais (SBN 330731)
Eliza Finley (SBN 301318)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
mgervais@susmangodfrey.com
efinley@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted pro hac vice)
Trevor D. Nystrom (admitted pro hac vice)
Dylan Salzman (admitted pro hac vice)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com
dsalzman@susmangodfrey.com

Rachel J. Geman (pro hac vice)
Danna Z. Elmasry (pro hac vice)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111 Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (pro hac vice)
Kenneth S. Byrd (pro hac vice)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com
kbyrd@lchb.com

David A. Straite (admitted pro hac vice)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted pro hac vice)
Nada Djordjevic (admitted pro hac vice)
James A. Ulwick (admitted pro hac vice)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DiCELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940

mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*