QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant NVIDIA Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ABDI NAZEMIAN *et al.*,

Plaintiffs,

v.

NVIDIA CORPORATION,

Defendant.

Master File Case No. 4:24-cv-01454-JST (SK)

**DEFENDANT NVIDIA CORPORATION'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant NVIDIA Corporation moves under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the non-dispositive pretrial Order (ECF No. 425) of the Magistrate Judge ordering NVIDIA to "provide a response to Plaintiffs' interrogatory [No. 18] to state whether it is relying upon a defense of advice of counsel, by October 19, 2026," and allowing NVIDIA to supplement this response only if "the District Court[] grants the pending motion to file a Second Amended Complaint," or to seek leave to amend this response only if "there is another substantial change in this case" (the "Order").

Respectfully, the Order is contrary to law and, to the extent based on any factual findings, clearly erroneous. Case law does not require a defendant to elect whether to waive the attorney-client privilege at this premature stage. Rather, for the reasons set forth in this motion, NVIDIA asks that the Court overrule the Order and instead issue an order permitting NVIDIA to elect to assert an advice of counsel defense up until six weeks before the close of fact discovery.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the hearing transcript excerpt and interrogatory response attached for the Court's convenience as exhibits to the Declaration of Valerie Roddy ("Ex."), the accompanying proposed order, the records and docket in this matter, and any oral argument the Court may conduct and consider.

Dated: October 8, 2026

*/s/ Valerie Roddy*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Facsimile: (312) 705-4001

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant*
*NVIDIA Corporation*

## PRELIMINARY STATEMENT

There is no dispute that copyright infringement defendants must, at some point, declare any intent to rely on advice of counsel and, if they do, disclose privileged information within the scope of the implied privilege waiver that accompanies that defense. But the case law does not support requiring defendants to make such a weighty election prematurely.

Magistrate Judge Kim's order requires NVIDIA to make this consequential choice— waive the attorney-client privilege or forgo an advice of counsel defense by October 19, 2026, four months before the February 12, 2027 close of fact discovery and a month before the November 19, 2026 hearing date for Plaintiffs' pending motion to amend. Case law does not support compelling defendants to make this choice so early. To the contrary, courts permit defendants to defer this decision until at or near the close of fact discovery, or even later. NVIDIA's request to defer any forced election until six weeks before the discovery cutoff falls well within these endorsed timeframes. NVIDIA respectfully asks the Court to set aside the Order and permit it to defer its election regarding advice of counsel until that time.

## RELEVANT BACKGROUND

On November 25, 2025, Plaintiffs served Interrogatory No. 18 on NVIDIA, which requests: "If You or any of Your employees and/or agents intend to assert the advice of counsel defense, state any and all facts upon which Your or any of your employees and/or agents intend to rely on for that contention." On December 29, 2025, NVIDIA served a timely response and objections, stating in relevant part: "While NVIDIA does not presently intend to assert the advice of counsel defense, this Request is premature as NVIDIA's investigation into the facts of this case is ongoing." In response to periodic inquiries from Plaintiffs, NVIDIA confirmed that its position remained the same, but that it would supplement its response should it decide to affirmatively assert an advice of counsel defense.

At the September 21, 2026 discovery conference, Magistrate Judge Kim heard argument from Plaintiffs based on only a few lines of briefing (ECF No. 415-3 at 2) and then announced that she would require NVIDIA to supplement its response to Interrogatory No. 18 within a month, by providing its decision on whether to pursue an advice of counsel defense. NVIDIA asked to be heard

and urged the Court to defer any election until six weeks before the close of fact discovery, noting, for example, the unresolved scope of the case given Plaintiffs' pending motion to amend the complaint. Magistrate Judge Kim agreed that NVIDIA could further supplement if the Court granted the motion to amend and seek leave to supplement if another substantial change in the case occurred, though she stated "I can't think of what other significant changes there could be that would actually make you change your mind." Ex. 1 at 15:1-2. The September 24 Order memorializes this ruling. ECF No. 425 at 2.

**ARGUMENT**

The decision to waive the attorney-client privilege is of "great importance not only to the parties but to the fundamental values sought to be preserved by the attorney client privilege," and it therefore requires "careful consideration" before defendants are "forced to choose" between waiving that privilege and risking a willfulness finding. *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991); *Sage Prods., Inc. v. Devon Indus., Inc.*, 1994 WL 791601, at *2 (C.D. Cal. Jan 25, 1994) (bifurcation encouraged where defendant "will be forced to either waive the attorney-client privilege early in the litigation, or retain the privilege and expose itself to a charge of willfulness" citing *Quantum Corp.*)); *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) (describing attorney-client privilege as "perhaps [the] most sacred of all legally recognized privileges" and its preservation as essential to "[the] just and orderly operation of our legal system"); *Sempra Energy v. Marsh USA*, Inc., 2008 WL 11338481, at *2 (C.D. Cal. July 25, 2008) ("the attorney-client privilege is a privilege worthy of maximum legal protection"). Precisely because this choice entails "such a critical waiver, it is not uncommon in willful infringement cases for a court to stay discovery of attorney opinions relevant to the willfulness defense." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1351 (S.D. Fla. 2008) (collecting cases delaying the decision and attendant discovery until other discovery, summary judgment, or a jury verdict on infringement, but before a jury verdict on willfulness) (citation omitted); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001 WL 501354, at *3 (C.D. Cal. May 4, 2001) (deferring discovery on advice of counsel because defendant "should not be placed in the position of either having to waive the attorney-client privilege . . . , thus providing [plaintiff] with valuable information it would not otherwise be entitled

to, or in waiving a defense to willfulness”).

NVIDIA is entitled to make a “careful, considered decision whether to invoke or waive the attorney client privilege.” *Flex Prods. v. BASF Corp.*, 1998 WL 425475, at *2 (E.D. Mich. May 13, 1998) (requiring decision and production two weeks before close of discovery). NVIDIA is also entitled to take “discovery on other aspects of the case before it is compelled to decide whether to assert an advice-of-counsel defense.” *WhitServe LLC v. Computer Patent Annuities N. Am., LLC*, 2006 WL 6654877, at *5 (D. Conn. Aug. 11, 2006) (requiring decision and production after summary judgment).

For these reasons, courts allow defendants to decide whether to waive the attorney-client privilege near or after the close of general fact discovery. *See, e.g.*, *In re: Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 3:20-md-02966-RS (N.D. Cal. July 7, 2023, ECF No. 527) (Seeborg, J.) at 3 (deferring ruling on interrogatories related to subjective beliefs concerning company processes until after fact discovery); *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571-72 (C.D. Cal. 2005) (no evidence preclusion where defendant disclosed reliance on advice of counsel more than a month before the fact discovery cut off); *United States v. Nubla*, 2022 WL 16856107, at *4 (N.D. Cal. Nov. 10, 2022) (Seeborg, J.) (ordering defendant to notify government whether he intended to rely on an advice-of-counsel defense “at least two weeks in advance of trial”) (citing *United States v. Dallmann*, 433 F. Supp. 3d 804, 808-09 (E.D. Va. 2020) (denying government’s motion “to the extent it seeks to compel defendants to declare their intent [to assert an advice-of-counsel defense] now, long before trial,” and ordering “any defendant who intends to assert an advice-of-counsel defense [to] provide notice and discovery, but not until ten days prior to trial”)).

None of the authorities Plaintiffs cited to Magistrate Judge Kim support requiring a defendant to assert the advice of counsel defense at this early stage. In fact, both cases Plaintiffs cited concluded only that a defendant should decide before the close of discovery (consistent with NVIDIA’s proposal). *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 530 (N.D. Cal. 1988) (“If the holder intends to consent to waiver of the attorney-client privilege at trial, such intention must be disclosed during the discovery stage and any information as to which the privilege will be waived must be made available to the opposing party through discovery so as not to afford the one party an

unfair advantage at trial."); *Okla. Firefighters Pension & Ret. Sys. v. Musk*, 807 F. Supp. 3d 255, 259 (S.D.N.Y. 2025) ("The proper time to determine whether fairness requires disclosure of privileged material is before the discovery period concludes."). In *Musk*, the court compelled election because defendants did "not dispute their obligation to make an election at th[at] stage" and already "ha[d] all the information they need[ed] to make an informed decision." *Id.* Here, by contrast, NVIDIA will have to elect whether to assert before the pleadings are settled and before the parties develop a sufficient factual record.

The Order itself recognizes that the pending amendment could materially affect NVIDIA's advice-of-counsel decision, expressly permitting supplementation if the amendment is granted. But that accommodation cannot cure the harm. If NVIDIA forgoes the defense to avoid a premature waiver, it forfeits the ability to assert the defense if the amendment is denied. And if NVIDIA makes that election on October 19, Plaintiffs may obtain communications that become relevant only to claims added a month later—even though NVIDIA might never have waived privilege had those claims been part of the case at the time of election. The Court can avoid this irreversible consequence simply by allowing the pleadings to settle before requiring the election.

Even as to the existing pleadings, election is premature. Plaintiffs first put NVIDIA's state of mind at issue by asserting willfulness on January 16, 2026, ECF No. 235 (FAC), but did not elaborate on the basis for their willfulness claim until their interrogatory responses in July 2026. And even those responses simply asserted, without evidence, that NVIDIA "infringed on the exclusive rights of Plaintiff and members of the proposed class knowing that it was profiting from mass copyright infringement." ECF No. 416-1 at 8. Plaintiffs' suggestion that NVIDIA has had two-plus years to decide whether to elect, Ex. 1 at 11:7-11, is therefore unfounded. Nor does NVIDIA have the information necessary to make an informed election. In addition to Plaintiffs' willfulness claim, the advice-of-counsel defense may also be relevant to their damages demand. Yet Plaintiffs have not identified whether they will be pursuing statutory damages or an alternate theory, disclosed their damages demand, or provided sufficient detail to allow NVIDIA to assess whether to waive the privilege. Ex. 2. Only two depositions, totaling five hours, of NVIDIA's employees have occurred. Moreover, third-party discovery has just begun, with no depositions scheduled before

October 19. Forcing an election now is unnecessary and prejudicial.

Finally, Plaintiffs' claimed prejudice from deferred election is not well-taken. The fact that limited discovery might be needed after an election is true in every case, and courts nonetheless consistently defer forcing an irrevocable advice of counsel election until near the close of fact discovery. Whatever inconvenience Plaintiffs may face does not outweigh the prejudice of forcing a party to choose between waiving privilege and limiting its defense to Plaintiffs' novel claims. *See, e.g.*, *Brown*, 630 F. Supp. 2d at 1352 (concluding the plaintiffs' "prejudice by delaying discovery of the advice of counsel defense, including the need to re-depose some witnesses" was outweighed by the prejudice to the defendant).

NVIDIA respectfully requests that the Court extend the date until six weeks prior to the close of fact discovery.

Dated: October 8, 2026

*/s/ Valerie Roddy*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Rachael L. McCracken (SBN 252660)
rachaelmccracken@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (SBN 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Facsimile: (650) 801-5100

Brian Biddinger (SBN 224604)
brianbiddinger@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant*
*NVIDIA Corporation*