[Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Abdi Nazemian, et al.,<br>Plaintiffs,<br>v.<br>NVIDIA Corporation,<br>Defendant. | Master File Case No. 4:24-cv-01454-JST (SK)<br>Consolidated with Case No. 4:24-cv-02655-JST (SK)<br><br>**PLAINTIFFS' MOTION FOR THE COURT TO ISSUE A LETTER OF REQUEST (LETTER ROGATORY) UNDER THE HAGUE CONVENTION**<br><br>DATE: November 16, 2026<br>TIME: 9:30 a.m.<br>PLACE: Videoconference only |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 16, 2026, at 9:30 a.m., or as soon thereafter as the Parties may be heard, Plaintiffs will and hereby do move the Court to approve and sign a Letter Rogatory to Turkey and its Directorate General for Foreign Relations and EU Affairs Ministry of Justice seeking documents related to NVIDIA's use of put.io, a service maintained by the Turkish

corporation PUTIO Internet Hizmetleri Anonim Sirketi, as set forth in Exhibit B to this Motion. Defendant NVIDIA Corporation opposes Plaintiffs' motion.

Plaintiffs' Motion is based on this Notice of Motion and Motion, an accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument of counsel.

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 28(b) and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, Plaintiffs respectfully request that this Court issue the Letter Rogatory attached hereto as Exhibit B ("Letter Rogatory"). The Letter Rogatory solicits assistance from the Turkish authorities to obtain documents from PUTIO Internet Hizmetleri Anonim Sirketi ("put.io") which may be material to Plaintiffs' claims. Under the Hague Evidence Convention, a signatory may request that the competent authority of another signatory assist in obtaining evidence from its residents for use in judicial proceedings. The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 1, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Evidence Convention"); see 28 U.S.C § 1781(b)(2); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The United States and Turkey are signatories to the Hague Evidence Convention. *See* Ex. A (Hague Conference on Private International Law, Conventions: Signatures, Ratifications, Approvals and Accessions, Status on 13 October 2026) at 1-2.

"Federal courts have the inherent power to issue letters rogatory and have discretion in deciding when to do so." *Anderson v. Stability AI Ltd.*, 2026 WL 1244041, at *2 (N.D. Cal. May 6, 2026) (citing *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958)). In exercising that discretion, courts consider the letter rogatory "in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Asis Internet Servs. v. Optin Glob., Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). "Motions requesting issuance of a letter of request or letter rogatory should generally be granted," and "the opposing party must show good reason for a court to deny an application for a letter rogatory." *People Ctr., Inc. v. Deel, Inc.*, 2026 WL 2606976, at *3 (N.D. Cal. Sept. 2, 2026) (quoting *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021)).

Here, a production of documents from put.io is necessary. Discovery in this case has indicated that Defendant NVIDIA Corporation used put.io's services to [redacted]. *See, e.g.*, Ex. C at 2 ([redacted]

[redacted] That activity is confirmed by NVIDIA's interrogatory responses. *See* Ex. D at 17 (10/9/2026 NVIDIA Supplemental Response to Interrogatory 20, stating [redacted]. NVIDIA recently produced documents showing the names of its put.io accounts, allowing for a targeted request for documents specifically related to those accounts. *See, e.g.*, Ex. E at 2 (screenshot of NVIDIA's put.io account bearing account name [redacted].

Put.io has information relevant to Plaintiffs' claims, including [redacted] *See* Ex. C at 2 (NVIDIA engineer noting [redacted]). Put.io's public documentation indicates that it maintains this information, unless NVIDIA affirmatively opted to delete it. *See* put.io, *Privacy Policy*, https://put.io/privacy-policy (last accessed 10/16/2026) (explaining that "While your put.io account exists, even if you're not on a paid plan, we keep page-visit and sign-up records linked to it, along with other analytics, diagnostic and technical records, unless they're deleted sooner"). Plaintiffs cannot access the requested information from any source other than put.io. NVIDIA has produced some documents from its put.io accounts (although not a complete set for each account), and put.io maintains additional records that may not be available to NVIDIA, *id.*, requiring Plaintiffs to seek additional information from put.io directly.

NVIDIA has stated that it opposes Plaintiffs' motion, and its opposition is based on Plaintiffs' inclusion of NVIDIA-designated confidential material in Plaintiffs' motion and the attached Letter Rogatory. As explained in Plaintiffs' concurrently-filed Administrative Motion to Seal, Plaintiffs do not intend to oppose NVIDIA's request to maintain the information included in this Motion (or Exhibits C–E) under seal. But Plaintiffs *do* intend to oppose NVIDIA's request to keep NVIDIA's account names—which are listed in the proposed Letter Rogatory—under seal (although Plaintiffs do not request to file the unredacted letter on the public docket). This is for a practical reason: without identifying the accounts at-issue, the Turkish government will be unable to execute the Letter

Rogatory. *See* Korkmaz Decl. ¶ 5 ("It is my opinion that any letter rogatory that does not specifically identify the accounts to be searched would not be considered enforceable by a Turkish court."). And the put.io account names at issue have already been disclosed to put.io itself under express terms that contemplate disclosure to the Turkish authorities, minimizing any privacy interest in the account names. *See* Salzman Dec. ISO Admin. Mot. to Seal ¶ 7 (put.io stating in September of 2023 that by "using the Site you are expressly and affirmatively consenting to our use and disclosure of the information that you provide[.]"). Even today, put.io tells users that it distributes their information to "legal advisers, when we need them to handle legal claims," and to "authorities when Turkish law requires it," showing that users sign up for put.io with express knowledge that their information may be shared with the Turkish government. Put.io, *Privacy Policy*, https://put.io/privacy-policy (last accessed 11/3/2026).

Accordingly, Plaintiffs request that the Court grant this motion and issue the Letter Rogatory attached as Exhibit B. Plaintiffs further request that, after the Court has signed the Letter Rogatory, the Clerk of this Court authenticate the Court's signature under the seal of this Court and return the original signed and sealed executed Letter Rogatory, together with two certified copies of each of the signed and sealed executed Letters, to Plaintiffs' counsel for delivery to the proper authority in Turkey.

Dated: November 11, 2026

By: /s/ Dylan B. Salzman
Dylan B. Salzman

Joseph R. Saveri (SBN 130064)
Diane S. Rice (CSB No. 118303)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
drice@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com

Avery M. Wolff
**SAVERI LAW FIRM, LLP**
780 Third Avenue, Suite 1200
New York, NY 10017
Telephone: (212) 970-0300
Facsimile: (212) 970-0301
Email: awolff@saverilawfirm.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)
Nabihah Maqbool (admitted *pro hac vice)*
**CAFFERTY CLOBES MERIWETHER & SPREN**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com
nmaqbool@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Dylan B. Salzman (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
dsalzman@susmangodfrey.com

Rachel J. Geman (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LL**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LL**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LL**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000

bsugar@lchb.com

David A. Straite (admitted *pro hac vice*)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara (SBN 229737)
**DICELLO LEVITT LLP**
4747 Executive Drive
San Diego, California 92121
Telephone: (619) 923-3939
Facsimile: (619) 923-4233
briano@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

**ATTESTATION OF CONCURRENCE IN FILING PURSUANT TO CIVIL L.R. 5-1(i)(3)**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Dylan B. Salzman. By his signature, Dylan B. Salzman attests that he has obtained concurrence in the filing of this document from each of the attorneys identified in the above signature block.

Dated: November 11, 2026

By: */s/ Dylan B. Salzman*
Dylan B. Salzman