United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDI NAZEMIAN, et al.,
Plaintiffs,
v.
NVIDIA CORPORATION,
Defendant.

Case No. 24-cv-01454-JST

**ORDER ON MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO AMEND AND MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

Re: ECF Nos. 368, 441, 461

Before the Court is Plaintiff's motion to modify the scheduling order and for leave to file a second amended complaint ("SAC"), ECF No. 368; Plaintiffs' motion for relief from nondispositive order of magistrate judge, ECF No. 461; and Defendant NVIDIA Corporation's motion for relief from nondispositive order of magistrate judge, ECF No. 441. The Court will grant Plaintiffs' motion to modify the scheduling order and for leave to amend and deny both motions for relief from nondispositive order of magistrate judge.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual background of the case and provides a limited procedural history as relevant to this order.

### A. Motion for Leave to Amend

Plaintiffs filed this proposed class action against NVIDIA on March 9, 2024. ECF No. 1. The Court entered a scheduling order on September 11, 2024. ECF No. 71. The Court amended the scheduling order in June and October of 2025. ECF Nos. 159, 188. As of October 2025, the deadline to amend the complaint was April 25, 2025, and the fact discovery deadline was March 6, 2026. ECF Nos. 159, 188.

On January 1, 2026, the Court granted Plaintiffs' motion to modify the scheduling order and for leave to file the first amended complaint ("FAC"). ECF No. 232. Subsequently, NVIDIA avoided its discovery obligations, filed a motion to stay discovery and a motion to dismiss the FAC, and sought a "protective order barring written discovery on claims and allegations subject to NVIDIA's pending motion to dismiss" while NVIDIA's motion to stay discovery remained pending. ECF Nos. 240–41, 245. In February 2026, the Court ordered NVIDIA to engage in written discovery and denied NVIDIA's motion for a stay of discovery. ECF Nos. 247, 257. On March 23, 2026, the Court entered a revised scheduling order extending the fact discovery deadline to February 12, 2027. ECF No. 279. On May 5, 2026, the Court granted NVIDIA's motion to dismiss as to Plaintiffs' vicarious infringement claim and denied the motion as to Plaintiffs' other claims. ECF No. 303. The parties have since proceeded with discovery.

On July 1, 2026, Plaintiffs sent a letter to NVIDIA indicating that Plaintiffs intended to pursue distribution-based theories of direct and contributory copyright infringement based on facts newly discovered from recently produced documents. ECF No. 368-13. NVIDIA responded that Plaintiff should seek leave to amend in order to pursue such theories. ECF No. 368-14. Plaintiffs sent NVIDIA a draft of their proposed SAC on July 23, 2026. *Id.* The parties disagreed regarding whether the proposed SAC would expand the scope of discovery. *Id.* On July 30, NVIDIA stated that it would oppose Plaintiffs' motion for leave to amend. *Id.* Plaintiffs filed a motion for leave to amend the next day. ECF No. 368.

**B. Plaintiffs' Motion for Relief from Nondispositive Order of Magistrate Judge**

In the parties' September 14, 2026 joint status report, ECF No. 461, Plaintiffs submitted eight issues for the Court's resolution, two of which are relevant to Plaintiffs' motion for relief from nondispositive order of magistrate judge.

First, Plaintiffs requested that NVIDIA be ordered to serve verifications of interrogatory responses. During the September 21, 2026 hearing before Judge Kim, NVIDIA proposed that it would verify "all interrogatory responses no later than three weeks before the close of fact discovery." ECF No. 461-5 at 5. Judge Kim ordered NVIDIA to "(1) provide verifications for its responses to Plaintiffs' interrogatories no later than [six] weeks before the close of fact discovery;



United States District Court
Northern District of California

(2) to the extent that Plaintiffs have not noticed a particular verifier of an interrogatory response for deposition by three weeks before the close of fact discovery, NVIDIA would confer with Plaintiffs on a date for deposition before the close of fact discovery; and (3) identify the individual verifiers that Plaintiffs have requested for deposition and inform Plaintiffs a week in advance which interrogatory responses that individual will be verifying." ECF No. 425 at 1.

Second, Plaintiff requested that NVIDIA be ordered to produce three documents referenced in other documents. NVIDIA screen-shared one of the requested documents and stated that there was insufficient information to locate the document. Judge Kim stated that "if there is some hyperlink or text or title or something like that, then they have to produce it, which they have agreed to do. That – that one I think is too vague." ECF No. 461-5 at 13. Judge Kim's written order denied Plaintiffs' request with respect to all three documents. ECF No. 425 at 1.

Plaintiffs timely filed a motion for relief from Judge Kim's order with respect to verification of interrogatories and two of the three requested documents. ECF No. 461.

**C. Defendant's Motion for Relief from Nondispositive Order of Magistrate Judge**

On November 25, 2025, Plaintiffs served Interrogatory No. 18 on NVIDIA, requesting as follows: "If You or any of Your employees and/or agents intend to assert the advice of counsel defense, state any and all facts upon which Your [sic] or any of your employees and/or agents intend to rely on for that contention." ECF No. 441 at 4. NVIDIA served its response and objections to Plaintiffs' Interrogatory No. 18 on December 29, 2025, stating in relevant part that Plaintiffs' request was "premature as NVIDIA's investigation into the facts of this case is ongoing." *Id.*

On September 21, 2026, Judge Kim ordered NVIDIA to supplement its response to Interrogatory No. 18 by October 19, 2026, four months before the close of fact discovery on February 12, 2027. ECF No. 423. NVIDIA requested that the Court permit NVIDIA to defer any election regarding the advice of counsel defense until six weeks before the close of fact discovery, particularly considering Plaintiffs' pending motion for leave to amend the complaint. ECF No. 441-2 at 9. Judge Kim ordered that NVIDIA could supplement its disclosure if the Court granted Plaintiffs leave to amend and could seek leave to supplement if another substantial change in the



United States District Court
Northern District of California

case occurred. *Id.* at 9-10. Judge Kim issued a written order on September 24, 2026, memorializing this ruling. ECF No. 425 at 2.

NVIDIA timely filed a motion for relief from Judge Kim's order. ECF No. 441. The parties agreed to extend NVIDIA's election deadline to November 2, 2026. ECF No. 462 at 4. On October 26, 2026, NVIDIA requested that the Court stay NVIDIA's election deadline pending the Court's order on NVIDIA's motion for relief. *Id.* Judge Kim granted NVIDIA's request for a stay on October 27, 2026. ECF No. 463.

## II. LEGAL STANDARD

### A. Motion for Leave to Amend

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

If there is good cause to amend the scheduling order, the party seeking leave to amend must then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Id.* at 608. Rule 15 instructs that "leave shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation modified). In considering whether to grant leave to amend under Rule 15, courts consider the following five *Forman* factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See id.* at 1052 (citing *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962)). Although "it is the consideration of prejudice to the opposing party that carries the greatest weight," a strong showing with respect to other factors may warrant denial of leave to amend. *Id.*

**B. Motion for Relief from Nondispositive Order of Magistrate Judge**

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). While the "'clearly erroneous' standard applies to the magistrate judge's findings of fact," the magistrate's "legal conclusions are [reviewed] de novo." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

**III. DISCUSSION**

**A. Motion for Leave to Amend**

**1. Good Cause Under Rule 16**

"Allowing parties to amend based on information obtained through discovery is common and well established." *Impossible Foods Inc. v. Impossible LLC*, No. 21-CV-02419, 2025 WL 712817, at *3 (N.D. Cal. Mar. 4, 2025) (citation modified). The question is whether Plaintiffs' proposed amendment is based on "[n]ewly discovered facts" and whether Plaintiffs were diligent in seeking leave to amend after discovering those facts. *Id.*; *see Ross v. AT&T Mobility, LLC*, No. 19-CV-06669, 2020 WL 9848733 at *3-4 (N.D. Cal. Dec. 18, 2020).

Plaintiffs request leave to amend the complaint to allege distribution-based infringement theories based on the following categories of recently produced documents: (1) documents concerning torrenting produced between May 9 and June 19, 2026; (2) documents concerning a project with Adobe produced between April 28 and July 11, 2026; and (3) a document concerning collaboration with business partners Cohere and Imbue produced on June 26, 2026. ECF Nos. 368, 368-1. The Court addresses each category in turn.

**a. BitTorrent Uploads**



United States District Court
Northern District of California

Plaintiffs propose amending the complaint to allege that NVIDIA uploaded and distributed Plaintiffs' works by using software called aria2c and a service called put.io. ECF No. 368-20 at 16, 19–20. Although Plaintiffs served requests for production regarding torrenting in 2025, ECF No. 388 at 12, Plaintiffs did not learn that NVIDIA downloaded data using aria2c and put.io until May 20, 2026, when NVIDIA identified those methods in a supplemental response to an interrogatory. ECF No. 388 at 7. The parties agree that whether aria2c and put.io involve uploading data depends on the settings used. ECF No. 388 at 7; ECF No. 395 at 12. As such, it was not until NVIDIA produced technical code used for torrenting on June 19, 2026, that Plaintiffs were "able to determine that NVIDIA did not disable uploading." ECF No. 368 at 12–13; ECF No. 368-1 ¶ 4; ECF 368-3. Thus, Plaintiffs' proposed amendment arises from newly discovered information regarding NVIDIA's torrenting settings obtained in June 2026.

NVIDIA argues that Plaintiffs should have amended their complaint when Plaintiffs served requests for production regarding torrenting in 2025. ECF No. 388 at 12. However, Plaintiffs were "entitled to explore [their] claims through discovery prior to amending [their] pleadings to assert them." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025). "Indeed, waiting to amend a complaint or answer until a strong evidentiary basis for the amended claims has been developed is preferable to prematurely asserting those claims on the basis of a limited record that may or may not support them." *Id.* Plaintiffs were diligent in seeking leave to amend after confirming that they may have some basis to support their claim.

The Court finds that Plaintiffs have shown good cause as to the theory that NVIDIA distributed Plaintiffs' works through aria2c and put.io.

**b. Adobe**

Plaintiffs propose amending the complaint to allege that NVIDIA distributed their works to Adobe as part of a PDF extraction project. ECF No. 368-20 at 16–17, 19–20. Plaintiffs did not learn that the project with Adobe would include Plaintiffs' works until NVIDIA produced documents between April and July of 2026 indicating that the project with Adobe would include "books" and that at least some of those books "will be from LibGen." ECF No. 368-9 at 5–6.

NVIDIA argues that Plaintiffs should have known about the project with Adobe based on

Adobe's press release announcing a partnership with NVIDIA to extract data from PDF files. ECF No. 388 at 12–13. The press release, however, makes no mention of LibGen or other sources containing Plaintiffs' works. ECF No. 388-4. The Court will not punish Plaintiffs for "imperfection in [their] extra-legal research efforts" or for not prematurely amending based on speculation as to the scope of the project with Adobe. *Airdoctor, LLC v. Lonni, Inc.*, No. 23-cv-353, 2024 WL 6843569 (C.D. Cal. July 5, 2024). Insofar as NVIDIA argues that the delay between the April 28 production and the filing of this motion shows a lack of diligence, the Court disagrees. Considering the circumstances of this case—including NVIDIA's role in delaying discovery, the additional facts Plaintiffs learned from subsequent productions, and the month-long correspondence between the parties regarding amendment—the Court finds that Plaintiffs were reasonably diligent in seeking leave to amend after discovering new information indicating that NVIDIA may have distributed their works to Adobe.

The Court finds that Plaintiffs have shown good cause as to the theory that NVIDIA distributed their works to Adobe.

**c. Other Business Partners**

Plaintiffs propose amending the complaint to allege that NVIDIA distributed Plaintiffs' works to business partners Cohere and Imbue. ECF No. 368-20 at 17, 19–20; ECF No. 368-6. NVIDIA argues that Plaintiffs "did not need the document[] they cite now to support" their allegations as to Cohere and Imbue. ECF No. 388 at 12. However, NVIDIA offers no explanation of how Plaintiffs could have learned that NVIDIA may have shared its works with business partners such as Cohere and Imbue other than through the document produced on June 26, 2026. Thus, the Court finds that Plaintiffs have shown good cause as to the theory that NVIDIA distributed Plaintiffs' works to business partners such as Cohere and Imbue.

**2. Leave to Amend Under Rule 15**

Plaintiffs having shown good cause under Rule 16, the Court proceeds to address whether granting leave to amend is proper under Rule 15, considering the five *Foman* factors. 371 U.S. at 182. For the same reasons that Plaintiffs have shown good cause to amend the scheduling order, Plaintiffs have acted in good faith and have exercised diligence in filing their motion for leave to

United States District Court
Northern District of California

amend. Moreover, Plaintiffs have not repeatedly failed to cure deficiencies. The Court proceeds to address NVIDIA's arguments regarding prejudice and futility.

**a. Prejudice**

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). "While an increase in the scope and time required for discovery are important considerations, they are not sufficient to establish substantial prejudice." *Cress v. Nexo Cap. Inc.*, No. 23-CV-00882, 2025 WL 3034067, at *7 (N.D. Cal. Oct. 30, 2025) (collecting cases).

For several reasons, the additional discovery necessitated by Plaintiffs' amendment would not cause NVIDIA substantial prejudice. First, the discovery taken to date would be relevant to the added claims, "as evidenced in part by Plaintiff bringing this motion after learning new facts during . . . discovery." *Herrera v. County of San Benito*, No. 24-CV-01133, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025). Second, NVIDIA previously agreed to discovery requests regarding whether NVIDIA distributed Plaintiffs works, which would be relevant to Plaintiffs' added claims. *See, e.g.*, ECF No. 368-18. Finally, the additional discovery would likely overlap with the discovery required for any fair use defense. *In re Mosaic LLM Litig.*, No. 24-CV-01451, 2025 WL 3514687, at *2 (N.D. Cal. Dec. 8, 2025) (explaining that "how Defendants[] used Plaintiffs' works—including, arguably, if they distributed the works for commercial purposes—will likely bear on the fair use defense").

In NVIDIA's proffered authorities, courts found substantial prejudice based on circumstances that are not present here. Discovery has not closed. *See Martinez v. Bay Area Rescue Mission*, No. 22-CV-06092, 2025 WL 1223555, at *2 (N.D. Cal. Apr. 28, 2025) (finding substantial prejudice where plaintiff had unduly delayed seeking amendment and discovery would have to be re-opened). There is no pending motion for summary judgment. *See Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming denial of leave to amend when "discovery was virtually complete and the [defendant's] motion for summary judgment was

pending before the court"). And amendment would not delay collection of any judgment. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006) (affirming denial of leave to amend when amendment would have "unfairly delayed [defendant's] collection of a judgment worth approximately $2.2 million").

Importantly, Plaintiffs' proposed amendment also would not "greatly alter[] the nature of the litigation." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In *Morongo Band of Mission Indians v. Rose*, the plaintiff sought to introduce several new federal claims after the district court dismissed the case for a lack of jurisdiction nearly two years after the complaint was filed. *See id.* at 1079. In *Spin Master Ltd v. Your Store Online*, the proposed amendment would have introduced "a whole new, tangentially related copyright claim" involving a new copyright, a new plaintiff, and new defendants. No. 09-CV-2121, 2010 WL 4883884, at *4, *6 (C.D. Cal. Nov. 22, 2010). Here, in contrast, the proposed amendment—involving the same parties, the same copyrighted works, and the same federal law—involves facts that are relevant to Plaintiffs' existing copyright claims rather than wholly "new, tangentially related" allegations.

Finally, NVIDIA argues that amendment regarding the project with Adobe would be prejudicial because Plaintiffs' counsel is pursuing a separate class action against Adobe, *Tanzer v. Adobe Inc.*, based on the same alleged conduct. ECF No. 388 at 16–17. However, the overlapping allegations in *Tanzer* were dismissed. *See Tanzer v. Adobe Inc.*, No. 26-CV-04712, 2026 WL 2446787 (N.D. Cal. Aug. 20, 2026). Plaintiffs' counsel indicated that they do not intend to file an amended complaint in *Tanzer*, and the deadline for doing so has passed. Stipulation, *Tanzer*, 26-CV-04712, ECF No. 51. Thus, NVIDIA will not suffer prejudice from potentially overlapping allegations in separate class actions.

**b. Futility of Amendment**

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). NVIDIA has not shown that amendment would be futile. Even if the recently produced documents only show that NVIDIA planned or offered to

United States District Court
Northern District of California

distribute Plaintiffs works, Plaintiffs could prove facts showing that NVIDIA did in fact distribute their works through torrenting or to Adobe, Cohere, Imbue, or other business partners.

In sum, because none of the *Foman* factors counsel against granting leave to amend, the Court finds that amendment is proper under Rule 15. The Court grants Plaintiffs' motion for leave to file a second amended complaint.

**B. Motions for Relief from Nondispositive Order of Magistrate Judge**

**1. Plaintiffs' Motion**

**a. Interrogatory Verifications**

"A district court has wide discretion in controlling discovery." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (citation modified). This discretion includes decisions regarding the timing and sequence of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998). Federal Rule of Civil Procedure 33 requires that interrogatories be verified. Fed. R. Civ. P. 33(b)(3), (5). Rule 33 further provides that the court may order a longer or shorter time for the responding party to serve its answers and objections, which includes verification of that answer. Fed. R. Civ. P. 33(b)(2). Thus, the district court has the discretion to set the timing of a party's verifications of interrogatories.

Judge Kim did not clearly err in setting the timing of NVIDIA's verifications. Ultimately, NVIDIA will be required to serve verified responses and Plaintiffs will have the opportunity to depose the verifiers. The cases relied on by Plaintiffs involve a complete failure to verify responses rather than delayed verification. *Contra Amatrone v. Champion*, No. 15-CV-01356, 2017 WL 4618671, at *3–4 (N.D. Cal. Oct. 16, 2017) (finding a complete lack of verification prejudicial); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 08-90234, 2012 WL 5839023, at *7–8 (E.D. Pa. Nov. 16, 2012) (striking unverified interrogatory responses). Delayed verification is not inherently prejudicial. *Spence v. Kaur*, No. 16-CV-1828, 2020 WL 7406294, at *9–10 (E.D. Cal. Dec. 17, 2020) (finding a lack of prejudice due to delayed verification); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. 10-CV-861, 2012 WL 12845643, at *2 (W.D. Wash. Apr. 4, 2012) (denying as moot a motion to compel verification of a prior interrogatory response and deeming a later, verified response the operative answer to an interrogatory).

Accordingly, the Court denies Plaintiffs' motion with respect to Judge Kim's order on the timing of verification.

**b. Requested Documents**

Judge Kim did not clearly err by denying Plaintiffs' request to compel production of documents referenced in other documents without a specific citation or location. Judge Kim could reasonably conclude that the brief descriptions of the requested "tracker" and "guidance" did not constitute titles and that, as a result, the documents requested by Plaintiffs could not be located through a reasonable search. ECF No. 439 at 40–41. Plaintiffs argue that Judge Kim erred because NVIDIA only showed Judge Kim one of the documents, referring to a "log file," as an example. ECF No. 471 at 5. However, Plaintiffs have not shown that the references to a "tracker" and "guidance" are any more specific than the reference to a "log file."

Plaintiffs further argue that Judge Kim erred because the referenced documents are plainly relevant. *Id.* Plaintiffs' reliance on *Teixeira v. BMW of North America, LLC* is misplaced. No. 22-CV-02338, 2023 WL 6787457 (C.D. Cal. Sept. 26, 2023). In *Teixeira*, the court ordered the production of entire categories of documents that the defendant withheld as "unnecessary" and "irrelevant." *Id.* at *5–6. Here, Judge Kim's order was not based on finding any document or category of documents irrelevant, but rather on finding that the documents could not be reasonably located given the vagueness of the references. To the extent that the referenced documents are relevant, the documents are likely responsive to search terms.

In sum, Judge Kim reasonably determined that it would be unduly burdensome for NVIDIA to search for vaguely referenced documents. Accordingly, the Court denies Plaintiffs' motion for relief from nondispositive order of magistrate judge.

**2. Defendant's Motion**

"If the holder [of the privilege] intends to consent to waiver of the attorney-client privilege at trial, such intention must be disclosed during the discovery stage and any information as to which the privilege will be waived must be made available to the opposing party through discovery so as not to afford the one party an unfair advantage at trial." *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 530 (N.D. Cal. 1988). Thus, NVIDIA must decide whether to assert the

advice of counsel defense before the close of discovery. The parties dispute how long before the close of discovery NVIDIA must decide.

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In exercising that discretion, district courts have ordered defendants to elect whether to assert the advice of counsel defense several months before the close of fact discovery. *See In re Buspirone Antitrust Litig.*, 208 F.R.D. 516, 522–24 (S.D.N.Y. 2002) (requiring election of whether to assert advice of counsel defense four-and-a-half months before the close of fact discovery); *Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07-CV-7237, 2009 WL 1097063, at *4 (N.D. Ill. Apr. 1, 2009) (requiring election four months before the close of fact discovery); *United States v. Medicor Assocs., Inc.*, No. 10-CV-00245, 2014 WL 12588331, at *6–8 (W.D. Pa. June 16, 2014), *report and recommendation adopted sub nom. United States ex rel. Emanuele v. Medicor Assocs., Inc.*, No. 10-CV-245, 2014 WL 12587074 (W.D. Pa. July 25, 2014) (similar). Requiring a defendant to decide whether to assert the advice of counsel defense several months before the close of fact discovery may be especially appropriate when the parties have conducted considerable discovery, the defendant has been on notice of its need to decide for a long period of time, the facts bearing on the decision are in the defendant's possession, and delay would prejudice plaintiffs. *See Busiprone*, 208 F.R.D. at 522–24; *Fellowes*, 2009 WL 1097063, at *4.

In this case, fact discovery has been underway for two years, and NVIDIA has been on notice of the need to make an election for over a year. Moreover, "as a matter of logic, any factual circumstances that might bear on the choice to assert the[] [advice of counsel] defense[] are completely within the knowledge of [NVIDIA] and thus are unlikely to be affected by any future discovery that [NVIDIA] intends to conduct." *Busiprone*, 208 F.R.D. at 523. Finally, if NVIDIA were permitted to assert the advice of counsel defense six weeks before the close of discovery as it requests, Plaintiffs would be prejudiced. Specifically, Plaintiffs would be required to review newly produced documents in a compressed period and seek to reopen depositions regarding topics over which NVIDIA previously claimed privilege. *Id.* at 523–24. Based on the foregoing considerations, Judge Kim did not clearly err by ordering NVIDIA to decide whether to assert the defense four months before the close of discovery.

None of the cases relied on by NVIDIA establish that Judge Kim's decision to require earlier disclosure was clearly erroneous. Two cases are entirely inapposite, either not involving an advice of counsel defense or not involving discovery in a civil case. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS, 2023 WL 5058889 (N.D. Cal. July 7, 2023) (not discussing the advice of counsel defense); *United States v. Nubla*, No. 21-CR-00139, 2022 WL 16856107 (N.D. Cal. Nov. 10, 2022) (criminal case). Two cases address materially different circumstances. In *Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, the pleadings were amended to put the advice of counsel at issue less than three weeks before the defendant asserted the defense. 233 F.R.D. 567, 571 (C.D. Cal. 2005). The proceedings in *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.* were bifurcated between liability and willfulness, thus justifying the delayed decision. No. 00-CV-549, 2001 WL 501354 (C.D. Cal. May 4, 2001).

Finally, NVIDIA argues that requiring an election regarding the advice of counsel defense before this Court decides Plaintiffs' motion for leave to amend would be unduly prejudicial. The Court has granted Plaintiffs' motion for leave to amend. NVIDIA may make its decision in light of the SAC.

In sum, Judge Kim's order that NVIDIA must decide whether to invoke the advice of counsel defense was not clearly erroneous. Accordingly, the Court denies NVIDIA's motion for relief from nondispositive order of magistrate judge.

## CONCLUSION

The Court hereby grants Plaintiffs' motion to modify the scheduling order and for leave to file a second amended complaint, ECF No. 368, and denies both motions for relief from nondispositive order of magistrate judge, ECF Nos. 441, 461. Plaintiffs shall file the second amended complaint within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 23, 2026



JON S. TIGAR
United States District Judge